Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel:    702.949.8200
Fax:    702.949.8398

*Attorneys for Secured Creditor The Swindle Family Trust dated October 20, 1999*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| In re:<br><br>DUKE PARK,<br><br>　　　　　　　　Debtor. | Case No. 25-12285-ABL<br><br>Chapter 7<br><br>**OBJECTION TO EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>Hearing Date:   September 15, 2025<br>Hearing Time:   9:30 a.m.<br><br>Judge: Hon. August B. Landis |
|---|---|

Creditor The Swindle Family Trust dated October 20, 1999 ("the Swindle Trust"), by and through their counsel, Ogonna M. Brown of the law firm of Womble Bond Dickinson (US) LLP, hereby file its Objection ("Objection") to Debtor's Emergency Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("Emergency Motion") (ECF No. 48).[1]

This Objection is made and based upon the following grounds and the following reasons: (1) the Debtor has no standing to seek injunctive relief for the eviction of his son because the Debtor does not own the Stonemark Property that is the subject of the injunction motion because the Lender foreclosed on the Stonemark Property; (2) Debtor's injunction Motion is moot because his son,

---

[1] All references to "ECF No." are to the number assigned to the documents filed in Case No. BK-25-12285-ALB as it relates to Debtors' bankruptcy case as they appear on the docket maintained by the clerk of court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "LR" are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada. All references to the "FRBP" are to the Federal Rules of Bankruptcy Procedure.

4908-2212-7708.1



Steve Park, has already been evicted and has made arrangements with the Swindle Trust to remove all of his personal property from the Stonemark Property.

This Objection is supported by the Declaration of Chris Koltes, the property manager for the Swindle Trust ("Koltes Declaration") and the Declaration of Zaydee Stemmons, one of the attorneys for the Swindle Trust, ("Stemmons Decl."), filed separately and concurrently herewith pursuant to Rule 9014(c) of the Local Rule of Bankruptcy Practice of the United States District Court for the District of Nevada. This Objection is further based upon the Memorandum of Points Authorities set forth below, and the papers and pleadings on file herein, and any argument this Court may entertain regarding the Debtor's Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

1. On July 3, 2024, the Swindle Trust executed a deed of trust with Duke Park ("Debtor") on the property located at 33 Stonemark Dr., Henderson, Nevada (the "Property"). *See* Deed of Trust, **Exhibit "1"** to Stemmons Decl.

2. Duke Park ("Debtor") defaulted on a deed of trust, and on January 2, 2025, the Swindle Trust scheduled a foreclosure sale. *See* Stemmons Decl., ¶ 5.

3. On April 22, 2025, one day before the scheduled foreclosure sale, Debtor filed for bankruptcy. *See* Stemmons Decl.

4. On May 8, 2025, this Court entered an Order Approving Stipulation for Relief from Stay re Real Property Located At 33 Stonemark Dr., Henderson, NV 89052 and 1392 Via Merano St., Henderson, NV 89052 and Waiver of the 14-Day Stay under FRBP 4001(a)(3), which noted that the "Lender may proceed to enforce its state law rights and remedies against the Properties, including, but not limited to, foreclosure of the Properties and seeking state corrupt relief to expunge the lis pendens placed on the Properties. *See* Order Approving Stipulation (ECF No. 16).

5. Pursuant to the Order Approving Stipulation and Order of Discharge, Swindle proceeded with the foreclosure of the property located at 33 Stonemark Dr., Henderson, NV 89052 (the "Property") and recorded a Trustee's Deed upon Sale on July 7, 2025. *See* Trustee's Deed upon Sale, **Exhibit "2"** to Stemmons Decl.

4908-2212-7708, v. 1

6. As the Swindle Trust is now the owner of the Property, the Swindle Trust served Steve Park and the other occupants who were squatting on the Property rent-free with a Notice to Surrender on July 14, 2025. *See* Notice to Surrender, **Exhibit "3"** to Stemmons Decl.

7. On July 24, 2025, this Court entered an Order of Discharge, which noted that "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated . . . **a creditor may have the right to foreclose a home mortgage or repossess an automobile.**" *See* Order of Discharge (ECF No. 41 (emphasis added).

8. After the Notice to Surrender expired and Steve Park did not leave the property or exercise his right to file an Affidavit of Answer with the Henderson Justice Court (thereby waiving the right to answer), the Swindle Trust filed an Affidavit of Complaint with the Henderson Justice Court requesting the removal of the unauthorized occupants. *See* Complaint filed with the Henderson Justice Court on July 30, 2025, **Exhibit "4"** to Stemmons Decl.[2]

9. The Henderson Justice Court granted the Removal Order on August 4, 2025. *See* Email re Granting of Removal Order, **Exhibit "5"** to Stemmons Decl.

