# EXHIBIT 1

Inst #: 20230712-0000943
Fees: $42.00
07/12/2023 10:57:04 AM
Receipt #: 5336630
Requestor:
Lawyers Title of Nevada
Recorded By: BGN   Pgs: 17
**Debbie Conway**
**CLARK COUNTY RECORDER**
Src: ERECORD
Ofc: ERECORD

APN: 190-08-414-017

WHEN RECORDED MAIL TO
CAROLIE SWINDLE AND
SANDRA SWINDLE, as Trustees of the
SWINDLE FAMILY TRUST dated
October 20, 1999
4039 Renate Drive
Las Vegas, NV 89103

MAIL TAX STATEMENTS TO

Duke Park
1297 Autumn Wind Way
Henderson, NV 89012

Escrow number: 31230769

Prepared for   Streamline Mortgage Corporation
MLD # 4747 NMLS # 1645153
Randy C. Santa
MLD # 35332 NMLS # 369116

## DEED OF TRUST, ASSIGNMENT OF RENTS,

### SECURITY AGREEMENT AND FIXTURE FILING

This Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (this "Deed of Trust") is made as of **July 03, 2023 by Duke Park, an unmarried man**, as trustor (the "Trustor") in favor of Lawyers Title, whose mailing address is 10801 W. Charleston Blvd, Ste. 225, NV 89135, as trustee (the "Trustee"), for the benefit of **CAROLIE SWINDLE OR SANDRA SWINDLE, as Trustees of the SWINDLE FAMILY TRUST dated October 20, 1999, as to an undivided 100.0000%  interest** whose mailing address is 4039 Renate Drive, Las Vegas, NV  89103 as beneficiary (the "Beneficiary").

1.  **TRANSFER OF RIGHTS IN THE PROPERTY.** This Deed of Trust secures to Beneficiary: (a) the repayment of the debt evidenced by "Promissory Note Secured by Deed of Trust" dated **July 03, 2023, in the amount of $820,000.00,** and all renewals, extensions and modifications of the Note; and (b) the performance of Trustor's covenants and agreements under this Deed of Trust and the Note ("Obligations"). For this purpose, Trustor irrevocably grants and conveys to Trustee, in trust, with power of sale, all estate, right, title and interest that the Trustor now has or may later acquire in and to the following **real property located in Clark County, identified by APN 190-08-414-017, commonly known as 33 Stonemark Drive, Henderson, NV, 89052-6685 and fully** described as:

**SEE LEGAL DESCRIPTION ATTACHED IN EXHIBIT A**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property."

Page **1** of **12**

initials _____

APN: 190-08-414-017

WHEN RECORDED MAIL TO
CAROLIE SWINDLE AND
SANDRA SWINDLE, as Trustees of the
SWINDLE FAMILY TRUST dated
October 20, 1999
4039 Renate Drive
Las Vegas, NV 89103

MAIL TAX STATEMENTS TO

Duke Park
1297 Autumn Wind Way
Henderson,NV 89012

Escrow number: 31230769

Prepared for  Streamline Mortgage Corporation
MLD # 4747 NMLS # 1645153
Randy C. Santa
MLD # 35332 NMLS # 369116

## DEED OF TRUST, ASSIGNMENT OF RENTS,
## SECURITY AGREEMENT AND FIXTURE FILING

This Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (this "Deed of Trust") is made as of **July 03, 2023 by Duke Park, an unmarried man**, as trustor (the "Trustor") in favor of Lawyers Title, whose mailing address is 10801 W. Charleston Blvd, Ste. 225, NV 89135, as trustee (the "Trustee"), for the benefit of  **CAROLIE SWINDLE OR SANDRA SWINDLE, as Trustees of the SWINDLE FAMILY TRUST dated October 20, 1999, as to an undivided 100.0000%  interest** whose mailing address is 4039 Renate Drive, Las Vegas, NV  89103 as beneficiary (the "Beneficiary").

