# EXHIBIT 7

[Page 1 of 3]
HENDERSON JUSTICE COURT
Township of Henderson, Clark County, Nevada



Case No.: 25RH000015
Property Address: 33 Stonemark Dr., Henderson, NV 89052

## MOTION TO REOPEN CASE

(Pursuant to NRS 1.190 and NRCP 60(b); 11 U.S.C. §§ 362, 524)

Defendant, Duke Park, respectfully moves this Court to reopen the above-captioned matter because post-discharge actions were taken in direct violation of the United States Bankruptcy Code.

On July 22, 2025, the United States Bankruptcy Court (Case No. 25-12285-abl) entered a Discharge Order (Doc. 41) (See Exhibit 2), discharging all pre-petition claims including any claims affecting the properties listed in Schedule A/B (See Exhibit 1).
On July 24, 2025, the Bankruptcy Noticing Center formally served the Discharge Order and Certificate of Notice (Doc. 42) (See Exhibit 3) on:
  1. Plaintiff – The Swindle Family Trust
  2. Plaintiff's counsel – Attorney Ogonna M. Brown
  3. Their law firm – Womble Bond Dickinson (US) LLP
From this date forward, all recipients were under a federal injunction prohibiting any act to obtain possession of, evict from, or exercise control over the listed properties without Bankruptcy Court approval.

Bankruptcy Schedule A/B lists the following properties as part of the bankruptcy estate:
  1. 1392 Via Merano St., Henderson, NV 89052
  2. 33 Stonemark Dr., Henderson, NV 89052
These properties remained protected under 11 U.S.C. §§ 362 and 524 from the petition date through discharge and thereafter, unless abandoned or otherwise disposed of by Bankruptcy Court order.

[Page 2 of 3]

HENDERSON JUSTICE COURT

Township of Henderson, Clark County, Nevada

Case No.: 25RH000015

Property Address: 33 Stonemark Dr., Henderson, NV 89052

As recipients of the BNC Certificate of Notice (See Exhibit 3), Plaintiff, its counsel, and the law firm had a federal duty to cease all acts to obtain possession, evict from, or exercise control over these properties without Bankruptcy Court approval.

However, on August 4, 2025, the Henderson Justice Court issued a Removal Order (See Exhibit 4) and on August 7, 2025, the Henderson Constable executed a lockout and posted a 'Warning – Keep Out' notice (See Exhibit 5) against 33 Stonemark Dr., both after BNC service and without relief from stay.

Although the state court proceedings were filed in my son's name, Steve Park, I was the legal title holder and the person with actual ownership and possession rights. Steve Park merely resided at the property. Plaintiff, its counsel, and the law firm had actual notice of my ownership and the property's bankruptcy status, yet deliberately avoided naming me as the defendant to circumvent the discharge injunction and BNC service. This constitutes a willful and coordinated attempt to evade federal protections.

Furthermore, the United States Bankruptcy Court has scheduled hearings on September 10, 2025 and September 15, 2025 to address violations by the same creditor involving both properties listed in Schedule A/B – 1392 Via Merano St. and 33 Stonemark Dr. These hearings concern identical post-discharge conduct by the same creditor and its counsel, arising from the July 22, 2025 discharge and July 24, 2025 BNC service. In the interest of judicial economy and to avoid conflicting rulings, this Court should defer to the Bankruptcy Court's determinations.

LEGAL EFFECT:

- 11 U.S.C. § 524(a)(2) – Discharge acts as a permanent injunction against any action to collect or recover a discharged debt from the debtor or property of the debtor.
- 11 U.S.C. § 362(a)(3) – Prohibits any act to obtain possession of, or exercise control over, property of the estate without relief from stay.
- All recipients of BNC service are jointly and severally responsible for ensuring compliance with the injunction. Continuing in spite of BNC notice is a willful violation, subject to sanctions and damages.
- All post-BNC eviction actions are void ab initio and without legal effect.

RELIEF REQUESTED:

1. Reopen this case.
2. Declare all post-BNC actions void.

3. Vacate the removal order and any related writs.
4. Restore possession and return seized property.
5. Defer to the pending Bankruptcy Court proceedings.

