# EXHIBIT 8

Ogonna M. Brown, NV Bar No. 7589
Ogonna.Brown@wbd-us.com
Christine R. Fox, NV Bar No. 15568
Christine.Fox@wbd-us.com
Zaydee R. Stemmons, NV Bar No. 16991
Zaydee.Stemmons@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel:    702.949.8200
Fax:    702.949.8398

*Attorneys for Plaintiff The Swindle Family Trust dated October 20, 1999*

HENDERSON JC - FILED
2025 AUG 18 AM 11:30



## JUSTICE COURT, TOWNSHIP OF HENDERSON

## CLARK COUNTY, NEVADA

THE SWINDLE FAMILY TRUST DATED
OCTOBER 20, 1999,

        Plaintiff,

    vs.

STEVE PARK, and all other occupants,

        Defendants.

Case No.: 25RH000015

Dept. No.: 3

**OWNER'S OPPOSITION TO
NONPARTY MOTION TO REOPEN**

Plaintiff/Owner The Swindle Family Trust Dated October 20, 1990 ("Swindle Family Trust" or "Owner"), by and through its attorneys Ogonna M. Brown and Zaydee R. Stemmons of the law firm of Womble Bond Dickinson (US) LLP, hereby files this Opposition to the Motion to Reopen ("Motion") filed by nonparty Duke Park ("Nonparty Park") in regards to the property located at 33 Stonemark Dr., Henderson, NV 89052 (the "Property").

    This Opposition is based on the following grounds and reasons: (1) Duke Park is a nonparty and has no standing to file a motion to reopen as he does not own the Property nor does he occupy the Property; (2) Duke Park misleads this Court regarding what has transpired in the bankruptcy proceedings, where Duke Park, not Steve Park, filed for bankruptcy and on May 8, 2025, entered into a stipulation with the Swindle Family Trust to terminate the automatic stay to allow foreclosure of the Stonemark Property. After the foreclosure sale, Steve Park was evicted, because he has been

4930-2074-4030.1

1  living there rent free while the Swindle Trust was stuck paying property insurance and real property

2  taxes; (3) the Motion is moot because Steve Park removed a portion of his personal belongings on

3  August 14, 2025, and is meeting at the Property on August 16, 2025, with a moving truck to move

4  out the rest of his belongings; (4) Duke Park also misapprehends the impact of the Discharge Order

5  in the bankruptcy action, which has absolutely no impact on Steve Park, a non-debtor. More

6  importantly, the Discharge Order explicitly permits creditors to enforce liens, including home

7  mortgages, which the Swindle Trust enforced with the foreclosure sale; and (5) it would be

8  procedurally improper and unjust to reopen the case and restore possession to Occupant, who has

9  been living on the Property rent-free.

10      Plaintiff requests that this Court take judicial notice of Duke Park's bankruptcy proceeding

11  pending in the United States Bankruptcy Court, District of Nevada, as Case No. BK-S-25-12285-

12  ABL.[1]

13      This Opposition is made and based upon the Memorandum of Points and Authorities, as

14  well as the papers and pleadings on file herein.

15                    **MEMORANDUM OF POINTS AND AUTHORITIES**

16                    **I.      LEGAL ARGUMENT**

17  **A. Duke Park Lacks Standing to File Motion to Reopen his Son's Eviction Case**

18      First, Nonparty Park (the father of Defendant Steve Park ("<u>Defendant</u>" or "<u>Occupant</u>") is a

19  nonparty and has no standing to file a Motion to Reopen. Nevada case law generally requires a

20  showing of injury-in-fact, redressability, and causation to allow standing. *See Nat'l Ass'n of Mut.*

21  *Ins. Companies v. Dep't of Bus. & Indus., Div. of Ins.*, 139 Nev. 18, 22, 524 P.3d 470, 476 (2023).

22  Nonparty Park fails at the first step, as he has experienced no injury-in-fact from a separate person's

---

[1] This Court may take judicial notice pursuant to Chapter 47 of the Nevada Revised Statutes under the Nevada Rules of Evidence. *See* NEV. REV. STAT. §§ 47.130-.170; *see also Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (allowing Nevada courts to take judicial notice of matters of public record); *FGA, Inc. v. Giglio*, 128 Nev. 271, 286, 278 P.3d 490, 500 (2012) (same). This Court may also take judicial notice of the documents Plaintiffs incorporate into the Complaint by reference. *See Baxter v. Dignity Health*, 131 Nev., Adv. Op. 76, 357 P.3d 927, 930 (2015) (holding that a "court may also consider unattached evidence on which the complaint necessarily relies" when ruling on a motion to dismiss without converting the motion to one for summary judgment where if a document is "incorporated by reference or integral to the claim.").