10. On August 4, 2025, Attorney Zaydee Stemmons, one of the attorneys for the Swindle Trust, delivered the instructions for the lockout to the Henderson constable. *See* Stemmons Decl., ¶ 11.

11. On August 7, 2025, the constable executed the lockout at the Property, after posting the lockout notice pursuant to Nevada law. *See* Stemmons Decl., ¶ 12.

12. On August 7, 2025, Steve Park reached out to Attorney Stemmons over the phone, requesting the opportunity to reenter the property and retrieve certain items. *See* Stemmons Decl, ¶ 13.

---

[2] This Court may take judicial notice all materials appearing on the Henderson Justice Court docket. *See Mack v. Est. of Mack*, 125 Nev. 80, 206 P.3d 98 (2009); *U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar claims); *Bank of Am., N.A. v. CD-04, Inc.* (*In re Owner Mgmt. Serv., LLC Trustee Corps.*), 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015), *aff'd sub nom. OMS, LLC v. Bank of America, N.A.*, 2015 WL 1271307 (C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

- 3 -

13. Attorney Stemmons, with the Swindle Trust and lead counsel Ogonna Brown, immediately began coordinating with Steve Park for the retrieval of his items and updated Steve Park about what was going on. *See* Text Messages from Steve Park to Attorney Stemmons, **Exhibit "6"** to Stemmons Decl.

14. After Steve Park notified Attorney Stemmons that he had not received instructions about retrieving his items, Attorney Stemmons confirmed that the coordination of the pickup of the abandoned personal property was still in process. *See* Stemmons Decl, ¶ 15.

15. On August 13, 2025, Chris Koltes, a member of the Swindle Trust team, reached out to Steve. Park to coordinate the retrieval of his items. *See* Communications between Chris Koltes and S. Park, **Exhibit "1"** to Koltes Decl.

16. On August 9, 2025, Mr. Koltes let Steve Park into the Property to obtain certain personal items. *See* Koltes Decl., ¶ 6.

17. On August 11, 2025, Debtor filed a Motion to Reopen in the Henderson Justice Court removal action against Steve Park, in which case Debtor was a nonparty. *See* Motion to Reopen Case, **Exhibit "7"** to Stemmons Decl.

18. Though the Motion to Reopen was not served on the Swindle Trust, on August 18, 2025, Swindle Trust filed an Opposition to the Motion to Reopen. *See* Opposition to Motion to Reopen, **Exhibit "8"** to Stemmons Decl.

19. On August 18, 2028, the Henderson Justice Court issued an Order Denying the Motion to Reopen Case. *See* Order Denying the Motion to Reopen Case, **Exhibit "9"** to Stemmons Decl.

## II. LEGAL ARGUMENT

### A. Standard for Temporary Restraining Order

"A court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard." *In re Oner*, No. 2:14-CV-1604 JCM, 2014 WL 6882601, at *1 (D. Nev. Dec. 5, 2014); *see* Fed. R. Bankr. P. 7065 (stating that FRCP 65 applies, except section FRCP 65(c), requiring security); Fed. R. Civ. P. 65. The

- 4 -

movant must demonstrate that denial of relief will result in "some significant risk of irreparable injury." *Associated Gen. Contractors of Cal. v. Coalition of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir.1991). The four factors that must be satisfied to grant a temporary restraining order are: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).[3] This test is conjunctive, "meaning the party seeking the injunction must satisfy each element." *In re Oner,* No. 2:14-CV-1604 JCM, 2014 WL 6882601, at *2 (D. Nev. Dec. 5, 2014). The test for a preliminary injunction is substantially identical. *See In re PTI Holding Corp.,* 346 B.R. 820, 825 (Bankr. D. Nev. 2006).

**A.      Debtor is Unlikely to Succeed on the Merits.**

As provided in *In re Rinard,* "[t]he Court is not required to determine whether the Movants will succeed on the merits of their cause of action, but is only required to determine whether there is a strong likelihood of success on this cause of action." *In re Rinard*, 451 B.R. 12, 22 (Bankr. C.D. Cal. 2011).