1.  **TRANSFER OF RIGHTS IN THE PROPERTY.** This Deed of Trust secures to Beneficiary: (a) the repayment of the debt evidenced by "Promissory Note Secured by Deed of Trust" dated **July 03, 2023, in the amount of $820,000.00,** and all renewals, extensions and modifications of the Note; and (b) the performance of Trustor's covenants and agreements under this Deed of Trust and the Note ("Obligations"). For this purpose, Trustor irrevocably grants and conveys to Trustee, in trust, with power of sale, all estate, right, title and interest that the Trustor now has or may later acquire in and to the following **real property located in Clark County, identified by APN 190-08-414-017, commonly known as 33 Stonemark Drive, Henderson, NV, 89052-6685** and fully described as:

**SEE LEGAL DESCRIPTION ATTACHED IN EXHIBIT A**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property."

Page **1** of 12

initials

2. **PERFORMANCE OF OBLIGATIONS.** The Trustor shall promptly pay and perform each of the Obligations in accordance with its terms.

3. **ASSIGNMENT OF RENTS AND PROFITS.**
   A. All of Trustor's interest in any leases, membership contracts, concessions agreements, rental agreements or any other agreements pertaining to the Property now existing or hereafter entered into, all of the rents, royalties, issues, profits, revenue, income and other benefits of the Property arising from the use or enjoyment of all or any portion thereof or from any lease or agreement pertaining to occupancy of any portion of the Property now existing or hereafter entered into whether now due, past due, or to become due, and including all unpaid rents, security deposits, prepaid membership fees and dues and other charges (the "Rents and Profits"), are hereby absolutely, presently and unconditionally assigned, transferred and conveyed to Beneficiary to be applied by Beneficiary in payment of the principal and interest and all other sums payable on the Note, and of all other sums payable under the Deed of Trust. Prior to the occurrence of any Event of Default; Trustor shall have a license to collect and receive all Rents and Profits, which license shall be terminable at the sole option of Beneficiary, without regard to the adequacy of its security hereunder and without notice to or demand upon Trustor, upon the occurrence of any Event of Default. It is understood and agreed that neither the foregoing Assignment of Rents, and Profits to Beneficiary nor the exercise by Beneficiary of any of its rights or remedies under the Deed of Trust shall be deemed to make Beneficiary a "mortgagee-in-possession" or otherwise responsible or liable in any manner with respect to the Property or the use, occupancy, enjoyment or operation of all or any portion thereof, unless and until Beneficiary, in person or by agent, assumes actual possession thereof. Nor shall appointment of a receiver for the Property by any court at the request of Beneficiary or bay agreement with Trustor, or the entering into possession of the Property or any part thereof by such receiver, be deemed to make Beneficiary a mortgagee-in-possession or otherwise responsible or liable in any manner with respect to the Property or the use, occupancy, enjoyment or operation of all or any portion thereof. Upon the occurrence of any Event of Default, this shall constitute a direction to and full authority to each lessee under any lease and each guarantor of any lease to pay all Rents and Profits to Beneficiary without proof of the default relied upon. Trustor hereby irrevocably authorizes each lessee and guarantor to rely upon and comply with any notice or demand by Beneficiary for the payment to Beneficiary of any Rents and Profits due or to become due.
   B. Trustor shall apply the Rents and Profits to the payment of all necessary and reasonable operating costs and expenses of the Property, debt service on the indebtedness secured hereby, and a reasonable reserve for future expenses, repairs and replacements for the Property, before using the Rents and Profits for Trustor's personal use or any other purpose not for the direct benefit of the Property.