EXHIBIT LIST:
1. Exhibit 1 – Bankruptcy Schedule A/B excerpt listing both properties.
2. Exhibit 2 – Discharge Order (Doc. 41) – 07/22/2025.
3. Exhibit 3 – BNC Certificate of Notice (Doc. 42) – 07/24/2025.
4. Exhibit 4 – Henderson Justice Court Removal Order – 08/04/2025.
5. Exhibit 5 – Henderson Constable Lockout Notice – 08/07/2025.

DATED: August 11, 2025

Respectfully submitted,

Duke Park, Pro Se
1392 Via Merano St.
Henderson, NV 89052
408-318-3700
dukepark@me.com

[Page 3 of 3]
HENDERSON JUSTICE COURT
Township of Henderson, Clark County, Nevada

Case No.: 25RH000015
Property Address: 33 Stonemark Dr., Henderson, NV 89052


CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2025, I served a true and correct copy of the foregoing
Motion to Reopen Case, together with all attached exhibits, by depositing the same in the
United States Mail, first-class postage prepaid, addressed to:

Ogonna M. Brown, Esq.
Womble Bond Dickinson (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169


The Swindle Family Trust
[Plaintiff's mailing address]


Dated: August 11, 2025


Duke Park, Pro Se
1392 Via Merano St.
Henderson, NV 89052

**Exhibit 1 – Bankruptcy Schedule A/B Excerpt Listing Both Properties**

Excerpt from the Bankruptcy Schedule A/B filed in Case No. 25-12285-abl, listing the two real properties owned by the Debtor at the time of filing:

1. 1392 Via Merano St., Henderson, NV 89052
2. 33 Stonemark Dr., Henderson, NV 89052

Fill in this information to identify your case and this filing:

| Debtor 1 | **DUKE** | | **PARK** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: District of **Nevada**

Case number    **25-12285-abl**

☑ Check if this is an
amended filing

Official Form 106A/B

# Schedule A/B: Property        12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

---

**1.1**    Parcel No: **191-02-713-008**

Street address, if available, or other description

**1392 Via Merano St**

**Henderson, NV 89052-4094**

City     State     ZIP Code

**Clark**

County

**What is the property?** Check all that apply.

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Source of Value: **Zillow Valuation**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    **$1,100,000.00**

Current value of the portion you own?    **$1,100,000.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Homestead**

☐ **Check if this is community property** (see instructions)

If you own or have more than one, list here:

---

Debtor  **PARK, DUKE** _____  Case number *(if known)* **25-12285-abl**

---

1.2  **Parcel No: 190-08-414-017**

Street address, if available, or other description

**33 Stonemark Dr**

**Henderson, NV 89052-6685**
City          State      ZIP Code

**Clark**
County

**What is the property?** Check all that apply.
- ☑ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

**Source of Value:** Zillow Valuation

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $1,200,000.00 | $1,200,000.00 |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Fee Simple**

☐ **Check if this is community property**
(see instructions)

---

2.  **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you wish to add for Part 1. Write that number here** ........................................ →  | **$2,300,000.00** |

---

## Part 2:  Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**
- ☑ No
- ☐ Yes

3.1  Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
|  |  |

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories
- ☑ No
- ☐ Yes

---

**Exhibit 2 – Discharge Order (Doc. 41) – 07/22/2025**

A true and correct copy of the Discharge Order entered by the U.S. Bankruptcy Court in Case No. 25-12285-abl on July 22, 2025.

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **DUKE PARK** | Social Security number or ITIN   xxx–xx–3694 |
| | First Name   Middle Name   Last Name | EIN   __–_____ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN   ____ |
| | First Name   Middle Name   Last Name | EIN   __–_____ |
| United States Bankruptcy Court | District of Nevada | |
| Case number: | 25–12285–abl | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

DUKE PARK

7/22/25

**By the court:**   AUGUST B. LANDIS
United States Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318                    **Order of Discharge**                    page 2

### Exhibit 3 – BNC Certificate of Notice (Doc. 42) – 07/24/2025

A true and correct copy of the Bankruptcy Noticing Center Certificate of Notice (Doc. 42) issued on July 24, 2025, showing service of the Discharge Order on The Swindle Family Trust, Attorney Ogonna M. Brown, and Womble Bond Dickinson (US) LLP.