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON

removal from the Property. Regardless, this standing inquiry of injury, redressability, and causation is in the context of the commencement of a case. Here, Nonparty Park is nonsensically attempting to jump into the case that he is not involved in in defiance of Nevada rules.

**B. Steve Park Waived Answer and Non-Party Park Fails to Meet Standard to Reopen his Son's Eviction Case**

Duke Park's Motion to reopen should fail even if it was brought by a party. Motions to reopen are within the discretion of the trial court and are meant to promote justice. *See Andolino v. State*, 99 Nev. 346, 351, 662 P.2d 631, 634 (1983). Reopening a case is appropriate "where an essential element of a party's case can be easily and readily established by reopening the case." *Id.* Nonparty Park argues that the case should be reopened because of the ongoing bankruptcy action; however, the Order of Discharge (attached as Exhibit 2 to the Motion) states on page 1 that "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile." The deed of trust here was not avoided or eliminated. Thus, the Discharge Order that Nonparty Park attempts to use to reopen the case explicitly permits Owner's foreclosure, and provides no reason for the reopening of the case.

After Occupant refused to leave, and also did not exercise his right to file an Answer, Owner brought this removal action to regain its rightful possession. Steve Park's waiver to file an Answer is fatal here. Reopening the case, and especially restoring possession to Occupant, would obstruct justice by contradicting the bankruptcy Discharge Order and denying Owner its valid possession and ownership rights in the Property, in favor of Occupant, who has no rights to the property whatsoever. The Motion raises no new information, and merely attempts to change the adjudication with no meritorious reason and without following the process provided for in NRS 40.414.

**C. Motion to Reopen is Moot because Steve Park Retrieved his Key Personal Property**

Nonparty Park claims that the lockout directly impacted Occupant and his wife, who "resided" at the Property, because both are employed and have regular work schedules that have been disrupted. *See* Supplemental Statement ISO Motion to Reopen. Owner is working in good faith with the Occupant to retrieve his personal property. On August 9, 2025, the Owner gave Occupant

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON

1    access for hours to retrieve his personal belongings. Owner is currently scheduled to meet with

2    Steve Park at the Property on August 16, 2025, to meet with the moving company for Steve Park

3    to remove the rest of his personal property out of the house.

4    **D. Duke Park Stipulated to Foreclosure and Eviction in Bankruptcy Case**

5    Duke Park misleads this Court regarding what transpired in the Bankruptcy Court, because he

6    entered into a stipulation with the Swindle Family Trust to terminate the automatic stay to allow

7    foreclosure of the Property as follows:

8          IT IS FURTHER ORDERED that the automatic stay pursuant to 11 U.S.C. §
           362 is terminated as to the real property commonly known as **33 Stonemark**
9          **Drive, Henderson, NV 89052**, APN 190-08-414-017 and the real property
           commonly known as 1392 Via Merano Street, Henderson, NV 89052, APN 191-
10         02-713-008 (together, the "Properties").

11         IT IS FURTHER ORDERED that the Lender may proceed to **enforce its state**
           **law rights and remedies against the Properties, including, but not limited**
12         **to, foreclosure of the Properties** and seeking state court relief to expunge the
           lis pendens placed on the Properties.
13

14   *See* Stipulation and Order dated May 8, 2025, p. 2, ll. 3-9 (emphasis added) (Bankruptcy Dkt. No.

15   16), a true and correct copy of which is attached hereto as **Exhibit "A"**. The Owner's foreclosure

16   and eviction are both state law remedies for the Owner to enforce its state law rights and remedies

17   against the Property, and these actions fall squarely within the ambit of the Stay Relief Order. *See*

18   Stay Relief Order, p. 2, ll. 3-9 (emphasis added) (Bankruptcy Dkt. No. 16), **Exhibit "A"**.

19         After the foreclosure sale, the lender, the Swindle Trust, became the owner of the Property

20   because no one appeared to bid at the foreclosure sale. After the Swindle Trust became the owner,

21   Steve Park was evicted from the Property, as he was squatting on the property rent-free before and

22   now after Owner's lawful foreclosure, while Owner paid the insurance and real property taxes.