As a preliminary matter, the Debtor has no standing to seek injunctive relief for the eviction of his son because the Debtor does not own the Stonemark Property that is the subject of the injunction motion because the Lender foreclosed on the Stonemark Property. Additionally, Debtor's injunction Motion is moot because his son, Steve Park, has already been evicted and has made arrangements with the Swindle Trust to remove all of his personal property from the Stonemark Property.

Turning to the Debtor's burden to meet the requirements for the injunction, Debtor fails to meet any of the elements necessary for an injunction. Here, Debtor argues that the stay should apply to the Stonemark Property, where his son is simply squatting as an unlawful occupant. However, the Swindle Trust was fully within its rights to proceed with foreclosure pursuant to this Court's Orders, as well as removal proceedings as it is the lawful owner of the Property.

---

[3] The Ninth Circuit also recognizes an alternative test for temporary restraining orders: "(1) Have the movants established a strong likelihood of success on the merits; (2) does the balance of irreparable harm favor the movants; (3) does the public interest favor granting the injunction?" *Am. Motorcyclist Ass'n v. Watt*, 714 F.2d 962, 965 (9th Cir. 1983). Nevada federal courts apply the standard four-factor test. *See LIT Ventures, LLC v. Carranza*, 457 F. Supp. 3d 906, 909 (D. Nev. 2020). Regardless, a temporary restraining order should not be granted under either test.

This Court's Order Approving Stipulation for Relief from Stay re Real Property Located At 33 Stonemark Dr., Henderson, NV 89052 and 1392 Via Merano St., Henderson, NV 89052 and Waiver of the 14-Day Stay under FRBP 4001(a)(3) provides that the "[l]ender may proceed to enforce its state law rights and remedies against the Properties, including, but not limited to, foreclosure of the Properties and seeking state corrupt relief to expunge the lis pendens placed on the Properties. *See* Order Approving Stipulation (ECF No. 16). Furthermore, this Court's Order of Discharge holds that "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated . . . a creditor may have the right to foreclose a home mortgage . . . ." *See* Order of Discharge (ECF No. 42). In addition, the Deed of Trust on the Property was not voided or eliminated, and it is clear based on the orders of this Court that the stay does not apply to the Property. The Swindle trust fully complied with state law in the repossession of the Property and removing Steve Park pursuant to NRS 40.414 as an unauthorized occupant. Steve Park is not, nor ever was, a tenant. Therefore, Steve Park does not have the protections afforded by NRS 118A(landlord tenant rights and obligations).

NRS 40.414 provides, "the owner of the real property, an authorized representative of the owner or the occupant who is authorized by the owner to be in possession of the real property shall reasonably provide for the safe storage of the abandoned personal property for 21 calendar days after the removal of the unlawful or unauthorized occupant" and "may charge and collect the reasonable and actual costs of inventory, moving and storage before releasing the abandoned personal property to the unlawful or unauthorized occupant or his or her authorized representative rightfully claiming the property within that period." After the 21-day period expires, the owner may dispose of the abandoned personal property and recover his or her reasonable costs out of the personal property or the value thereof.

The Swindle Trust coordinated with S. Park in good faith to allow him to retrieve his personal property. The Swindle Trust provided Steve Park additional time to obtain a moving truck to move the rest of his personal property, despite the fact that Steve Park previously represented that he would have a moving truck at noon on Saturday, August 9, 2025. *See* Supplemental Exhibit to Doc. 48, Doc. No. 61; *see* Communications between Chris Koltes and

4908-2212-7708, v. 1

Steve Park, **Exhibit "1"** to Koltes Declaration. Furthermore, the Supplemental Exhibit submitted by Debtor corroborates the lengths that the Swindle Trust has gone to in order to accommodate Steve Park.

B. **There is No Likelihood of Irreparable Injury if Preliminary Injunctive Relief is Not Granted**

Debtor argues that the "ongoing lockout deprives lawful occupancy, causes loss of residence, and disrupts daily life." However, this lockout was not of Debtor; it was of a non-party to this bankruptcy action, his son. Debtor is not affected by the lockout. He has no standing.

Additionally, Steve Park did not have lawful occupancy of the Stonemark Property. The Swindle Trust is the lawful owner of the Property. Steve Park was an unauthorized squatter, reaping the benefits of the Stonemark Property while the Swindle Trust paid taxes and insurance on the Property. Steve Park's loss of this unauthorized occupancy and alleged disruption to his daily life was self-inflicted. He had time to find an alternative living space after he was notified that the Swindle Trust became the lawful owner of the Property, both informally and formally through the Notice to Surrender. Instead, he chose to ignore the Notice to Surrender, waived his rights to file an Affidavit of Answer, and then alleged he was ambushed after the Order was already issued and notice had already been provided. Steve Park could have avoided this disruption, however, instead he continued living unlawfully on someone else's property without the Owner's consent to do so.

C. **The Balance of Hardships Favors The Swindle Trust.**

Debtor does not present legal argument on the balance of hardships factor. Rather Debtor claims, "[h]arm to Debtor and family outweighs any hardship to Respondents." *See* Emergency Motion, p. 1 (ECF No. 48). Debtor attempts to include "and family" into the claim, but the temporary restraining order does not consider hardship to a separate non-party as they lack standing to do so. *See, e.g. In re Van Damme*, 651 B.R. 791, 805 (Bankr. D. Nev. 2022), *aff'd sub nom. In re Damme*, No. 2:19-BK-14142-MKN, 2023 WL 2911610 (B.A.P. 9th Cir. Apr. 12, 2023), *aff'd sub nom. In re Van Damme*, No. 23-60023, 2024 WL 3508512 (9th Cir. July 23, 2024) (internal citations omitted) (explaining, "'Standing and the real-party-in-interest requirement are related, but not identical, concepts' . . . The real party in interest doctrine generally falls within the prudential

4908-2212-7708, v. 1

standing doctrine which means as 'a prudential matter, a plaintiff must assert his own legal interests as the real party in interest, [ ] as found in Fed.R.Civ.P.17.'"); *In re Wilhelm*, 407 B.R. 392, 398 (Bankr. D. Idaho 2009) ("Prudential standing includes the idea that the injured party must assert its own claims, rather than another's"). Thus, there is no hardship to Debtor for a non-party's interest in property Debtor does not own or have any right to.

Even if Steve Park's hardship were to be considered, the balance of hardships still favors The Swindle Trust. The Swindle Trust is the lawful owner of the Property. As such, its right to possession of the Property is an integral part of ownership. Steve Park is denying The Swindle Trust's rightful ownership rights to the property, depriving it the opportunity to rent or sell the Property.

**D.    It Advances the Public Interest to Preserve The Swindle Trust's Ownership and Possessory Rights in the Property.**

Nevada strongly promotes the protection of private property owners' expectations and ownership rights. *See Moretto Tr. of the Jerome F. Moretto 2006 Tr. v. ELK Point Country Club Homeowners Ass'n, Inc.,* 138 Nev. 195, 200, 507 P.3d 199, 204 (2022) (noting that "Nevada's strong protection of private property owners' expectations and ownership rights" support adopting the Restatement with respect to an association's power to act on private property). In fact, the first section of the Nevada constitution states that "[a]ll men are by Nature free and equal and have certain inalienable rights among which are…[a]cquiring, Possessing and Protecting property." Nev. Const. art. I, § 1 "It is always in the public interest to prevent the violation of a party's constitutional rights." *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020) (in reference to the U.S. Constitution).

Debtor argues that enforcing the bankruptcy order would uphold judicial integrity. The Swindle Trust agrees that enforcing this Court's orders upholds judicial integrity; however, in these circumstances, the orders of this Court explicitly permit the Swindle Trust's foreclosure and removal of the unauthorized occupant, Steve Park. Debtor previously agreed to terminate the stay to allow foreclosure and in turn, eviction of all occupants (ECF No. 15). This Court approved this Stipulation to Terminate Stay (ECF No. 16). Furthermore, there is a strong public interest in

4908-2212-7708, v. 1

protecting the property rights, rights that would be violated by granting Debtor's Emergency Motion.

### III.  CONCLUSION

The Swindle Trust respectfully requests that this Court enter an (a) order denying Debtor's Emergency Motion and request for an Order to Show Cause; and (b) grant such other relief as is just under the circumstances.

DATED this 29th day of August, 2025.

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Ogonna Brown*
Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel.: 702.949.8200
*Attorneys for Secured Creditor The Swindle Family Trust dated October 20, 1999*



- 9 -

4908-2212-7708, v. 1

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Womble Bond Dickinson (US) LLP, and that on the 29th day of August, 2025, I caused to be served a true and correct copy of **OBJECTION TO EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail on May 8, 2025, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the Court's attached creditor's matrix with additions and edits, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

*/s/ Renee L. Creswell*
An employee of Womble Bond Dickinson (US) LLP

4908-2212-7708, v. 1