4. **SECURITY AGREEMENT.** This Deed of trust is intended to be a security agreement pursuant to the Uniform Commercial Code for:
   A. Any and all items of personal property specified above as part of the Property which, under applicable law, may be subject to a security interest pursuant to the Uniform Commercial Code and which are not in this Deed of Trust effectively made part of the real property, including, without limitation, Trustor's interest in all building materials, fixtures, equipment and machinery incorporated or to be incorporated into improvements constructed and to be constructed on the Property together with all interest of the Trustor in all personal property,

Page **2** of **12**

initials_____

appliances, equipment and cost of goods now or hereafter owned or possessed by Trustor located upon, in, or about or used in connection with the Property, including, without limitation, any and all personal property necessary for the operation and maintenance of any business located on the property, together with all increase, substitutes, replacements, proceeds and products thereof and additions and accessions thereto, all rents, issues and profits due or to become due Trustor from or pertaining to said real property, Trustor's interest in any monies deposited by or on behalf of Trustor with any city, county, public body, utility or agency for the installation or as security for the installation of any utility pertaining to the Property, all rights to the use of any trade name, trademark or service mark now or hereafter associated with the business or businesses conducted on said premises (subject, however, to any franchise or license agreements relating thereto) together with all rights of Trustor under any policy or policies of insurance covering the foregoing property and all proceeds, loss payment sand premium refunds which may be payable with respect to such insurance policies or any other insurance policies insuring said real or personal property and the proceeds of any involuntary disposition, including without limitation any tort judgment proceeds.

Trustor hereby grants Beneficiary a security interest in said property, all of which is referred to in the Deed of trust as "Personal Property," and in all additions thereto, substitutions therefor and proceeds thereof, for the purpose of security all indebtedness and other obligations of Trustor now or hereafter secured by this Deed of Trust, which shall be a paramount and superior lien on all such Personal Property at all times. Trustor agrees to execute and deliver financing and continuation statements covering the Personal Property from time to time and in such form as Beneficiary may require to perfect and continue the perfection of Beneficiary's lien or security interest with respect to the Personal Property. Trustor shall pay all costs of filing such statements and renewals and releases thereof and shall pay all reasonable costs and expenses of any record searches for financing statements Beneficiary may reasonably require. Upon the occurrence of any default of Trustor hereunder, Beneficiary shall have the rights and remedies of a secured party under The Uniform Commercial Code, as well as all other rights and remedies available at law or in equity.

5. **FIXTURE FILING.** This Deed of Trust constitutes a financing statement filed as a fixture filing under The Uniform Commercial Code, covering any property which now is or later may become fixtures attached to the real property covered by this Deed of Trust.

6. **REPRESENTATIONS AND WARRANTIES.** The Trustor represents and warrants as follows:

   A. Priority. Unless otherwise consented to by the Beneficiary, the lien granted by this Deed of Trust now does and hereafter will constitute a lien of first priority.

   B. Ownership. The Trustor is, and, as to Property acquired by it from time to time after the date hereof, the Trustor will be, the owner of all the Property free from any encumbrances other than the Beneficiary's interest and lien thereon, and the Trustor shall defend the Property against any and all claims and demands of all persons at any time claiming any interest therein in any manner materially adverse to the Beneficiary.

   C. Power. The Trustor has full power and authority and legal right to grant a lien in the Property and to assign the Rents pursuant to this Deed of Trust.

   D. Consents. No consent of any other party (including, without limitation, creditors of the Trustor) and no consent, authorization, approval, or other action by, and no notice to or filing with, any governmental authority is required either (1) for the grant of a lien in the Property pursuant to

Page 3 of 12                                                    initials____

this Deed of Trust or for the execution, delivery or performance of this Deed of Trust by the Trustor or (2) for the exercise by the Beneficiary of the rights provided for in this Deed of Trust.

7. **PRESERVATION, MAINTENANCE, AND PROTECTION OF THE PROPERTY; INSPECTIONS.** Trustor shall not damage or impair the Property, shall not allow the Property to deteriorate, or commit waste on the Property, Trustor shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined that repair or restoration is not economically feasible, Trustor shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Trustor shall be responsible for repairing or restoring the Property only if Beneficiary has released proceeds for such purposes. Beneficiary may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Trustor is not relieved of Trustor's obligation for the completion of such repair or restoration. Beneficiary or its agent may make reasonable entries upon and inspections of the Property. Beneficiary shall give Trustor notice at the time of or prior to such an interior inspection specifying such reasonable cause. Additionally, should Trustor be conducting illegal activity on or about the property, this shall constitute a breach under this security agreement.

8. **INSURANCE.** Trustor shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Beneficiary requires insurance by a company or companies authorized to issue such policies in the State of Nevada. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Beneficiary requires. Trustor will name the Beneficiary as loss payee and prohibit any cancellation or material revision in such policies without 30 days' prior written notice to the Beneficiary. This Deed of Trust constitutes (and the Trustor acknowledges receipt of) written notice to the Trustor that the accommodations made available to the Trustor by the Beneficiary is not conditioned on the requirement that the Trustor procure insurance from any insurance company designated by the Beneficiary. However, such insurance policies shall be written by insurance companies acceptable to the Beneficiary.

9. **PROCEEDS FROM INSURANCE AND CONDEMNATION.** If insurance or condemnation (whether partial or rising to the level of a complete taking) proceeds are paid in connection with damage to, or the taking of, the Property, the Trustor absolutely and irrevocable assigns to the Beneficiary, all awards of damages and all other compensation up to a maximum amount of the Obligations secured by the Note herein, not to exceed **$820,000.00** less reductions of payments made by the Trustor up to the date of such loss or condemnation. Said amount shall be the then existing principal balance at the time of the loss or condemnation. The Trustor shall immediately notify the Beneficiary in writing if any offer is made, or any action or proceeding is commenced, which relates to any actual or proposed condemnation or taking of all or part of the Property. Beneficiary may disburse proceeds for repairs and restoration at Beneficiary's sole discretion.

10. **TAXES, CHARGES, LEVIES, AND OTHER LIENS.** Trustor shall pay all taxes, assessments, charges, including garbage billings, fines, and impositions attributable to the Property which can attain priority over this Deed of Trust, leasehold payments or ground rents on the Property, if any, and

initials_____

Community Association Dues, Fees and Assessments, if any. The Trustor shall pay promptly when due all such items, except to the extent the validity thereof is being contested in good faith and the Trustor provides the Beneficiary with such cash deposit, surety bond or other security satisfactory to the Beneficiary that is sufficient to discharge the contested tax, assessment, charge, levy or claim. In the event that Trustor fails to make payment sin the amount and manner required by this section, Beneficiary may, without notice or demand, make such payments on behalf of Trustor and hold Trustor liable for such amounts together with interest at the Default Interest rate as specified in the Note.

11. **ASSURANCES BY TRUSTOR AND EXPENDITURES BY THE BENEFICIARY**. The Trustor agrees that at any time and from time to time at its expense, the Trustor will promptly execute and deliver all further instruments and documents, and take all further action, that may be necessary or that the Beneficiary deems appropriate or advisable, in order to preserve and protect the lien granted in this Deed of Trust or to enable the Beneficiary to exercise and enforce its rights and remedies under this Deed of Trust.

If the Trustor fails to comply with any provision of this Deed of Trust, or if any action or proceeding is commenced that would materially affect the Beneficiary's interests in the Property, the Beneficiary on the Trustor's behalf may, but shall not be required to, take any action that the Beneficiary deems appropriate. Any amount that the Beneficiary expends in so doing shall be payable on demand, shall be secured by this Deed of Trust and shall bear interest at the highest rate charged under any of the Obligations from the date incurred or paid by the Beneficiary to the date of repayment by the Trustor.

12. **HAZARDOUS SUBSTANCES.** As used in this Section: (1) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (2) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (3) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (4) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger and Environmental Cleanup.

Trustor shall not cause or permit the presence, use disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Trustor shall not do, nor allow anyone else to do, anything affecting the Property (1) that is in violation of any Environmental Law, (2) which creates an Environmental Condition or (3) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Trustor shall promptly give Beneficiary written notice of (1) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Trustor has actual knowledge; (2) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (3) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Trustor learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation

initials _____

of any Hazardous Substance affecting the Property is necessary, Trustor shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Beneficiary for an Environmental Cleanup.

13. **SUBSTITUTION OF THE TRUSTEE.** From time to time, the Beneficiary may remove the Trustee and appoint a successor Trustee to any Trustee appointed under this Deed of Trust. A Notice of Substitution of the Trustee shall be executed and recorded in accordance with applicable law.

14. **TRANSFER OF PROPERTY AND ACCELERATION.** A "Transfer" means any sale, contract to sell, conveyance, encumbrance, lease or other transfer of all or any material part of the Property or any interest in it, whether voluntary, involuntary, by operation of law or otherwise. If the Trustor is a corporation, a "Transfer" also means any transfer or transfers of shares constituting, in the aggregate, more than twenty percent (20%) of the voting power. If the Trustor is a partnership, a "Transfer" also means withdrawal or removal of any general partner, dissolution of the partnership under applicable law, or any transfer or transfers of, in the aggregate, more than twenty percent (20%) of the partnership interests. The Trustor acknowledges that the Beneficiary is entering into the transactions constituting the Obligations in reliance on the expertise, skill and experience of the Trustor. Thus, the Obligations include material elements similar in nature to a personal service contract. In consideration of the Beneficiary's reliance, the Trustor agrees that the Trustor shall not make any Transfer, unless the transfer is preceded by the Beneficiary's express written consent to the particular transaction and transferee. The Beneficiary may withhold such consent in its sole discretion. If any Transfer occurs, the Beneficiary in its sole discretion may accelerate all of the Obligations to be immediately due and payable, and the Beneficiary and the Trustee may invoke any rights and remedies provided in this Deed of Trust or by applicable law.

15. **EVENT OF DEFAULT.** As used in this Deed of Trust, the term "Event of Default" shall include any default or Event of Default described in the Note, as applicable, or any breach of any provision of this Deed of Trust or the Note.

16. **RIGHT TO REINSTATE AFTER ACCELERATION.** If Trustor meets certain conditions, Trustor shall have the right to have enforcement of this Deed of Trust discontinued at any time prior to the earliest of: (i) five business days before sale of the Property pursuant to any power of sale contained in this Deed of Trust; (ii) such other period as Applicable Law might specify for the termination of Trustor's right to reinstate; or (iii) entry of a judgment enforcing this Deed of Trust. Those conditions are that Trustor: (a) pays Beneficiary all sums which then would be due under this Deed of Trust and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Deed of Trust, including, but not limited to, reasonable attorney's fees, foreclosure fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Beneficiary's interest in the Property and rights under this Deed of Trust; and (d) takes such action as Beneficiary may reasonably require to assure that Beneficiary's interest in the Property and rights under this Deed of Trust, and Trustor's obligation to pay the sums secured by this Deed of Trust, shall continue unchanged. Beneficiary may require that Trustor pay such reinstatement sums and expenses in one or more of the following forms, as selected by Beneficiary; (a) cash, (b) money order, (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity or (d) Electronic Funds Transfer. Upon reinstatement, Trustor, this Deed of Trust and obligations secured hereby shall remain fully effective as if no acceleration had occurred.

initials

17. **REMEDIES.** At any time after an Event of Default, the Beneficiary shall be entitled to invoke any and all rights and remedies described in this Section or permitted by applicable law. All such rights and remedies shall be cumulative, and the exercise of any one or more of them shall not constitute an election of remedies.

    A. The Beneficiary may declare any or all of the Obligations to be due and payable immediately. However, all of the Obligations shall automatically be due and payable in full if a voluntary or involuntary petition shall be filed by or against the Trustor under the United States Bankruptcy Code or similar statute, or a receiver, trustee, assignee for the benefit of creditors or other similar official shall be appointed to take possession, custody or control of the properties of the Trustor.

    B. The Beneficiary may apply to any court of competent jurisdiction for, and obtain appointment of, a receiver for the Property.

    C. To the extent permitted by applicable law, the Beneficiary, in person, by agent or by court appointed receiver, may enter, take possession of, manage and operate all or any part of the Property, and may also do any and all other things in connection with those actions that the Beneficiary in its sole discretion may consider necessary and appropriate to protect the security of this Deed of Trust.

    D. The Beneficiary may request the Trustee to exercise the power of sale granted in this Deed of Trust. Before any Trustee's sale, the Beneficiary or the Trustee shall give such statement of breach or nonperformance and notice of sale as may then be required by applicable law. When all time periods then legally mandated have expired, and after such notice of sale as may then be legally required has been given, the Trustee shall sell the Property being sold at a public auction to be held at the time and place specified in the notice of sale. Neither the Trustee, nor the Beneficiary, shall have any obligation to make demand on the Trustor for any Trustee's sale. Subject to Nevada Revised Statues, Chapter 107, Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement or subsequently noticed sale, and without further notice make such sale at the time fixed by the last postponement, or may in its discretion, give a new notice of sale. At any Trustee's sale, the Trustee, in its discretion, shall sell to the highest bidder at public auction for cash in lawful money of the United State. The Trustee shall execute and deliver to the purchaser or purchasers a deed or deeds conveying the Property being sold without any covenant or warranty whatsoever, express or implied. Any such deed shall be conclusive evidence in favor of purchasers or encumbrances for value and without notice, that all requirements of law were met relating to the exercise of the power of sale and the Trustee's sale of the Property conveyed by such deed. Knowledge of the Trustee shall not be imputed to the Beneficiary. At any Trustee's sale, any person, including the Trustor, the Trustee of the Beneficiary, may bid for and acquire the Property or any part of it to the extent permitted by then applicable law. Instead of paying cash for that Property, the Beneficiary shall have the benefit of any law permitting credit bids. The Beneficiary and the Trustee shall apply the proceeds of any Trustee's sale in the following manner: (1) to pay all costs and expenses of exercising the power of sale and of sale, including, without limitation, the Trustee's fees and attorney's fees actually incurred; (2) to pay to Beneficiary the Obligations secured by this Deed of Trust; and (3) to remit the remainder, if any, to the Trustor or person(s) entitled to it.

    E. The Beneficiary may bring an action in any court of competent jurisdiction to foreclose this Deed of Trust in the manner provided by law for the foreclosure of mortgages on real property

initials_____

or to obtain specific enforcement of any of the covenants or agreements in this Deed of Trust. If the Beneficiary brings such an action, the Trustor agrees to pay the Beneficiary's attorney's fees as set by the court (and not a jury) and court costs.

    F.   The Beneficiary shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Deed of Trust, including, without limitation, attorney's fees and costs of title evidence.

18. **RECONVEYANCE.** Upon receipt of written request from Beneficiary reciting that all sums secured hereby have been paid and upon surrender of this Deed of Trust and the Note secured hereby to Trustee for cancellation and retention, or such other disposition as Trustee, in its sole discretion, may choose, an upon payment of its fees, the Trustee shall reconvey, without warranty all portions of the Property which are then encumbered hereby. The recitals in such reconveyance of any matters of fact shall be conclusive proof of the truth thereof. The grantee in such reconveyance may be described in general terms as "the person or persons legally entitled thereto" Five years after issuance of such full reconveyance, the Trustee may destroy the Note and this Deed of Trust (unless directed in such request to retain them).

19. **NO WAIVER.** No failure on the part of the Beneficiary to exercise, and no course of dealing with respect to, and no delay in exercising, any right, power or remedy hereunder shall operate as a waiver thereof; nor shall any single or partial exercise by the Beneficiary or any right, power or remedy hereunder preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

20. **NO THIRD PARTY BENEFICIARIES.** This Deed of Trust is made and entered into for the sole protection and benefit of the parties hereto, and no other person or entity shall be a direct or indirect beneficiary of, or shall have any direct or indirect cause of action or claim in connection with this Deed of Trust or any of the other loan documents.

21. **NO OFFSET.** Under no circumstances shall Trustor fail or delay to perform any of its Obligations in connection with the Note and this Deed of Trust because of any alleged offsetting claim or cause of action or indebtedness against Beneficiary which has not been confirmed in a final judgment of a court of competent jurisdiction against Beneficiary, and Trustor hereby waives any such rights of setoff which it might otherwise have with respect to any such claims or causes of action or indebtedness against Beneficiary, unless and until such right of setoff is confirmed and liquidated by such a final judgment.

22. **APPLICABLE LAW.** The laws of the State of Nevada shall govern the construction of this Deed of Trust and the rights and remedies of the parties hereto.

23. **BINDING EFFECT AND ENTIRE AGREEMENT.** This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devises, administrators, executors, successors and assigns. The term "Beneficiary" shall mean the owner and holder, including pledgees, of the Note and Deed of Trust secured hereby, whether or not named as Beneficiary herein. This Deed of Trust, together with all other documents evidencing or securing the Obligations, constitutes the entire agreement between the Beneficiary and the Trustor.

initials

24. **AMENDMENTS, CONSENTS.** No amendment, modification, supplement, termination, or waiver of any provision of this Deed of Trust, and no consent to any material departure by the Trustor therefrom, may in any event be effective unless in writing signed by the Beneficiary, and then only in the specific instance and for the specific purpose given.

25. **TIME OF ESSENCE.** Time is of the essence in each provision of this Deed of Trust.

26. **SEVERABILITY.** If any provision of this Deed of Trust shall be held invalid under any applicable law, such invalidity shall not affect any other provision of this Deed of Trust that can be given effect without the invalid provision, and, to this end, the provisions of this Deed of Trust are severable.

27. **WAIVER OF EXEMPTIONS.** The Trustor abandons and waives any applicable exemption and homestead rights to the fullest extent permitted by applicable law.

28. **TRUSTEE PROVISIONS.** From time to time upon written request of Beneficiary and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Obligations or performance of the Obligations, Trustee may, without liability therefore and without notice, (i) reconvey all or any part of the Property subject to Section 18; (ii) consent to the making of any map or plat thereof; (iii) join in granting any easement thereon; (iv) join in any declaration of covenants and restrictions; or (v) join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Beneficiary may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Beneficiary may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Trustor shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including reasonable attorneys' fees. Trustor shall indemnify Trustee and Beneficiary against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act or permitted hereunder or by law.

29. **Notice of Default**. Borrower and Lender request the holder of any mortgage, Deed of Trust or other encumbrance with a lien which may or may not have priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth in this Deed of Trust, of any default under the encumbrances and of any sale or other foreclosure action.

**IN WITNESS WHEREOF**, the Trustor has caused this Deed of Trust to be executed as of the date first above written.

**TRUSTOR:**


_____          7-5-23
Duke Park                                 Date

[notary acknowledgment on following page(s)]

Page **9** of **12**                                      initials_____

STATE OF NEVADA

SS.

COUNTY OF CLARK

On **7-5-23** before me, **Zeigler** personally appeared **Duke Park**

*& B Joanne*

who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledge to me that he/she executed the same in his/her authorized capacity and that by his/her signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

*I certify under PENALTY OF PERJURY under the laws of the State of Nevada that the foregoing paragraph is true and correct.*

WITNESS my hand and official seal.

_____
Notary's Signature

**JOANNE ZEIGLER**
Notary Public, State of Nevada
No. 98-36926-1
My Appt. Exp. Nov. 20, 2025

Page **10** of **12**

initials ___