United States Bankruptcy Court

District of Nevada

In re:                                                          Case No. 25-12285-abl

DUKE PARK                                                        Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0978-2                     User: admin                            Page 1 of 3

Date Rcvd: Jul 22, 2025                  Form ID: 318                    Total Noticed: 19

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 24, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | DUKE PARK, 1392 VIA MERANO ST, HENDERSON, NV 89052-4094 |
| aty | + | AKKE LEVIN, GREENBERG TRAURIG, LLP, 10845 GRIFFITH PEAK DRIVE, STE 600, LAS VEGAS, NV 89135-1557 |
| aty | + | BENJAMIN B. CHILDS, SR., 318 S. MARYLAND PARKWAY, LAS VEGAS, NV 89101-5321 |
| aty | + | KARA B. HENDRICKS, GREENBERG TRAURIG, LLP, 10845 GRIFFITH PEACH DR, STE 600, LAS VEGAS, NV 89135-1557 |
| aty | + | KAREN M. AYARBE, LEACH KERN GRUCHOW ANDERSON SONG, 5421 KIETZKE LANE, STE. 200, RENO, NV 89511-1025 |
| aty | + | MATTHEW I KNEPPER, NEVADA BANKRUPTCY ATTORNEYS, 5940 S. RAINBOW BLVD, STE 400, PMB 99721, LAS VEGAS, NV 89118-2507 |
| aty | + | OGONNA M. BROWN, WOMBLE BOND DICKINSON (US) LLP, 3993 HOWARD HUGHES PARKWAY, SUITE 600, LAS VEGAS, NV 89169-5996 |
| cr | + | BENJAMIN B. CHILDS, LTD, 318 South Maryland Parkway, Las Vegas, Ne 89101-5321 |
| cr | + | BOK HYUN EUM, GREENBERG TRAURIG, LLP, C/O KARA B. HANDRICKS, ESQ., C/O AKKE LEVIN, ESQ., 10845 GRIFFITH PEAK DRIVE, SUITE 600 LAS VEGAS, NV 89135-1557 |
| cr | + | LEE SOO AHN, GREENBERG TRAURIG, LLP, C/O KARA B. HANDRICKS, ESQ., C/O AKKE LEVIN, ESQ., 10845 GRIFFITH PEAK DRIVE, SUITE 600 LAS VEGAS, NV 89135-1557 |
| cr | + | Villagio Property Owners Association, 3077 E. Warm Springs Rd., Las Vegas, NV 89120-3751 |
| 12656248 | + | ALS Property Holdings, LLC, c/o Greenberg Traurig, LLP, 10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135-1557 |
| 12592429 | + | BENJAMIN B. CHILDS, LTD., 318 South Maryland Parkway, Las Vegas, Nevada 89101-5321 |
| 12656302 | + | EBH Management Co., LLC, c/o Greenberg Traurig, LLP, 10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135-1557 |
| 12658865 | | Kum Park, 6850 Spring Mountain Rd U-11, Las Vegas, NV 89146-8825 |
| 12648420 | + | Zions Bancorporation, NA dba Nevada State Bank, Legal Services UT ZB11 0877, PO Box 30709, Salt Lake City, UT 84130-0709 |

TOTAL: 16

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| tr | + | Email/Text: robert.atkinson@txitrustee.com | Jul 23 2025 00:31:00 | ROBERT E. ATKINSON, 376 E WARM SPRINGS RD STE 130, LAS VEGAS, NV 89119-4262 |
| ust | + | Email/Text: USTPRegion17.LV.ECF@usdoj.gov | Jul 23 2025 00:32:00 | U.S. TRUSTEE - LV - 7, 300 LAS VEGAS BOULEVARD, SO., SUITE 4300, LAS VEGAS, NV 89101-5803 |
| 12607988 | + | Email/Text: Trbank@clarkcountynv.gov | Jul 23 2025 00:32:00 | Clark County Treasurer, 500 S Grand Central Pkwy, Box 551220, Las Vegas, NV 89155-4502 |

TOTAL: 3

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| intp | | Bok Hyun Eum |
| intp | | Lee Soo Ahn |
| cr | | The Swindle Family Trust dated October 20, 1999 |

TOTAL: 3 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

| District/off: 0978-2 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Jul 22, 2025 | Form ID: 318 | Total Noticed: 19 |

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 24, 2025          Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 22, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| AKKE LEVIN | on behalf of Plaintiff LEE SOO AHN akke.levin@gtlaw.com flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Plaintiff EBH MANAGEMENT CO.  LLC akke.levin@gtlaw.com, flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Creditor BOK HYUN EUM akke.levin@gtlaw.com flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Interested Party Lee Soo Ahn akke.levin@gtlaw.com flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Creditor LEE SOO AHN akke.levin@gtlaw.com flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Plaintiff ALS PROPERTY HOLDINGS  LLC akke.levin@gtlaw.com, flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Plaintiff SEA FOX MANAGEMENT  LLC akke.levin@gtlaw.com, flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Interested Party Bok Hyun Eum akke.levin@gtlaw.com flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Plaintiff BOK HYUN EYM akke.levin@gtlaw.com flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| BENJAMIN B. CHILDS, SR. | on behalf of Interested Party BENJAMIN B. CHILDS  LTD ben@benchilds.com, sandy@benchilds.com;childsbb@gmail.com;anahuac@benchilds.com |
| BENJAMIN B. CHILDS, SR. | on behalf of Creditor BENJAMIN B. CHILDS  LTD ben@benchilds.com, sandy@benchilds.com;childsbb@gmail.com;anahuac@benchilds.com |
| KARA B. HENDRICKS | on behalf of Interested Party Lee Soo Ahn hendricksk@gtlaw.com escobargaddie@gtlaw.com;kara-hendricks-7977@ecf.pacerpro.com;flintza@gtlaw.com |
| KARA B. HENDRICKS | on behalf of Interested Party Bok Hyun Eum hendricksk@gtlaw.com escobargaddie@gtlaw.com;kara-hendricks-7977@ecf.pacerpro.com;flintza@gtlaw.com |
| KAREN M. AYARBE | on behalf of Creditor Villagio Property Owners Association kayarbe@lkglawfirm.com gakltd@kernltd.com;ncooper@lkglawfirm.com |
| MATTHEW I KNEPPER | on behalf of Debtor DUKE PARK mknepper@nvbankruptcyattorneys.com ecf@nvbankruptcyattorneys.com;fhqxmnna@mailparser.io;NevadaBankruptcyAttorneysLLC@jubileebk.net;ign@nvbankruptcyattorneys.com;lu@nvbankruptcyattorneys.com;dkrieger@nvbankruptcyattorneys.com;8076479420@filings.docketbird |

District/off: 0978-2                          User: admin                                    Page 3 of 3
Date Rcvd: Jul 22, 2025                       Form ID: 318                                Total Noticed: 19

OGONNA M. BROWN
                        on behalf of Creditor The Swindle Family Trust dated October 20  1999 Ogonna.Brown@wbd-us.com,
                        ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;klopez@lewisroca.com,Renee.C
                        reswell@wbd-us.com

ROBERT E. ATKINSON
                        Robert@ch7.vegas  TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

U.S. TRUSTEE - LV - 7
                        USTPRegion17.LV.ECF@usdoj.gov


TOTAL: 18

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **DUKE PARK** | Social Security number or ITIN   xxx–xx–3694 |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   District of Nevada | | |
| Case number:   25–12285–abl | | |

## Order of Discharge                                                                              12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

DUKE PARK

<u>7/22/25</u>                                                **By the court:**  <u>AUGUST B. LANDIS</u>
                                                                              United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---

Official Form 318 **Order of Discharge** page 2

**Exhibit 4 – Henderson Justice Court Removal Order – 08/04/2025**

A copy of the Removal Order issued by the Henderson Justice Court on August 4, 2025, concerning possession of 33 Stonemark Dr.

## JUSTICE COURT, HENDERSON TOWNSHIP
## CLARK COUNTY, NEVADA

HENDERSON JC – FILED
2025 AUG 4 AM 7:54

SM

| | |
|---|---|
| THE SWINDLE FAMILY TRUST, | CASE NO. 25RH000013 |
| Owner(s), | DEPT. 3 |
| vs. | ORDER REGARDING OWNER'S AFFIDAVIT OF COMPLAINT FOR REMOVAL OF UNLAWFUL/UNAUTHORIZED OCCUPANT |
| STEVE PARK and all other occupants 33 STONEMARK DR. HENDERSON, NV 89052 | |
| Occupant(s). | |

This matter having come before the Court and the Court having reviewed the pleadings and documentation on file herein and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

☒ The unlawful or unauthorized occupant has failed to timely file an Affidavit contesting the matter. The Court has determined that sufficient evidence has been set forth in the Affidavit of Complaint to demonstrate that a forcible entry or forcible detainer has been committed by the unlawful or unauthorized occupant. An Order for Removal is **GRANTED** and shall issue immediately.

☐ The unlawful or unauthorized occupant has timely filed an Affidavit contesting the matter; however, the Court has determined that the Affidavit fails to raise an element of a legal defense regarding the alleged forcible entry or forcible detainer. An Order for Removal is **GRANTED** and shall issue immediately.

☐ The unlawful or unauthorized occupant has timely filed an Affidavit. While the Affidavit does not contest the issuance of a removal order or raise an element of a legal defense, the occupant has requested a stay of the order for removal. The Court has determined that the unlawful or unauthorized occupant gained entry or possession of the real property peaceably and as a result of an invalid lease, fraudulent act or misrepresentation by a person without the authority of the owner of the real property. The Order for Removal is **GRANTED** but stayed until The Order for Removal shall issue upon expiration of the stay.

☐ The unlawful or unauthorized occupant has timely filed an Affidavit contesting the matter. The Court has determined that the Affidavit raises an element of a legal defense regarding the alleged forcible entry or forcible detainer and shall be set for hearing. The matter shall be heard on the _____ day of _____, 20____, at the hour of _____ ____.M, in Department No. _____, at the HENDERSON Justice Court located at 243 WATER ST, HENDERSON, Nevada 89015.

☐ The Court has determined a legal defense has been raised and orders all further proceedings be conducted pursuant to NRS 40.290 to 40.420. The Owner's Affidavit of Complaint is DISMISSED.

**DATED** this 4th day of August, 2025.

**BARBARA SCHIFALACQUA**

_____
Chief Judge Barbara Schifalacqua
Justice of the Peace, Department 3
Henderson Township

**Exhibit 5 – Henderson Constable Lockout Notice – 08/07/2025**

A copy of the Lockout Notice issued by the Henderson Constable on August 7, 2025, pertaining to 33 Stonemark Dr.



**CONSTABLE'S OFFICE of HENDERSON TOWNSHIP**
Kenny Taylor, Constable
243 Water Street Henderson, NV 89015
Phone 702-455-7940 Fax 702-455-7942

HNTC **9747**

CASE NO: 25RH000015

## INSTRUCTIONS TO THE CONSTABLE

**IMMEDIATE**

BILLING ACCOUNT NAME: _____
LANDLORD OR AGENT: Zaydee Stemmons
STREET ADDRESS: 3993 Howard Hughes Parkway, Suite 600
CITY, STATE & ZIP: Las Vegas, Nevada 97169
DIRECT NUMBER: 702-474-2645
AFTER HOURS CONTACT: 402-515-7082

TENANT: Steve Park
STREET ADDRESS: 33 Stonemark Dr
CITY, STATE & ZIP: Henderson, Nevada 99052

ANIMAL: ___ YES ___ NO Type/Breed: _____
unknown

### EVICTION INSTRUCTIONS

To secure the property at the time of eviction, the locks MUST be changed. All ___
prior to Court Seal being placed on the property. If ___
a cancelation, we MUST ___




## WARNING KEEP OUT

CONSTABLE'S OFFICE OF
HENDERSON TOWNSHIP
243 WATER STREET HENDERSON, NV 89015
702.455.7940
FAX 702.455.7942

Clark County NEVADA

Henderson CONSTABLE

CASE: 25RH000015 DATE: 08-07-25

ATTENTION TENANT AND ALL OTHERS: Steve Park NV 89052

ADDRESS: 33 Stonemark Dr Henderson Family Trust

FOR ACCESS TO PROPERTY CONTACT: Zaydee Family
(602) 515-7682

TELEPHONE: 702-474-2645

REMOVAL OF THIS SEAL AND/OR ENTERING THIS SEALED PROPERTY IS A CRIME UNDER
NRS 199.340(5), 205.080 (RE-ENTRY) AND 207.200 (TRESPASS) AND ANY PERSON(S) OTHER
THAN THE OWNER OR DESIGNEE REMOVING AND/OR ENTERING SHALL BE PUNISHED
ACCORDING TO THE LAW. ENTERING WITH INTENT TO COMMIT LARCENY OR ANY FELONY
MAY BE PROSECUTED AS A FELONY BURGLARY.

**THESE PREMISES HAVE BEEN SEALED BY ORDER
OF THE HENDERSON JUSTICE COURT**

**IMMEDIATE**



RECEIVED
AUG 12 2025

HENDERSON JUSTICE COURT
Township of Henderson, Clark County, Nevada

Case No.: 25RH000015

### URGENT REQUEST FOR IMMEDIATE RESTORATION OF POSSESSION

Your Honor,

On August 7, 2025, my property at 33 Stonemark Dr. was locked out after my bankruptcy discharge on July 22, 2025 and BNC service on July 24, 2025, without any relief from the stay or discharge injunction under 11 U.S.C. §§ 362 and 524.

This unlawful lockout has directly impacted my son, Steve Park, and his wife, both of whom live at the property and have regular jobs. They are now unable to commute normally to work, and each day of delay causes serious disruption, financial strain, and uncertainty about our property.

The U.S. Bankruptcy Court already has hearings set for September 10, 2025 and September 15, 2025 on identical violations by the same creditor. I respectfully request that this Court immediately restore possession or at least stay all further enforcement until the federal hearings are concluded.

Dated: August 12, 2025

Submitted by:

Duke Park, Pro Se

1392 Via Merano St.

Henderson, NV 89052

408-318-3700

dukepark@me.com

# HENDERSON JUSTICE COURT
# Township of Henderson, Clark County, Nevada

Case No.: 25RH000015

Property Address: 33 Stonemark Dr., Henderson, NV 89052

SUPPLEMENTAL STATEMENT
In Support of Motion to Reopen and Immediate Restoration of Possession

Filed by: Duke Park, Pro Se

Filed: August 12, 2025

Relief Requested:

- Immediate restoration of possession to Defendant and household (including Steve Park and his wife)

- Declaration that all post-BNC actions are void

- Stay of any further enforcement pending U.S. Bankruptcy Court hearings (9/10/2025 & 9/15/2025)

Submitted to:

Clerk of the Court

Henderson Justice Court

243 Water Street

Henderson, NV 89015

HENDERSON JUSTICE COURT
Township of Henderson, Clark County, Nevada

Case No.: 25RH000015

Property Address: 33 Stonemark Dr., Henderson, NV 89052

SUPPLEMENTAL STATEMENT
In Support of Motion to Reopen and Immediate Restoration of Possession

Defendant, Duke Park, respectfully submits this supplemental statement in further support
of the pending Motion to Reopen Case filed on August 11, 2025, and requests that this Court
order immediate restoration of possession prior to any further proceedings, for the reasons
set forth below:

1. Urgency of Restoration

The property at issue, 33 Stonemark Dr., was subject to a post-discharge lockout executed
on August 7, 2025—after the July 22, 2025 Discharge Order and July 24, 2025 Bankruptcy
Noticing Center ("BNC") service. This action occurred without relief from the automatic stay
or discharge injunction as required under 11 U.S.C. §§ 362 and 524.

2. Federal Preemption

The United States Bankruptcy Court has already scheduled hearings on September 10, 2025
and September 15, 2025 to address identical violations by the same creditor involving both
properties listed in the bankruptcy schedules, including the property at issue here. To
prevent further harm and avoid conflicting rulings, this Court should immediately restore
possession and defer to the Bankruptcy Court's determinations.

3. Irreparable Harm from Delay – Impact on Family and Employment

The unlawful lockout has directly impacted my son, Steve Park, and his wife, who reside at
the property. Both are employed and have regular work schedules, and the sudden loss of
access to their home has severely disrupted their ability to commute to work and maintain
normal daily routines. These disruptions have caused additional stress, financial strain, and
logistical difficulties, including longer commute times, temporary relocation expenses, and
uncertainty about personal property security. If restoration is delayed, the harm to their
employment stability and daily life will continue to escalate.

3

4. Relief Requested

Defendant respectfully requests that the Court:

1. Grant the Motion to Reopen without delay;

2. Declare the August 4 Removal Order and any related writs void as post-BNC actions;

3. Order immediate restoration of possession to Defendant and his household, including Steve Park and his wife, prior to the Bankruptcy Court hearings; and

4. Stay any further enforcement or proceedings pending the outcome of the federal case.

DATED: August 12, 2025

Respectfully submitted,

Duke Park, Pro Se

1392 Via Merano St.

Henderson, NV 89052

408-318-3700

dukepark@me.com