23   Owner properly brought a removal action after notifying Occupant pursuant to Nevada law with a

24   Four-Day Notice to Surrender.

25   . . .

26   . . .

27   . . .

28   . . .

4930-2074-4030.1                                    - 4 -

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON

## II.   <u>CONCLUSION</u>

Owner respectfully requests that this Court deny the Motion to Reopen as procedurally defective for lack of standing, waiver for Steve Park's failure to file a timely answer, and as moot because Steve Park has already moved out his personal belongings from the Property and will remove the remaining items on August 16, 2025.

DATED this 18th of August, 2025.

WOMBLE BOND DICKINSON (US) LLP

/s/ *Ogonna M. Brown*
Ogonna M. Brown, Esq., Nevada Bar No. 5382
Christine R. Fox, Esq., Nevada Bar No. 15568
Zaydee R Stemmons, Esq., Nevada Bar No. 16991
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
*Attorneys for Plaintiff The Swindle Family Trust dated*
*October 20, 1999*

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON

4930-2074-4030.1

- 5 -

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that service of the OWNER'S OPPOSITION TO NONPARY MOTION

3    TO REOPEN was made this day, pursuant to JRCP RULE 5(b) by depositing a copy of the same

4    in the U.S. Mail, first-class postage prepaid, addressed to:

5
           Steve Park
6          33 Stonemark Dr.
           Henderson, NV 89052
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON

# EXHIBIT A

# EXHIBIT A



Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
May 08, 2025

Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel:    702.949.8200
Fax:    702.949.8398

*Attorneys for Secured Creditor The Swindle Family
Trust dated October 20, 1999*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

DUKE PARK,

                                    Debtor.

Case No. 25-12285-ABL

Chapter 7

**ORDER APPROVING STIPULATION
FOR RELIEF FROM STAY RE REAL
PROPERTY LOCATED AT 33
STONEMARK DR., HENDERSON, NV
89052 AND 1392 VIA MERANO ST.,
HENDERSON, NV 89052 AND WAIVER
OF THE 14-DAY STAY UNDER FRBP
4001(a)(3)**

The Court having read and considered the Stipulation for Relief From Stay Re Real Property

Located at 33 Stonemark Dr., Henderson, NV 89052 and 1392 Via Merano St., Henderson, NV

89052 and Waiver of the 14-Day Stay Under FRBP 4001(a)(3) ("Stipulation") between The

Swindle Family Trust dated October 20, 1999 ("Lender"), by and through its counsel, Ogonna M.

Brown, Esq. of the law firm Womble Bond Dickinson (US) LLP, Duke Park ("Debtor"), by and

through his counsel, Matthew Knepper of the law firm Nevada Bankruptcy Attorneys LLC, and

Robert E. Atkinson, Chapter 7 Trustee ("Trustee" and, collectively with Lender and Debtor, the

"Parties"), and good cause appearing:

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

WOMBLE BOND DICKINSON

1      **IT IS HEREBY ORDERED** that the Stipulation is **APPROVED** in its entirety and all

2   Parties shall cooperate to effectuate the terms of the Stipulation.

3      **IT IS FURTHER ORDERED** that the automatic stay pursuant to 11 U.S.C. § 362 is

4   terminated as to the real property commonly known as 33 Stonemark Drive, Henderson, NV 89052,

5   APN 190-08-414-017 and the real property commonly known as 1392 Via Merano Street,

6   Henderson, NV 89052, APN 191-02-713-008 (together, the "Properties").

7      **IT IS FURTHER ORDERED** that the Lender may proceed to enforce its state law rights

8   and remedies against the Properties, including, but not limited to, foreclosure of the Properties and

9   seeking state court relief to expunge the lis pendens placed on the Properties.

10      **IT IS FURTHER ORDERED** that the 14-day stay of this order under FRBP 4001(a)(3) is

11   waived.

12      **IT IS SO ORDERED.**

13

14   Submitted by:

15

16   WOMBLE BOND DICKINSON (US) LLP

17

18   By: */s/ Ogonna Brown*
        Ogonna Brown, Bar No. 7589

19      Ogonna.Brown@wbd-us.com
        3993 Howard Hughes Parkway, Suite 600

20      Las Vegas, NV 89169
        Tel.: 702.949.8200

21      *Attorneys for Secured Creditor The Swindle*

22      *Family Trust dated October 20, 1999*

23                                                ###

24

25

26

27

28

                                    - 2 -

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON