Duke Park, Debtor – Pro Se
1392 Via Merano St.
Henderson, NV 89052
408-318-3700
dukepark@me.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

DUKE PARK,

Debtor.

Case No.: 25-12285-abl

Chapter 7

## MOTION TO CLARIFY JURISDICTION REGARDING

## LLC-OWNED PROPERTY LIS PENDENS

### I. Introduction

Debtor Duke Park respectfully submits this Motion before the United States Bankruptcy Court
(Main Case).

The property located at **4409 Spencer Street, Las Vegas, Nevada** (ALS Property Holdings LLC
– 55%, EBH Management Co. LLC – 45%) has already been referenced in this Court's records,
including **Doc. 60, Doc. 62, and Doc. 64**, and is part of the ongoing bankruptcy proceedings.
Nevertheless, **MPSN Holdings No. 1, LP** filed a *Lis Pendens Expunge Motion* in the Clark
County District Court and, on **September 2, 2025**, directly served a Summons upon the Debtor
at his residence.

### II. Statement of Facts

- **Unconsummated Sale Agreement (February 2024)**

The subject property was under contract for approximately **USD $4,000,000**; however, the transaction did not close after the Ahn group asserted ownership through a newly formed LLC (**Exhibit 1**).

- **Recording of Lis Pendens (March 28, 2024)**

To protect the estate asset, the Debtor recorded a **Lis Pendens** against the property (**Exhibit 2**). This was a reasonable and necessary measure to preserve rights in the ongoing ownership dispute.

- **Foreclosure Auction and Procedural Confusion (June 14, 2024)**

Despite the pending litigation and the recorded Lis Pendens, the property was sold at a foreclosure auction for **USD $2,401,000**, far below the earlier $4M contract.

This outcome was only reported to the Debtor and his broker after the fact by **Brian R. Gordon, CPA, Principal of Applied Analysis**, who had been appointed as Interim Manager upon the Ahn group's recommendation. The discrepancy between the pending $4M sale and the $2.4M auction result was never addressed transparently in state court proceedings.

- **Ahn Group's Silence and Inconsistency**

While asserting ownership through a newly created LLC, the Ahn group did not raise any objection or opposition when the property was sold at the undervalued auction price of approximately $2.4M.

In contrast, in other matters (e.g., the Swindle case), the same parties vigorously insisted on the necessity of maintaining Lis Pendens. This inconsistency further underscores the good-faith basis for the Debtor's Lis Pendens filing.

- **Request for Tax Records (April 28, 2025)**

Following the bankruptcy filing, the Debtor, through counsel, formally requested the Interim

Manager to provide **tax filings for three LLCs (tax years 2023 and 2024) (Exhibit 3)**.

The purpose of this request was to:

- determine how the missing tax filings were actually handled,
- clarify whether the Debtor's 2023 signature, made in a representative capacity for an

  LLC in the property purchase, created any tax liability attributable to the Debtor, and
- confirm whether such filings were properly disclosed to the Chapter 7 Trustee.

  However, the Debtor did not receive any formal tax return documents and only listed the

  basic LLCs and their EIN numbers.

- **Filing of Doc. 64 (August 21, 2025)**

Debtor filed **Doc. 64** in the Main Case, which included Exhibit D referencing the MPSN

Expunge Motion in state court (**Exhibit 4**).

- **Notice Filed in State Court (August 26, 2025)**

Debtor filed a **Notice** in the Clark County District Court, informing that jurisdiction properly lies

with this Bankruptcy Court (**Exhibit 5**).

- **Direct Service of Summons (September 2, 2025)**

Debtor was personally served at his residence with a Summons issued in the state court matter

concerning 4409 Spencer Street. The service was executed by a process server, from whom the

Debtor personally received a business card (**Exhibit 6**).

This direct service constitutes a violation of **11 U.S.C. §524(a) (Discharge Injunction)**.

**III. Legal Basis**

1. **Jurisdiction**

- **28 U.S.C. §1334(b):** The Bankruptcy Court has original and exclusive jurisdiction over matters concerning the estate and LLC membership interests.
- The Ahn group has already commenced related Adversary proceedings in this Court, thereby acknowledging its jurisdiction.

2. **State Court Procedural Confusion**

- The Summons and Expunge Motion filed in Clark County create **duplicative proceedings** while the same issues are already before this Bankruptcy Court.
- Such parallel actions cause confusion and undermine the orderly administration of the bankruptcy estate.

3. **Validity of Lis Pendens**

- **NRS 14.010:** authorizes recording of a Lis Pendens in actions affecting title or possession of real property.
- **NRS 14.015:** requires the party opposing expungement to demonstrate:

  (a) good faith,

  (b) risk of irreparable harm, and

  (c) likelihood of success.

- Here, Debtor acted in good faith when recording the Lis Pendens, faced irreparable harm when a $3.9M contract collapsed and the property was later auctioned for $2.401M, and now has an ongoing ownership dispute before this Court. Thus, the Lis Pendens remains valid and necessary.

4. **Discharge Injunction Violation (§524(a))**

- Serving the Debtor directly with a Summons is a prohibited act against a discharged debtor.

- This constitutes a violation of §524(a), and under **FRBP 9020**, this Court has authority to impose sanctions.

**IV. Relief Requested**

Debtor respectfully requests that this Court:

1. **Acknowledge that the issues raised in the Clark County District Court Summons and Expunge Motion concerning 4409 Spencer Street are already pending before this Bankruptcy Court, and therefore should not proceed separately in state court.**

2. **Confirm that LLC ownership and related Lis Pendens disputes remain within the exclusive jurisdiction of this Court.**

3. **Recognize that MPSN Holdings' direct service of the Summons constitutes a violation of 11 U.S.C. §524(a) and consider sanctions under FRBP 9020.**

4. **Authorize, if deemed appropriate, the U.S. Trustee to review the circumstances of the unconsummated sale, the foreclosure auction, and the handling of 2023–2024 LLC tax reporting, in order to promote procedural transparency for the benefit of all parties.**

**V. Exhibits (Chronological Order)**

1. **Sale Agreement** (March 2024, USD $3,900,000 – Transaction Not Consummated)

2. **Lis Pendens Record** (March 28, 2024)

3. **Email Request for Tax Records** (April 22, 2025, 3 LLCs and EIN references)

4. **Doc. 64** (filed August 21, 2025, Exhibit D – State Court MPSN Expunge Motion reference)

5. **Notice Filed in State Court** (August 26, 2025, clarifying Bankruptcy Court jurisdiction)

6. **Summons and Proof of Direct Service** (September 2, 2025, including business card and photo)

## Declaration of Duke Park

I, Duke Park, declare as follows:

1. I am the Debtor in the above-captioned case.
2. On September 3, 2025, I was personally served at my residence with a Summons issued in the Clark County District Court matter concerning 4409 Spencer Street. The service was executed by a process server, from whom I personally received a business card. I submit this Declaration in support of the **Motion to Clarify Jurisdiction regarding LLC-Owned Property Lis Pendens.**
3. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 3, 2025, at Las Vegas, Nevada.

Duke Park, Debtor – Pro Se

## Certificate of Service

I hereby certify that on **September 3, 2025**, I caused a true and correct copy of the foregoing MOTION TO CLARIFY JURISDICTION REGARDING LLC-OWNED PROPERTY LIS PENDENS together with the Declaration of Duke Park and attached Exhibits, to be served via CM/ECF electronic filing and/or by mail upon:

- **Allyson R. Johnson, Esq.**
  Sylvester & Polednak, Ltd.
  Counsel for MPSN Holdings No. 1, LP
- **Ogonna Brown, Esq.**
  Womble Bond Dickinson (US) LLP
  Counsel for The Swindle Family Trust

- **Akke Levin, Esq. and Kara Hendricks, Esq.**
  Greenberg Traurig, LLP
  Counsel for Ahn Parties (Adversary Proceeding)
- **Office of the U.S. Trustee**

Dated: September 3, 2025

I declare under penalty of perjury under the laws of the United States that the attached documents are true and correct.

Respectfully submitted,

Duke Park, Debtor – Pro Se

Exhibits 1

**Sale Agreement** (March 2024, USD $3,900,000 – Transaction Not Consummated)

STATE OF NEVADA
**STANDARD COMMERCIAL/INVESTMENT**
**PURCHASE AGREEMENT**
(Non-Residential or More Than Four Residential Units)



THIS FORM FOR USE
IN NEVADA ONLY
Real Estate Forms
Since 1986

### DEFINITIONS

*BROKER* includes cooperating broker and all sales persons. *DAYS* means calendar days, midnight to midnight, unless otherwise specified. *BUSINESS DAY* excludes Saturdays, Sundays and legal holidays. *DATE OF ACCEPTANCE* means the date Seller accepts the offer or the Buyer accepts the counter offer, and the written acceptance is put in the course of transmission to the other party. This rule also applies to the removal of contingencies. *DELIVERED* means personally delivered, transmitted electronically in accordance with applicable laws, by a nationally recognized overnight courier, or by first class mail, postage prepaid. In the event of mailing, the document will be deemed delivered three (3) business days after deposit; in the event of overnight courier, one (1) business day after deposit; and if electronically at the time of transmission provided that a transmission report is generated and retained by the sender reflecting the accurate transmission of the document. Unless otherwise provided in this Agreement or by law, delivery to the agent will constitute delivery to the principal. *DATE OF CLOSING* means the date title is transferred. *TERMINATING THE AGREEMENT* means that both parties are relieved of their obligations and all deposits will be returned to Buyer. *PROPERTY* means the real property and any personal property included in the sale.

**AGENCY RELATIONSHIP CONFIRMATION.** The following agency relationship is hereby confirmed for this transaction and supersedes any prior agency election.

LISTING AGENT: CBRE ___ by Ben Galles ___ is the agent of (check one):
(Print Company Name)      (Print Agent Name)
[X] the Seller exclusively; or [ ] both the Buyer and the Seller.

SELLING AGENT: Black and Cherry Real Estate ___ by Ramin Shoar ___ is the agent of (check one):
(Print Company Name)      (Print Agent Name)
[X] the Buyer exclusively; or [ ] the Seller exclusively; or [ ] both the Buyer and the Seller.

*Note: This confirmation DOES NOT take the place of the AGENCY DISCLOSURE forms required by regulation.*

GA Holdings and or assigns ___, hereinafter designated as BUYER, offers to purchase

the real property situated in Las Vegas ___, County of Clark ___, Nevada,

commonly known as 4409 Spencer St Las Vegas, NV APN # 162-23-207-001

FOR THE PURCHASE PRICE OF $ 3,900,000 (Three Million Nine Hundred Thousand & 00/100

___ dollars) on the following terms and conditions:

**1. FINANCING TERMS AND LOAN PROVISIONS.** (Buyer represents that the funds required for the initial deposit, additional deposit, cash balance and closing cost are readily available.)

A. $ 50,000   DEPOSIT evidenced by [ ] check, or [X] other: Wire
held uncashed until acceptance and not later than three (3) business days thereafter deposited toward the purchase price with Fidelity Title Michele Seibold

B. $ ___   ADDITIONAL CASH DEPOSIT to be placed in escrow [ ] within ___ days after acceptance, [ ] upon receipt of Loan Commitment per Item 2. [ ] Other:

C. $ 2,050,000   BALANCE OF CASH PAYMENT needed to close, not including closing costs.

D. $ ___   NEW FIRST LOAN:
[ ] FIXED RATE: For ___ years, interest not to exceed ___%, payable at approximately $ ___ per month (principal and interest only), with the balance due in not less than ___ years.
[ ] ARM: For ___ years, initial interest rate not to exceed ___%, with initial monthly payments of $ ___ and maximum lifetime rate not to exceed ___%.
[ ] Buyer will pay loan fee or points not to exceed 1 ___.
[ ] Lender to appraise property at no less than purchase price prior to loan contingency removal.

E. $ ___   EXISTING FINANCING: [ ] ASSUMPTION OF, [ ] SUBJECT TO existing loan of record described as follows:

F. $ 1,800,000   SELLER FINANCING: [X] FIRST LOAN, [ ] SECOND LOAN, [ ] THIRD LOAN, secured by the property.
[ ] Seller Financing Addendum is attached and made a part of this Agreement.

G. $ ___   OTHER FINANCING TERMS:

H. $ 3,900,000   TOTAL PURCHASE PRICE (not including closing costs).

**2. LOAN APPROVAL.** (Please check one of the following):

A. [X] CONTRACT IS NOT CONTINGENT upon Buyer obtaining a loan.

B. [ ] CONTRACT IS CONTINGENT upon Buyer's ability to obtain a commitment for new financing, as set forth above, from a lender or mortgage broker of Buyer's choice, and/or consent to assumption of existing financing provided for in this Agreement, within ___ days after acceptance. Buyer will in good faith use his or her best efforts to qualify for and obtain the financing and will complete and submit a loan application within five (5) days after acceptance. Buyer [ ] will, [ ] will not provide a [ ] prequalification letter, or [ ] preapproval letter from lender or mortgage broker based on Buyer's application and credit report within ___ days after acceptance. In the event a loan commitment or consent is obtained but not timely honored without fault of Buyer, Buyer may terminate this Agreement.

Buyer [ ___ ] and Seller [ ___ ] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

Page 1 of 6

FORM 101-C.1 NEV (6-2009) COPYRIGHT PROFESSIONAL PUBLISHING, NOVATO, CA

Form generated by: TrueForms™ from REVEAL® SYSTEMS, Inc. 800-499-9612

**PROFESSIONAL PUBLISHING**

Property Address: _____ 4409 Spencer St Las Vegas, NV 89119 _____

**3. BONDS AND ASSESSMENTS.** In the event there is a bond or assessment which has an outstanding principal balance and is a lien upon the property, the current installment will be prorated between Buyer and Seller as of the date of closing. Future installments will be assumed by Buyer WITHOUT CREDIT toward the purchase price, EXCEPT AS FOLLOWS: _____None_____

This Agreement is conditioned upon both parties verifying and approving in writing the amount of any bond or assessment to be assumed or paid within ten (10) days after receipt of the preliminary title report or property tax bill whichever is later. In the event of disapproval, the disapproving party may terminate this Agreement.

**4. PROPERTY TAX.** Buyer acknowledges that the property may be reassessed upon change of ownership which may result in a tax increase or decrease.

**5. EXISTING LOANS.** Seller will, within three (3) days after acceptance, provide Buyer with copies of all notes and deeds of trust to be assumed or taken subject to. Within five (5) days after receipt Buyer will notify Seller in writing of his or her approval or disapproval of the terms of the documents. Approval will not be unreasonably withheld. Within three (3) days after acceptance, Seller will submit a written request for a current Statement of Condition on the above loan(s). Seller warrants that all loans will be current at close of escrow. Seller will pay any prepayment charge imposed on any existing loan paid off at close of escrow. Buyer will pay the prepayment charge on any loan which is to remain a lien upon the property after close of escrow. The parties are encouraged to consult his or her lender regarding prepayment provisions and any due on sale clauses.

**6. DESTRUCTION OF IMPROVEMENTS.** If the improvements of the property are destroyed, materially damaged, or found to be materially defective as a result of such damage prior to close of escrow, Buyer may terminate this Agreement by written notice delivered to Seller or his or her Broker, and all unused deposits will be returned. In the event Buyer does not elect to terminate this Agreement, Buyer will be entitled to receive, in addition to the property, any insurance proceeds payable on account of the damage or destruction.

**7. EXAMINATION OF TITLE.** In addition to any encumbrances assumed or taken "subject to," Seller will convey title to the property subject only to: [1] real estate taxes not yet due; and [2] covenants, conditions, restrictions, rights of way and easements of record, if any.
      Within three (3) days after acceptance, Buyer will order a Preliminary Title Report and copies of CC&Rs and other documents of record if applicable. Within ten (10) days after receipt, Buyer will report to Seller in writing any valid objections to title contained in such report (other than monetary liens to be paid upon close of escrow). If Buyer objects to any exceptions to the title, Seller will use due diligence to remove such exceptions at his or her own expense before close of escrow. If such exceptions cannot be removed before close of escrow, this Agreement will terminate, unless Buyer elects to purchase the property subject to such exceptions. If Seller concludes he or she is in good faith unable to remove such objections, Seller will so notify Buyer within ten (10) days after receipt of said objections. In that event Buyer may terminate this Agreement.

**8. EVIDENCE OF TITLE** will be in the form of a policy of title insurance, issued by __Fidelity Title__
      Owner's policy to be paid by ☐ Buyer, ☒ Seller, ☐ Split 50/50.
      Lender's policy to be paid by ☒ Buyer, ☐ Seller, ☐ Split 50/50.

**9. PRORATIONS.** Rents, real estate taxes, interest, payments on bonds and assessments assumed by Buyer, and homeowners association fees will be prorated as of the date of recordation of the deed. Security deposits, advance rentals, or considerations involving future lease credits will be credited to Buyer.

**10. CLOSING.** Full purchase price to be paid and deed to be recorded ☒ on or before __See Addendum #1__ , OR ☐ within ____ days after acceptance. If the closing date falls on a Saturday, Sunday or holiday, the close of escrow will be on the next business day. Both parties will deposit with an authorized escrow holder, to be selected by Buyer, all funds and instruments necessary to complete the sale in accordance with the terms of this Agreement. ☒ Where customary, signed escrow instructions will be delivered to escrow holder within __5__ days after acceptance. Escrow fee to be paid by __Split 50/50__ . County/City transfer tax(es), if any, to be paid by __Split 50/50__
THIS PURCHASE AGREEMENT TOGETHER WITH ANY ADDENDA WILL CONSTITUTE JOINT ESCROW INSTRUCTIONS TO THE ESCROW HOLDER.

**11. PHYSICAL POSSESSION.** Physical possession of the property, with keys to all property locks, alarms, and garage door openers, will be delivered to Buyer (check one):
      ☒ On the date of recordation of the deed, not later than __5:00__ ☐ a.m., ☒ p.m.;
      ☐ On the _____ day after recordation, not later than _____ ☐ a.m., ☐ p.m.

**12. FIXTURES.** All items permanently attached to the property, including light fixtures and bulbs, attached floor coverings, all attached window coverings, including window hardware, window and door screens, storm sash, combination doors, awnings, TV antennas, burglar, fire, smoke and security alarms (unless leased), pool and spa equipment, solar systems, attached fireplace screens, electric garage door openers with controls, outdoor plants and trees (other than in movable containers), are included in the purchase price free of liens, EXCLUDING: __None__

**13. INSPECTIONS OF PHYSICAL CONDITION OF PROPERTY.** Buyer will have the right to retain, at his or her expense, licensed experts including but not limited to engineers, geologists, architects, contractors, surveyors, arborists, and structural pest control operators to inspect the property for any structural and nonstructural conditions, including matters concerning roofing, electrical, plumbing, heating, cooling, appliances, well, septic system, pool, boundaries, geological and environmental hazards, toxic substances including asbestos, mold, formaldehyde, radon gas, and lead-based paint. Buyer, if requested by Seller in writing, will promptly furnish, at no cost to Seller, copies of all written inspection reports obtained. Buyer will approve or disapprove in writing all inspection reports obtained within fifteen (15) (or __15__ ____ days after acceptance. In the event of Buyer's disapproval, Buyer may, within the time stated or mutually agreed upon

Buyer [_____] [_____] and Seller [✗] [_____] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

Page 2 of 6
FORM 101-C.2 NEV (8-2009) COPYRIGHT PROFESSIONAL PUBLISHING, NOVATO, CA

Form generated by: TrueForms™ from REVEAL® SYSTEMS, INC. 800-499-9612

**PROFESSIONAL PUBLISHING**

Property Address:    4409 Spencer St Las Vegas, NV 89119

extension, elect to terminate this Agreement, or invite Seller to negotiate repairs. (See P.P. Form 101-M, Addendum Regarding Removal of Inspection Contingencies.)

14. **NOTICE OF VIOLATIONS.** By acceptance, Seller warrants that he or she has no written notice of violations relating to the property from City, County, State, Federal or any other governmental agencies.

15. **INCOME AND EXPENSE STATEMENT.** Within seven (7) days of acceptance, Seller will deliver to Buyer, for his or her approval, a true and complete statement of rental income and expenses. Within seven (7) days of receipt of that statement, Buyer will notify Seller in writing of his or her approval or disapproval. In case of disapproval, Buyer may terminate this Agreement.

16. **SERVICE CONTRACTS.** Within seven (7) days of acceptance, Seller will furnish Buyer, for his or her approval copies of any service and/or equipment rental contracts with respect to the property which run beyond close of escrow. Within seven (7) days of receipt of the copies, Buyer will notify Seller in writing of his or her approval or disapproval. In case of disapproval, Buyer may terminate this Agreement.

17. **EXISTING LEASES.** This Agreement is subject to existing leases, and rental agreements. Within seven (7) days of acceptance, Seller will deliver to Buyer, for his or her approval, true copies of all existing leases and rental agreements, copies of all outstanding notices sent to tenants, and a written statement of any oral agreements with tenants. Seller will also deliver to Buyer, within seven (7) days of acceptance, a statement of any uncured defaults, claims made by or to tenants, and a statement of all tenants' deposits held by Seller. Seller warrants all information to be true and complete. Buyer's obligations are conditioned upon approval of existing leases and rental agreements. Within seven (7) days of receipt of the documents, Buyer will notify Seller in writing of his or her approval or disapproval. In case of disapproval, Buyer may terminate this Agreement. Buyer's obligations under this Agreement are further conditioned upon receipt on or before date of closing of Estoppel Certificates executed by each tenant acknowledging that a lease or rental agreement is in effect, that no lessor default exists, and stating the amount of any prepaid rent or security deposit.

18. **CHANGES DURING TRANSACTION.** During the pendency of this transaction, Seller agrees that no changes in the existing leases or rental agreements will be made, no new leases or rental agreements entered into, nor will any substantial alterations or repairs be made or undertaken to the property without the written consent of the Buyer.

19. **MAINTENANCE.** Seller will maintain the property until the closing in its present condition, ordinary wear and tear excepted. The heating, ventilating, air conditioning, plumbing, elevators, loading doors, and electrical systems will be in good operating order and condition as of the time of closing.

20. **ACCESS TO PROPERTY.** Seller agrees to provide reasonable access to the property to Buyer and inspectors, appraisers, and all other professionals representing Buyer

21. **WALK-THROUGH INSPECTION.** Buyer will have the right to conduct a walk-through inspection of the property within ___3___ days prior to close of escrow, to verify Seller's compliance with the provisions under Item 12, FIXTURES, and Item 19, MAINTENANCE. This right is not a condition of this Agreement, and Buyer's sole remedy for an alleged breach of these items is a claim for damages. Utilities are to remain turned on until transfer of possession.

22. **COMPLIANCE WITH LOCAL LAWS.** Seller will comply with any local laws applicable to the sale or transfer of the property, including but not limited to: Providing inspections and/or reports for compliance with local building and permit regulations, including septic system inspection reports; compliance with minimum energy conservation standards; and compliance with water conservation measures. All required inspections and reports will be ordered within three (3) days after acceptance and will be paid by ☐ Seller, ☒ Buyer. If Seller does not agree within ___5___ days after receipt of a report to pay the cost of any repair or improvement required to comply with such laws, Buyer may terminate this Agreement. It is understood that if Seller has given notice that necessary permits or final approvals were not obtained for some improvements, Seller will not be responsible for bringing the improvements into compliance unless otherwise agreed.

23. **OPTIONAL PROVISIONS.** The provisions in this item 23, IF INITIALED BY BUYER are included in this Agreement.

23-A. [ ✗ ][ _____ ] **PEST CONTROL INSPECTION.** Inspection to be paid for by ☒ Buyer, ☐ Seller. The main building and all structures on the property to be inspected by a licensed pest control operator, the inspection to be completed within ____ days of acceptance . Seller to pay for: (1) elimination of infestation and/or infection of wood-destroying pests or organisms; (2) repair of damage caused by such infestation and/or infection; (3) correction of conditions which caused said damage; and (4) repair of plumbing and other leaks and repair of damage caused by such leaks. Seller will not be responsible for preventive work where no damage is found, except where required for FHA or VA financing. Seller agrees to pay an amount NOT to exceed $____0____ or repairs required by the pest control inspection.
   If inspecting pest control operator recommends further inspection of inaccessible areas, Buyer may require that said areas be inspected. If any infestation or infection is discovered by such inspection, the additional cost of such inspection and additional required work will be paid by Seller to the limit set forth above. If no such infestation or infection is discovered, the additional cost of inspecting such inaccessible areas and the work required to return the property to its original condition will be paid by Buyer.

23-B. [ ✗ ][ _____ ] **SELLER TO PAY FOR WORK SHOWN IN EXISTING PEST CONTROL REPORT.** Within 24 hours after acceptance, Seller will furnish Buyer a copy of the existing pest control report dated _____ by _____. Seller agrees to pay for all work, if any, recommended in said report, or perform the work himself or herself as stated in item 23-A. Within fifteen (15) days after acceptance, Buyer will notify Seller in writing of approval or disapproval of the report. In case of disapproval, Buyer may terminate this Agreement.

23-C. [ ✗ ][ _____ ] **WAIVER OF PEST CONTROL INSPECTION.** Buyer has satisfied himself or herself about the condition of the property and agrees to purchase the property without the benefit of a structural pest control inspection. Buyer acknowledges that he or she has not relied upon any representations by either the Broker or the Seller with respect to matters that would normally be covered in a pest control inspection.

Buyer [ ✗ ][ _____ ] and Seller [ ✗ ][ _____ ] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

Page 3 of 6
FORM 101-C.3 NEV (6-2009) COPYRIGHT PROFESSIONAL PUBLISHING, NOVATO, CA

**PROFESSIONAL PUBLISHING**

Form generated by TrueForms™ from REVEAL®SYSTEMS, Inc. 800-499-0612

Property Address:    4409 Spencer St Las Vegas, NV 89119

23-D. [✗] [___] MAINTENANCE RESERVE. Seller agrees to leave in escrow a maintenance reserve in the amount of $_____ 0 _____. If, in the reasonable opinion of a qualified technician, any of the equipment listed under Item 19, MAINTENANCE, is not in working order, Buyer will furnish Seller a copy of the technician's inspection report and/or submit written notice to Seller of noncompliance of any of the terms under Item 19, MAINTENANCE, within seven (7) days after occupancy is delivered .
In the event Seller fails to make the repairs and/or corrections within five (5) days after receipt of said report or notice, Seller authorizes the escrow holder to disburse to Buyer against bills for such repairs or corrections the sum of such bills, not to exceed the amount reserved. Said reserve will be disbursed to Buyer or returned to Seller not later than fifteen (15) days after date occupancy is delivered .

23-E. [✗] [___] FLOOD HAZARD ZONE. Buyer has been advised that the property is located in a special flood hazard area or a designated by the Federal Emergency Management Agency (FEMA). It will be necessary to purchase flood insurance in order to obtain any loan secured by the property from any federally regulated financial institution or a loan insured or guaranteed by an agency of the U.S. Government. The purpose of the program is to provide flood insurance at reasonable cost. For further information consult your lender or insurance carrier.

23-F. [✗] [___] PROBATE/CONSERVATORSHIP SALE. This sale is subject to court approval at which time the court may allow open competitive bidding. An "AS IS" Addendum [ ] is, [✗] is not attached and made a part of this Agreement.

23-G. [✗] [___] TAX DEFERRED EXCHANGE (INVESTMENT PROPERTY). In the event that Seller wishes to enter into a tax deferred exchange for the property, or Buyer wishes to enter into a tax deferred exchange with respect to property owned by him or her in connection with this transaction, each of the parties agrees to cooperate with the other party in connection with such exchange, including the execution of such documents as may be reasonably necessary to complete the exchange; provided that: (a) the other party will not be obligated to delay the closing; (b) all additional costs in connection with the exchange will be borne by the party requesting the exchange; (c) the other party will not be obligated to execute any note, contract, deed or other document providing for any personal liability which would survive the exchange; and (d) the other party will not take title to any property other than the property described in this Agreement. It is understood that a party's rights and obligations under this Agreement may be assigned to a third party intermediary to facilitate the exchange. The other party will be indemnified and held harmless against any liability which arises or is claimed to have arisen on account of the exchange.

23-H. [✗] [___] PERSONAL PROPERTY. The purchase price includes all furniture and furnishings and any other personal property owned by Seller and used in the operation of the property per attached signed inventory, receipt of which is hereby acknowledged. This inventory is incorporated by reference. The personal property will be transferred to Buyer by a Warranty Bill of Sale delivered at closing.

24. EXPIRATION OF OFFER. This Offer will expire unless acceptance is delivered to Buyer or to ___Ben Galles___ (Buyer's Broker) on or before (date) ___3/22/2024___ (time) ___11:00___ [✗] a.m. [ ] p.m.

25. COUNTERPARTS. This Agreement may be executed in one or more counterparts, each of which is deemed to be an original.

26. CONDITIONS SATISFIED/WAIVED IN WRITING. Each condition or contingency, covenant, approval or disapproval will be satisfied according to its terms or waived by written notice delivered to the other party or his or her Broker.

27. TIME. Time is of the essence of this Agreement; provided, however, that if either party fails to comply with any contingency in this Agreement within the time limit specified, this Agreement will not terminate until the other party delivers written notice to the defaulting party requiring compliance within 24 hours after receipt of notice. If the party receiving the notice fails to comply within the 24 hours, the non-defaulting party may terminate this Agreement without further notice. It is understood that neither the making of deposits nor the close of escrow is a contingency.

28. LIQUIDATED DAMAGES. By initialing in the spaces below,

[✗] [___] Buyer agrees          [___] [___] Buyer does not agree
[___] [___] Seller agrees          [___] [___] Seller does not agree

that in the event Buyer defaults in the performance of this Agreement, Seller will retain as liquidated damages the deposit set forth in Items 1-A and 1-B, and that said liquidated damages are reasonable in view of all the circumstances existing on the date of this Agreement. In the event that Buyer defaults and has not made the deposit required under Item 1-B, then Seller will have the option of retaining the initial deposit or terminating the obligations of the parties under this Item 28 and recovering such damages from Buyer as may be allowed by law. The parties understand that in case of dispute mutual cancellation instructions are necessary to release funds from escrow or trust accounts.

29. DEFAULT. In the event Buyer defaults in the performance of this Agreement (unless Buyer and Seller have agreed to liquidated damages), Seller may, subject to any rights of Broker, retain Buyer's deposit to the extent of damages sustained and may take such actions as he or she deems appropriate to collect such additional damages as may have been actually sustained. Buyer will have the right to take such action as he or she deems appropriate to recover such portion of the deposit as may be allowed by law.

Buyer [✗] [___] and Seller [✗] [___] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

FORM 101-C.4 NEV (6-2009) COPYRIGHT PROFESSIONAL PUBLISHING, NOVATO, CA

Form generated by: TrueForms™ from REVEAL® SYSTEMS, Inc. 800-499-9612

[PROFESSIONAL PUBLISHING logo]

Property Address:    4409 Spencer St Las Vegas, NV 89119

30. **MEDIATION OF DISPUTES.** If a dispute arises out of or relates to this Agreement or its breach,  by initialing in the "agree" spaces below the parties agree to first try in good faith to settle the dispute by voluntary non-binding mediation before resorting to court action or arbitration, unless the dispute is a matter excluded under item 31. ARBITRATION. The fees of the mediator will be shared equally between all parties to the dispute. If a party initials the "agree" space and later refuses mediation, that party will not be entitled to recover prevailing party attorney fees in any subsequent action.

[ _____ ] [ _____ ] Buyer agrees        [ _____ ] [ _____ ] Buyer does not agree

[ _____ ] [ _____ ] Seller agrees        [ _____ ] [ _____ ] Seller does not agree

31. **ARBITRATION OF DISPUTES.** Any dispute or claim in law or equity between the Buyer and Seller arising out of this Agreement will be decided by neutral binding arbitration in accordance with the Nevada Uniform Arbitration Act (Chap. 38, Nevada Revised Statutes), and not by court action except as provided by Nevada law for judicial review of arbitration proceedings. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. The parties will have the right to discovery in accordance with NRS §§ 38.085-38.095.

The parties agree that the following procedure will govern the making of the award by the arbitrator: (a) a Tentative Award will be made by the arbitrator within 30 days following submission of the matter to the arbitrator; (b) the Tentative Award will explain the factual and legal basis for the arbitrator's decision as to each of the principal controverted issues; (c) the Tentative Award will be in writing unless the parties agree otherwise; provided, however, that if the hearing is concluded within one (1) day, the Tentative Award may be made orally at the hearing in the presence of the parties. Within 15 days after the Tentative Award has been served or announced, any party may serve objections to the Tentative Award. Upon objections being timely served, the arbitrator may call for additional evidence, oral or written argument, or both. If no objections are filed, the Tentative Award will become final without further action by the parties or arbitrator. Within thirty (30) days after the filing of objections, the arbitrator will either make the Tentative Award final or modify or correct the Tentative Award, which will then become final as modified or corrected.

The following matters are excluded from arbitration: (a) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust or mortgage; (b) an unlawful detainer action; (c) the filing or enforcement of a mechanic's lien; (d) any matter which is within the jurisdiction of a probate court, bankruptcy court, or small claims court; or (e) an action for bodily injury or wrongful death. The filing of a judicial action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, will not constitute a waiver of the right to arbitrate under this provision.

**NOTICE:** By initialing in the ["agree"] space below you are agreeing to have any dispute arising out of the matters included in the 'Arbitration of Disputes' provision decided by neutral arbitration as provided by Nevada law and you are giving up any rights you might possess to have the dispute litigated in a court or jury trial. By initialing in the ['agree'] space below you are giving up your judicial rights to discovery and appeal, unless those rights are specifically included in the 'Arbitration of Disputes' provision. If you refuse to submit to arbitration after agreeing to this provision, you may be compelled to arbitrate under the authority of Chapter 38, Nevada Revised Statutes. Your agreement to this arbitration provision is voluntary.

We have read and understand the foregoing and agree to submit disputes arising out of the matters included in the "Arbitration of Disputes" provision to neutral arbitration.

[ _____ ] [ _____ ] Buyer agrees        [ _____ ] [ _____ ] Buyer does not agree

[ _____ ] [ _____ ] Seller agrees        [ _____ ] [ _____ ] Seller does not agree

32. **ATTORNEY FEES.** In any action, arbitration, or other proceeding involving a dispute between Buyer and Seller arising out of the execution of this Agreement or the sale, whether for tort or for breach of contract, and whether or not brought to trial or final judgment, the prevailing party will be entitled to receive from the other party a reasonable attorney fee, expert witness fees, and costs to be determined by the court or arbitrator(s).

33. **SURVIVAL.** The omission from escrow instructions of any provision in this Agreement will not waive the right of any party. All of the terms, provisions, representations, warranties, and covenants of the parties under this Agreement shall survive the close of escrow and shall not be merged in the deed or other documents.

34. **ENTIRE AGREEMENT/ASSIGNMENT PROHIBITED.** This document contains the entire agreement of the parties and supersedes all prior agreements or representations with respect to the property which are not expressly set forth. This Agreement may be modified only in writing signed and dated by both parties. Both parties acknowledge that they have not relied on any statements of the real estate Agent or Broker which are not expressed in this Agreement. Buyer may not assign any right under this agreement without the prior written consent of Seller. Any such assignment will be void and unenforceable.

35. **ADDITIONAL TERMS AND CONDITIONS.**
    1.  See addendum # 1

_____

_____

_____

_____

_____

_____

Buyer [ _____ ] and Seller [ _____ ] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.
Page 5 of 6
FORM 101-O.5 NEV (8-2009)  COPYRIGHT PROFESSIONAL PUBLISHING, NOVATO, CA

Form generated by: **TrueForms**™ from REVEAL® SYSTEMS, Inc. 800-499-9612

PROFESSIONAL PUBLISHING

Property Address: _____ 4409 Spencer St Las Vegas, NV 89119 _____

**LIMITATION OF AGENCY:** A real estate broker or agent is qualified to advise on real estate. If you have any questions concerning the legal sufficiency, legal effect, insurance, or tax consequences of this document or the related transactions, consult with your attorney, accountant or insurance advisor.

The undersigned Buyer acknowledges that he or she has thoroughly read and approved each of the provisions of this offer and agrees to purchase the property for the price and on the terms and conditions specified. Buyer acknowledges receipt of a copy of this offer.

Buyer _____ Date 3/22/24 Time 9:25 Am

Buyer _____ Date _____ Time _____

Address _____

_____

## ACCEPTANCE

Seller accepts the foregoing Offer and agrees to sell the property for the price and on the terms and conditions specified.

**NOTICE:** The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between the Seller and Broker.

36. **COMMISSION.** Seller agrees to pay in cash the following real estate commission for services rendered, which commission Seller hereby irrevocably assigns to Broker(s) from escrow:
    _2.5_ % of the accepted price, or $ _____, to the listing Broker: CBRE _____, and
    _2.5_ % of the accepted price, or $ _____, to the selling Broker: Black and Cherry Real Estate _____, without regard to the agency relationship. Escrow instructions with respect to commissions may not be amended or revoked without the written consent of the Broker(s).
    In any action for commission the prevailing party will be entitled to reasonable attorney fees whether or not the action is brought to trial or final judgment.

37. **PROVISIONS TO BE INITIALED.** The following items must be "agreed to" by both parties to be binding on either party. In the event of disagreement, Seller should make a counter offer.

    Item 28. LIQUIDATED DAMAGES        Item 30. MEDIATION OF DISPUTES        Item 31. ARBITRATION OF DISPUTES

    Seller acknowledges receipt of a copy of this Agreement. Authorization is hereby given the Broker(s) in this transaction to deliver a signed copy to Buyer and to disclose the terms of purchase to members of a Multiple Listing Service, Board or Association of REALTORS® at close of escrow.

38. **IF CHECKED ☐ ACCEPTANCE IS SUBJECT TO ATTACHED COUNTER OFFER DATED** _____

Receipt of Seller's acceptance acknowledged by Buyer or authorized agent [___][___] on (date) _____

Seller _____ Seller _____
                                                              (Signature)

_____                    _____
(Please Print Name)                              (Please Print Name)

Date 3/22/2024 Time _____      Date _____ Time _____

Address _____

_____

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.
Page 6 of 6
FORM 101-C.6 NEV (8-2009) COPYRIGHT PROFESSIONAL PUBLISHING, NOVATO, CA

**PROFESSIONAL PUBLISHING**

Form generated by: True Forms™ from REVEAL SYSTEMS, Inc. 800-499-9612

Addendum # 1 to the Standard Commercial/Investment Purchase Agreement (Agreement) between GA Holdings, LLC and/or assigns (Buyer) and ALS Property Holdings, LLC and EBH Management Co, LLC (Seller) regarding the property at 4409 Spencer St in Las Vegas, NV dated March 22, 2024. The following terms are added and made part of this agreement:

1. Buyer to have a 15-day due diligence period from the date of acceptance of the purchase agreement to approve or disapprove of any and all due diligence with regards to the property including but not limited inspections, financials, financing, rent rolls, code violations, and preliminary title report.

2. Seller to carry back a note and deed of trust in the amount of $1,800,000 at 5% amortized over 25 years with approximate payments of $10,522.62 per month principal and interest. The loan to have no prepayment penalty and have a full ballon in 5 years from close of escrow. Loan payments will be due on the 1st of each month. Buyer to pay an installment/collections account and split the costs 50/50 between Buyer and Seller.

3. Close of escrow to be within 15 days of Buyer removing all contingencies.

4. Seller understands that the Buyer is a real estate licensee in the state of Nevada.

**All other terms remain the same.**

**Acceptance:**

Buyer

X_____

Date: 3/22/24

Buyer

X_____

Date:_____

Seller

X_____
DocuSigned by:
3710AB00238A49E...

Date: 3/22/2024

Exhibits 2

**Lis Pendens Record** (March 28, 2024)

APN :    162-23-207-001

Inst #: 20240328-0003663
Fees: $42.00
03/28/2024 04:34:51 PM
Receipt #: 5542188
Requestor:
BENJAMIN CHILDS
Recorded By: ANI  Pgs: 1

**Debbie Conway**

**CLARK COUNTY RECORDER**
Src: FRONT COUNTER
Ofc: MAIN OFFICE

After recording, return to :

Benjamin B. Childs, Esq.
318 S. Maryland Parkway
Las Vegas, Nevada, 89101

NOTICE OF LIS PENDENS    [NRS 14.010]

Notice is hereby given that a Verified Complaint was filed by DUKE
PARK against LEE SOO AHN et al and a case is pending in  Department 24 of
the Clark County, Nevada 8th Judicial District Court, Case # A-24-889923-C.
This is an action is seeking declaratory relief regarding the ownership of the
Business Entities  ALS PROPERTY HOLDINGS, LLC  and EBH
MANAGEMENT CO., LLC, which own the below described Subject Properties,
and the action is currently pending.  The properties affected by this Notice are
described below

*still Als*

501 Short Crest Ct.   Henderson, NV 89052 (APN178-30-212-021).

4409 Spencer Street Las Vegas, NV 89119 (APN162-23-207-001)

*still Als*

782 Glistening Light Court Henderson, NV 89052 (APN178-29-414-074)

*The The Vinh Tran*

10041 Oak Creek Canyon Ave Las Vegas, NV 89147 (APN163-16-310-
028)

**BENJAMIN B. CHILDS** , Esq.
Attorney for DUKE PARK

Exhibits 3

**Email Request for Tax Records** (April 22, 2025, 3 LLCs and EIN

references)

**From: DUKE PARK** DUKEPARK@ME.COM
**Subject:** Re: Reminder
**Date:** April 28, 2025 at 1:46 PM
**To:** Brenden Gougeon bgougeon@nvbankruptcyattorneys.com
**Cc:** lu@nvbankruptcyattorneys.com, kathyyilv@yahoo.com, matt knepper mknepper@nvbankruptcyattorneys.com



Can you check if Gordon completed the tax filings for ALS/EBH/Seafox for 2023 and 2024?

Thank you.

Sent from my iPhone

On Apr 28, 2025, at 1:28 PM, Brenden Gougeon <bgougeon@nvbankruptcyattorneys.com> wrote:

Hey Duke.

Matt just reached out to Brian Gordon to find out. Do you need the actual tax returns or just confirmation that they were filed?



**From:** DUKE PARK DUKEPARK@ME.COM
**Subject:** Re: Reminder
**Date:** April 28, 2025 at 1:51 PM
**To:** Brenden Gougeon  bgougeon@nvbankruptcyattorneys.com
**Cc:** lu@nvbankruptcyattorneys.com, kathyyilv@yahoo.com, matt knepper mknepper@nvbankruptcyattorneys.com

Again, It looks like we will actually need the tax documents.

Thank you.

Sent from my iPhone

On Apr 28, 2025, at 1:46 PM, DUKE PARK <dukepark@me.com> wrote:

Can you check if Gordon completed the tax filings for ALS/EBH/Seafox for 2023 and 2024?

Thank you.

Sent from my iPhone



**From:** **Matthew Knepper** mknepper@nvbankruptcyattorneys.com
**Subject:** Re: Reminder
**Date:** April 28, 2025 at 1:54 PM
**To:** DUKE PARK dukepark@me.com
**Cc:** Brenden Gougeon bgougeon@nvbankruptcyattorneys.com, lu@nvbankruptcyattorneys.com, kathyyilv@yahoo.com

I reached out.  I am waiting for him to respond.

On Mon, Apr 28, 2025 at 1:46 PM DUKE PARK <dukepark@me.com> wrote:
Can you check if Gordon completed the tax filings for ALS/EBH/Seafox for 2023 and 2024?

Thank you.

Sent from my iPhone

On Apr 28, 2025, at 1:28 PM, Brenden Gougeon <bgougeon@nvbankruptcyattorneys.com> wrote:

Hey Duke,

Matt just reached out to Brian Gordon to find out. Do you need the actual tax returns or just confirmation that they were filed?

On Mon, Apr 28, 2025 at 1:08 PM DUKE PARK <dukepark@me.com> wrote:



Exhibits 4

**Doc. 64** (filed August 21, 2025, Exhibit D – State Court MPSN Expunge

Motion reference)

**Exhibit D – State Court Record (Aug. 20, 2025)**

The attached state court docket entry reflects the order granting **Plaintiff-in-Intervention's Motion for Leave to Intervene on Order Shortening Time.** This record demonstrates that Plaintiffs continue to pursue the same ownership issues in parallel civil proceedings, further underscoring the procedural significance of the contemporaneous 2023 records.

ELECTRONICALLY SERVED
8/7/2025 11:00 AM

Electronically Filed
08/07/2025 10:58 AM

*[signature]*
CLERK OF THE COURT

1   **MINV**
    SYLVESTER & POLEDNAK, LTD.
2   ALLYSON R. JOHNSON, ESQ.
    Nevada Bar No. 8286
3   1731 Village Center Circle
4   Las Vegas, Nevada 89134
    Telephone: (702) 952-5200
5   Facsimile: (702) 952-5205

6
7   Email: Allyson@SylvesterPolednak.com

8   *Attorneys for Proposed Intervenor MPSN Holdings No. 1, LP*

9                **DISTRICT COURT**

10            **CLARK COUNTY, NEVADA**

| | |
|---|---|
| 11   DUKE PARK, an individual, | Case No. A-24-889923-B<br>Dept. No. 15 |
| 12 | |
| 13             Plaintiff, | **MPSN HOLDINGS NO. 1, LP'S**<br>**MOTION FOR LEAVE TO** |
| 14   v. | **INTERVENE ON ORDER**<br>**SHORTENING TIME** |
| 15 | |
| 16   LEE SOO AHN, an individual; BOK HYUN<br>EUM, an individual; CHELSEA EOM, an | **[Exempt from Arbitration: Action for**<br>**Declaratory Relief Concerning Real** |
| 17   individual; HONG JUN EON, an individual;<br>SOYEON EUM aka SO YON EUM, an | **Property]** |
| 18   individual; JOHN DOES 1 through 5 and | |
| 19   ROES I through X, inclusive, | **[OST HEARING REQUESTED]** |
| 20 | Date of Hearing: |
| 21            Defendants, | Time of Hearing: |
| 22   and | |
| 23   EBH MANAGEMENT CO., LLC, SEA FOX | |
| 24   MANAGEMENT, LLC; and ALS PROPERTY<br>HOLDINGS, LLC, | |
| 25 | |
| 26           Nominal Parties. | |

27

28

Exhibits 5

**Notice Filed in State Court** (August 26, 2025, clarifying Bankruptcy

Court jurisdiction)

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

---

**DUKE PARK,**
Plaintiff, *Pro Se,*

v.

**LEE SOO AHN,** an individual;
**BOK HYUN EUM,** an individual;
**CHELSEA EOM,** an individual;
**HONG JUN EOM,** an individual;
**SOYEON EUM a.k.a. SO YON EUM,** an individual;
**JOHN DOES I–V and ROES I–X, inclusive;**

**EBH MANAGEMENT CO., LLC;**
**SEA FOX MANAGEMENT, LLC;**
**ALS PROPERTY HOLDINGS, LLC;** (Nominal Parties)

**VEGASZONE CONSTRUCTION INC.,** a Nevada corporation;
**KATHY YI,** an individual; (Third-Party Defendants)

**THE SWINDLE FAMILY TRUST dated October 20, 1999;**
**MPSN HOLDINGS NO. 1, LP;** (Intervenors)

Defendants.

Case No.: **A-24-889923-B**
Dept. No.: XV

---

# NOTICE OF FILING OF FEDERAL BANKRUPTCY DOCUMENTS REFLECTING FEDERAL JURISDICTION

Plaintiff **Duke Park**, appearing *pro se,* hereby gives notice of filing bankruptcy court documents that demonstrate that the real properties and limited liability companies at issue in this action have been formally scheduled in Plaintiff's Chapter 7 bankruptcy estate, under the jurisdiction of the United States Bankruptcy Court, District of Nevada (Case No. 25-12285-abl).

1. **Bankruptcy Schedules and SOFA (Exhibit A)**
   o  Attached hereto as *Exhibit A* are excerpts from Plaintiff's Bankruptcy Schedules and Statement of Financial Affairs, listing:

- Real Properties:
  - • 1392 Via Merano St, Henderson, NV 89052 (Parcel No. 191-02-713-008)
  - • 33 Stonemark Dr, Henderson, NV 89052 (Parcel No. 190-08-414-017)
- LLC Memberships:
  - • ALS Property Holdings, LLC
  - • EBH Management Co., LLC
  - • Sea Fox Management, LLC
  - o These documents confirm that the above-referenced properties and entities are scheduled as bankruptcy estate assets, thereby subject to **federal bankruptcy jurisdiction**.

2. **BNC Certificate of Notice (Exhibit B)**
   - o Attached hereto as *Exhibit B* is the Bankruptcy Noticing Center Certificate of Notice, reflecting service upon:
     - Lee Soo Ahn
     - Bok Hyun Eum
     - The Swindle Family Trust dated October 20, 1999
     - ALS Property Holdings, LLC
     - EBH Management Co., LLC
     - Sea Fox Management, LLC
   - o Other named Defendants in this civil action — including Chelsea Eom, Hong Jun Eom, Soyeon Eum, Vegaszone Construction Inc., Kathy Yi, and MPSN Holdings No. 1, LP — are parties of record here but were not individually listed on the BNC Certificate.

---

# REQUEST

Because these assets have been formally scheduled in the bankruptcy estate, jurisdiction rests with the United States Bankruptcy Court. Accordingly, this Court should defer to the federal bankruptcy proceedings on any ownership or title issues regarding the above-listed properties or LLCs.

---

Respectfully submitted,

Dated: **August 26, 2025**

**/s/ Duke Park**
Plaintiff, Pro Se
1392 Via Merano St
Henderson, NV 89052
Tel: (408) 318-3700
Email: dukepark@me.com

## 📎 Exhibits

- **Exhibit A** – Excerpts from Schedule A/B & Statement of Financial Affairs (Real Properties + LLCs)
- **Exhibit B** – BNC Certificate of Notice (showing service on Lee Soo Ahn, Bok Hyun Eum, Swindle Family Trust, ALS, EBH, and Sea Fox; other Defendants noted as parties of record but not listed on BNC)

CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2025, I electronically filed the foregoing

NOTICE OF FILING OF FEDERAL BANKRUPTCY DOCUMENTS REFLECTING FEDERAL JURISDICTION

with the Clerk of the Court for the Eighth Judicial District Court by using the Court's

electronic filing system (eFileNV).

Service of the foregoing document will be accomplished by the Court's electronic

service system on all registered participants in this case, including counsel of record

for Defendants and Intervenors.

Dated: August 26, 2025

/s/ Duke Park

Duke Park, Plaintiff Pro Se

# Exhibit A

Excerpts from Schedule A/B & Statement of Financial Affairs (Real Properties + LLCs)

Fill in this information to identify your case and this filing:

| | | |
|---|---|---|
| Debtor 1 | **DUKE** | **PARK** |
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: District of **Nevada**

Case number   **25-12285-abl**

Check if this is an
amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1.  Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☐ Yes. Where is the property?

1.1 | **Parcel No: 191-02-713-008**

Street address, if available, or other
description

**1392 Via Merano St**

**Henderson, NV 89052-4094**
City          State      ZIP Code

**Clark**
County

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local
property identification number: _____

Source of Value: **Zillow Valuation**

Do not deduct secured claims or exemptions. Put
the amount of any secured claims on *Schedule D:
Creditors Who Have Claims Secured by Property.*

**Current value of the**          **Current value of the**
**entire property?**              **portion you own?**
$1,100,000.00             $1,100,000.00

Describe the nature of your ownership interest
(such as fee simple, tenancy by the entireties, or
a life estate), if known.

**Homestead**

Check if this is community property
(see instructions)

If you own or have more than one, list here:

Debtor  **PARK, DUKE**                                                          Case number *(if known)*  **25-12285-abl**

| | | | | |
|---|---|---|---|---|
| 1.2 | **Parcel No: 190-08-414-017** | **What is the property?** Check all that apply. | | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |

1.2  **Parcel No: 190-08-414-017**

Street address, if available, or other description

**33 Stonemark Dr**

**Henderson, NV 89052-6685**
City          State      ZIP Code

**Clark**
County

**What is the property?** Check all that apply.

Single-family home
Duplex or multi-unit building
Condominium or cooperative
Manufactured or mobile home
Land
Investment property
Timeshare
Other _____

**Who has an interest in the property?** Check one.

Debtor 1 only
Debtor 2 only
Debtor 1 and Debtor 2 only
At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Source of Value: **Zillow Valuation**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$1,200,000.00** | **$1,200,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee Simple**

Check if this is community property
(see instructions)

2.   **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here** ........................................................      | **$2,300,000.00** |

**Part 2:**

Debtor 1    **DUKE**                      **PARK**                    Case number *(if known)* **25-12285-abl**
First Name        Middle Name        Last Name

| | Court or agency | Nature of the case | Status of the case |
|---|---|---|---|
| **Case title** | | | Pending |
| | Court Name | | On appeal |
| | | | Concluded |
| | Number      Street | | |
| **Case number** | | | |
| | City          State      ZIP Code | | |

## Part 11: Give Details About Your Business or Connections to Any Business

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

  A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

  A member of a limited liability company (LLC) or limited liability partnership (LLP)

  A partner in a partnership

  An officer, director, or managing executive of a corporation

  An owner of at least 5% of the voting or equity securities of a corporation

  No. None of the above applies. Go to Part 12.

  Yes. Check all that apply above and fill in the details below for each business.

| | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| ███████████<br>██████ | | ██████████ |
| ████████████<br>█████████████ | Name of accountant or bookkeeper | ██████████ |
| City          State      ZIP Code | | ██████████ |
| **ALS Property Holdings, LLC**<br>Name | Describe the nature of the business<br>**Property Management** | Employer Identification number<br>Do not include Social Security number or ITIN.<br>EIN:  9 3 – 1 7 6 7 3 3 7 |
| **501 Short Crest Ct**<br>Number      Street | Name of accountant or bookkeeper | Dates business existed<br>From   12/05/2012  To |
| **Henderson, NV 89052-2373**<br>City          State      ZIP Code | | |
| **EBH Management Co., LLC**<br>Name | Describe the nature of the business<br>**Property Management** | Employer Identification number<br>Do not include Social Security number or ITIN.<br>EIN:  9 3 – 1 9 5 4 4 0 3 |
| **501 Short Crest Ct**<br>Number      Street | Name of accountant or bookkeeper | Dates business existed<br>From   05/15/2015  To |
| **Henderson, NV 89052-2373**<br>City          State      ZIP Code | | |

Debtor 1    **DUKE**                    **PARK**                    Case number *(if known)* **25-12285-abl**
            First Name    Middle Name    Last Name

| | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| **Sea Fox Management, LLC**<br>Name | Apartment Management | EIN: 9 3 – 2 5 1 5 9 3 7 |
| **782 Glistening Light Ct**<br>Number    Street | Name of accountant or bookkeeper | Dates business existed |
| **Henderson, NV 89052-8746**<br>City          State    ZIP Code | | From 05/02/2016 To |

# Exhibit B

BNC Certificate of Notice (showing service on Lee Soo Ahn, Bok Hyun Eum, Swindle Family Trust, ALS, EBH, and Sea Fox; other Defendants noted as parties of record but not listed on BNC)

United States Bankruptcy Court
District of Nevada

In re:                                                                    Case No. 25-12285-abl
DUKE PARK
    Debtor                                                                Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0978-2                        User: admin                          Page 1 of 3
Date Rcvd: Jul 22, 2025                     Form ID: 318                          Total Noticed: 19

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 24, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | DUKE PARK, 1392 VIA MERANO ST, HENDERSON, NV 89052-4094 |
| aty | + | AKKE LEVIN, GREENBERG TRAURIG, LLP, 10845 GRIFFITH PEAK DRIVE, STE 600, LAS VEGAS, NV 89135-1557 |
| aty | + | BENJAMIN B. CHILDS, SR., 318 S. MARYLAND PARKWAY, LAS VEGAS, NV 89101-5321 |
| aty | + | KARA B. HENDRICKS, GREENBERG TRAURIG, LLP, 10845 GRIFFITH PEACH DR, STE 600, LAS VEGAS, NV 89135-1557 |
| aty | + | KAREN M. AYARBE, LEACH KERN GRUCHOW ANDERSON SONG, 5421 KIETZKE LANE, STE. 200, RENO, NV 89511-1025 |
| aty | + | MATTHEW I KNEPPER, NEVADA BANKRUPTCY ATTORNEYS, 5940 S. RAINBOW BLVD, STE 400, PMB 99721, LAS VEGAS, NV 89118-2507 |
| aty | + | OGONNA M. BROWN, WOMBLE BOND DICKINSON (US) LLP, 3993 HOWARD HUGHES PARKWAY, SUITE 600, LAS VEGAS, NV 89169-5996 |
| cr | + | BENJAMIN B. CHILDS, LTD, 318 South Maryland Parkway, Las Vegas, Ne 89101-5321 |
| cr | + | BOK HYUN EUM, GREENBERG TRAURIG, LLP, C/O KARA B. HANDRICKS, ESQ., C/O AKKE LEVIN, ESQ., 10845 GRIFFITH PEAK DRIVE, SUITE 600 LAS VEGAS, NV 89135-1557 |
| cr | + | LEE SOO AHN, GREENBERG TRAURIG, LLP, C/O KARA B. HANDRICKS, ESQ., C/O AKKE LEVIN, ESQ., 10845 GRIFFITH PEAK DRIVE, SUITE 600 LAS VEGAS, NV 89135-1557 |
| cr | + | Villagio Property Owners Association, 3077 E. Warm Springs Rd., Las Vegas, NV 89120-3751 |
| 12656248 | + | ALS Property Holdings, LLC, c/o Greenberg Traurig, LLP, 10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135-1557 |
| 12592429 | + | BENJAMIN B. CHILDS, LTD., 318 South Maryland Parkway, Las Vegas, Nevada 89101-5321 |
| 12656302 | + | EBH Management Co., LLC, c/o Greenberg Traurig, LLP, 10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135-1557 |
| 12658865 | | Kum Park, 6850 Spring Mountain Rd U-11, Las Vegas, NV 89146-8825 |
| 12648420 | + | Zions Bancorporation, NA dba Nevada State Bank, Legal Services UT ZB11 0877, PO Box 30709, Salt Lake City, UT 84130-0709 |

TOTAL: 16

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| tr | + | Email/Text: robert.atkinson@txitrustee.com | Jul 23 2025 00:31:00 | ROBERT E. ATKINSON, 376 E WARM SPRINGS RD STE 130, LAS VEGAS, NV 89119-4262 |
| ust | + | Email/Text: USTPRegion17.LV.ECF@usdoj.gov | Jul 23 2025 00:32:00 | U.S. TRUSTEE - LV - 7, 300 LAS VEGAS BOULEVARD, SO., SUITE 4300, LAS VEGAS, NV 89101-5803 |
| 12607988 | + | Email/Text: Trbank@clarkcountynv.gov | Jul 23 2025 00:32:00 | Clark County Treasurer, 500 S Grand Central Pkwy, Box 551220, Las Vegas, NV 89155-4502 |

TOTAL: 3

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| intp | | Bok Hyun Eum |
| intp | | Lee Soo Ahn |
| cr | | The Swindle Family Trust dated October 20, 1999 |

TOTAL: 3 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

District/off: 0978-2      User: admin      Page 2 of 3
Date Rcvd: Jul 22, 2025      Form ID: 318      Total Noticed: 19

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 24, 2025      Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 22, 2025 at the address(es) listed below:

| Name | Email Address |
|------|---------------|
| AKKE LEVIN | on behalf of Plaintiff LEE SOO AHN akke.levin@gtlaw.com  flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Plaintiff EBH MANAGEMENT CO.  LLC akke.levin@gtlaw.com, flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Creditor BOK HYUN EUM akke.levin@gtlaw.com  flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Interested Party Lee Soo Ahn akke.levin@gtlaw.com  flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Creditor LEE SOO AHN akke.levin@gtlaw.com  flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Plaintiff ALS PROPERTY HOLDINGS  LLC akke.levin@gtlaw.com, flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Plaintiff SEA FOX MANAGEMENT  LLC akke.levin@gtlaw.com, flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Interested Party Bok Hyun Eum akke.levin@gtlaw.com  flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| AKKE LEVIN | on behalf of Plaintiff BOK HYUN EYM akke.levin@gtlaw.com  flintza@gtlaw.com;akke-levin-0887@ecf.pacerpro.com |
| BENJAMIN B. CHILDS, SR. | on behalf of Interested Party BENJAMIN B. CHILDS  LTD ben@benchilds.com, sandy@benchilds.com;childsbb@gmail.com;anahuac@benchilds.com |
| BENJAMIN B. CHILDS, SR. | on behalf of Creditor BENJAMIN B. CHILDS  LTD ben@benchilds.com, sandy@benchilds.com;childsbb@gmail.com;anahuac@benchilds.com |
| KARA B. HENDRICKS | on behalf of Interested Party Lee Soo Ahn hendricksk@gtlaw.com escobargaddie@gtlaw.com;kara-hendricks-7977@ecf.pacerpro.com;flintza@gtlaw.com |
| KARA B. HENDRICKS | on behalf of Interested Party Bok Hyun Eum hendricksk@gtlaw.com escobargaddie@gtlaw.com;kara-hendricks-7977@ecf.pacerpro.com;flintza@gtlaw.com |
| KAREN M. AYARBE | on behalf of Creditor Villagio Property Owners Association kayarbe@lkglawfirm.com gakltd@kernltd.com;ncooper@lkglawfirm.com |
| MATTHEW I KNEPPER | on behalf of Debtor DUKE PARK mknepper@nvbankruptcyattorneys.com ecf@nvbankruptcyattorneys.com;fhqxmnna@mailparser.io;NevadaBankruptcyAttorneysLLC@jubileebk.net;ign@nvbankruptcyattorneys.com;lu@nvbankruptcyattorneys.com;dkrieger@nvbankruptcyattorneys.com;8076479420@filings.docketbird |

District/off: 0978-2
Date Rcvd: Jul 22, 2025

User: admin
Form ID: 318

Page 3 of 3
Total Noticed: 19

OGONNA M. BROWN

on behalf of Creditor The Swindle Family Trust dated October 20  1999 Ogonna.Brown@wbd-us.com,
ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;klopez@lewisroca.com,Renee.C
reswell@wbd-us.com

ROBERT E. ATKINSON

Robert@ch7.vegas  TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

U.S. TRUSTEE - LV - 7

USTPRegion17.LV.ECF@usdoj.gov

TOTAL: 18

**Information to identify the case:**

| | |
|---|---|
| Debtor 1 **DUKE PARK** | Social Security number or ITIN  xxx–xx–3694 |
| First Name  Middle Name  Last Name | EIN  __–_____ |
| Debtor 2 (Spouse, if filing)  First Name  Middle Name  Last Name | Social Security number or ITIN  ____ EIN  __–_____ |
| United States Bankruptcy Court  District of Nevada | |
| Case number:  25–12285–abl | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

DUKE PARK

7/22/25

**By the court:** <u>AUGUST B. LANDIS</u>
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

---

Official Form 318          **Order of Discharge**          page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---

Exhibits 6

**Summons and Proof of Direct Service** (September 2, 2025, including

business card and photo)

## Report To Court

Process serving

### Richard Etienne

License #1506



## Report to Court

5940 S. Rainbow Blvd.
Las Vegas, Nevada
89118

Phone (702)-278-8187
Fax (702)-405-0091
Reporttocourt@gmail.com



Electronically Filed
9/2/2025 9:20 AM

1  SUMM
2  SYLVESTER & POLEDNAK, LTD.
   ALLYSON R. JOHNSON, ESQ.
3  Nevada Bar No. 8286
4  1731 Village Center Circle
   Las Vegas, Nevada 89134
5  Telephone: (702) 952-5200
   Facsimile: (702) 952-5205
6
7  Email: Allyson@SylvesterPolednak.com
8  Attorneys for Intervenor MPSN Holdings No. 1, LP
9
10              DISTRICT COURT
11            CLARK COUNTY, NEVADA
12  DUKE PARK, an individual,
13                                    [ Case No. A-24-889923-B
       v.                               Dept. No. 15
14              Plaintiff,
15
16  LEE SOO AHN, an individual; BOK HYUN    SUMMONS - CIVIL
    EUM, an individual; CHELSEA EOM, an
17  individual; HONG JUN EON, an individual;
    SOYEON EUM aka SO YON EUM, an
18  individual; JOHN DOES 1 through 5 and
    ROES I through X, inclusive,
19
20
21              Defendants,
22  and
23  EBH MANAGEMENT CO., LLC, SEA FOX
    MANAGEMENT, LLC; and ALS
24  PROPERTY HOLDINGS, LLC,
25
26
27              Nominal Parties.
28



1  **SUMM**
   SYLVESTER & POLEDNAK, LTD.
2  ALLYSON R. JOHNSON, ESQ.
3  Nevada Bar No. 8286
   1731 Village Center Circle
4  Las Vegas, Nevada 89134
   Telephone: (702) 952-5200
5  Facsimile: (702) 952-5205

6
   Email: Allyson@SylvesterPolednak.com
7
8  *Attorneys for Intervenor MPSN Holdings No. 1, LP*

9                          **DISTRICT COURT**

10                     **CLARK COUNTY, NEVADA**

11   DUKE PARK, an individual,              | Case No. A-24-889923-B
                                            | Dept. No. 15
12
13            Plaintiff,
14   v.                                     | **SUMMONS -CIVIL**

15   LEE SOO AHN, an individual; BOK HYUN
16   EUM, an individual; CHELSEA EOM, an
     individual; HONG JUN EON, an individual;
17   SOYEON EUM aka SO YON EUM, an
     individual; JOHN DOES 1 through 5 and
18   ROES I through X, inclusive,
19
20            Defendants,
21   and
22
     EBH MANAGEMENT CO., LLC, SEA FOX
23   MANAGEMENT, LLC; and ALS
     PROPERTY HOLDINGS, LLC,
24
25            Nominal Parties.
26
27
28

                                    1

LEE SOO AHN, an individual; BOK HYUN
EUM, an individual; CHELSEA EOOM, an
individual;

       Counter-claimants/ Third-
       Party Plaintiffs,

v.

DUKE PARK, an individual,

       Counter-defendant,

and

ALS PROPERTY HOLDINGS, LLC, a
Nevada limited liability company; EBH
MANAGEMENT CO., LLC, a Nevada
limited liability company; and SEA FOX
MANAGEMENT, LLC, a Nevada limited
liability company,

       Nominal Parties,

and

VEGASZONE CONSTRUCTION INC., a
Nevada Domestic Corporation, and KATHY
YI, an individual,

       Third-Party Defendants.

MPSN HOLDINGS NO. 1, LP, a California
limited partnership,

       Plaintiff in Intervention,

v.

DUKE PARK, an individual,

       Defendant in Intervention.

2

NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT IN INTERVENTION:   DUKE PARK, an individual

A civil Complaint in Intervention has been filed by the Plaintiff in Intervention against you for the relief set forth in the Complaint in Intervention.

    1.    If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in Intervention in accordance with the rules of the Court.
        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the Plaintiff in Intervention and this Court may enter a judgment against you for the relief demanded in the Complaint in Intervention, which could result in the taking of money or property or other relief requested in the Complaint in Intervention.

    3.    If you intend to see the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

STEVEN D. GRIERSON
CLERK OF COURT

BY:  _/s/  Allyson R. Johnson_
    SYLVESTER & POLEDNAK, LTD.
    Allyson R. Johnson, Esq.
    Nevada Bar No. 8286
    1731 Village Center Circle
    Las Vegas, NV 89134
    *Attorneys for Plaintiff in Intervention*

BY: _____  9/2/2025
    DEPUTY CLERK
    Regional Justice Center
    200 Lewis Avenue
    Las Vegas, Nevada 89155

    Haynd Kirksey

3

Electronically Filed
9/2/2025 9:24 AM
Steven D. Grierson
CLERK OF THE COURT

1   COH
2   SYLVESTER & POLEDNAK, LTD.
    ALLYSON R. JOHNSON, ESQ.
3   Nevada Bar No. 8286
    1731 Village Center Circle
4   Las Vegas, Nevada 89134
    Telephone: (702) 952-5200
5   Facsimile: (702) 952-5205

6   Email: Allyson@SylvesterPolednak.com

7
8   *Attorneys for Intervenor MPSN Holdings No. 1, LP*

                        DISTRICT COURT
9
10                   CLARK COUNTY, NEVADA

11
    DUKE PARK, an individual,              Case No. A-24-889923-B
12                                         Dept. No. 15
            Plaintiff,
13
    v.                                     COMPLAINT IN INTERVENTION
14
    LEE SOO AHN, an individual; BOK        [Exempt from Arbitration: Action for
15  HYUN EUM, an individual; CHELSEA       Declaratory Relief Concerning Real
    EOM, an individual; HONG JUN EON, an   Property]
16  individual; SOYEON EUM aka SO YON
    EUM, an individual; JOHN DOES 1
17  through 5 and ROES I through X,
    inclusive,
18
            Defendants,
19
20
    and
21
    EBH MANAGEMENT CO., LLC, SEA
22  FOX MANAGEMENT, LLC; and ALS
    PROPERTY HOLDINGS, LLC,
23
24          Nominal Parties.
25

26

27

28                                  1

LEE SOO AHN, an individual; BOK
HYUN EUM, an individual; CHELSEA
EOOM, an individual;

      Counter-claimants/ Third-
      Party Plaintiffs,

v.

DUKE PARK, an individual,

      Counter-defendant,

and

ALS PROPERTY HOLDINGS, LLC, a
Nevada limited liability company; EBH
MANAGEMENT CO., LLC, a Nevada
limited liability company; and SEA FOX
MANAGEMENT, LLC, a Nevada limited
liability company,

      Nominal Parties,

and

VEGASZONE CONSTRUCTION INC., a
Nevada Domestic Corporation, and
KATHY YI, an individual,

      Third-Party Defendants.

MPSN HOLDINGS NO. 1, LP, a
California limited partnership,

      Plaintiff in Intervention,

v.

DUKE PARK, an individual,

      Defendant in Intervention.

2

COMES NOW, Intervenor MPSN HOLDINGS NO. 1, LP, a California limited partnership ("MPSN"), by and through its counsel of record, Allyson R. Johnson, Esq., with the law firm of Sylvester & Polednak, Ltd., and alleges as follows:

I.

## GENERAL ALLEGATIONS

1.    MPSN Holdings No. 1, LP is a private investor that engages in business activities within the State of Nevada.

2.    Based on information and belief, Defendant, Lee Soo Ahn, was a resident of Korea, but present and doing business in Clark County, Nevada.

3.    Based on information and belief, Defendant, Bok Hyun Eum, was a resident of Korea, but present and doing business in Clark County, Nevada.

4.    .  Based on information and belief, Defendant, Chelsea Eom, was a resident of Clark County, Nevada and doing business in Clark County, Nevada.

5.    Based on information and belief, Nominal Party, ALS Property Holdings, LLC ("ALS" or "ALS Property") is a Nevada limited liability company, with its principal place of business in Las Vegas, Nevada.

6.    Based on information and belief, Nominal Party, EBH Management Co., LLC ("EHB") is a Nevada limited liability company, with its principal place of business in Las Vegas, Nevada.

7.    Based on information and belief, Nominal Party, Sea Fox Management, LLC ("Sea Fox") is a Nevada limited liability company, with its principal place of business in Las Vegas, Nevada.

8.    Based on information and belief, Third Party Defendant, Vegaszone Construction, Inc. ("Vegaszone") is a Nevada domestic corporation, with its principal place of business in Las Vegas, Nevada.

9.    Based on information and belief, Third Party Defendant, Kathy Yi, is a resident of Clark County, Nevada, and the president and director of Vegaszone.

3

10.    Based on information and belief, Plaintiff Duke Park, is an individual and at all relevant times herein was, a resident of, or doing business in Clark County, Nevada.

11.    Intervenor MPSN Holdings No. 1, LP ("MPSN"), is and at all relevant times was, a California limited partnership duly organized and validly existing under the laws of the State of California.

## II.

## INTERVENORS IDENTIFIED

12.    Intervenor claims a current interest in the real property located at 4409 Spencer Street, Las Vegas, NV 89119, APN# 162-23-207-001 (the "Subject Property").

13.    That Intervenor claims rights in the above-identified property and seeks to have its interests represented in the present action.

## III.

## FACTUAL BACKGROUND

14.    A Lis Pendens was recorded against the Subject Property on March 28, 2024

15.    On June 6, 2024, Intervenor purchased the Subject Property at a foreclosure sale in the amount of $2,401,000.00. See; Trustee's Deed Upon Sale, attached hereto as *Exhibit "1."*

16.    The purchase by Intervenor was in partial satisfaction of the indebtedness secured by a Deed of Trust executed by ALS Property Holdings, LLC as to an undivided 55% interest and EBH Management Co. LLC as to an undivided 45% interest as tenants in common. *Id.*

17.    Upon information and belief, on April 22, 2025, Duke Park filed bankruptcy and was discharged on July 25, 2025.

18.    The crux of this matter centers on the ownership of various companies and not specific ownership of 4409 Spencer Street, Las Vegas, NV 89119.

19.    It is undisputed that a proper foreclosure took place and that Intervenor purchased the Subject Property in an arms-length transaction.

20.    Duke Park cannot, and has not, claimed an ownership interest in the Subject Property but rather claims an ownership interest in entities that do not currently hold title to the

4

Subject Property.

21.    At the time of the foreclosure sale, upon information and belief, an interim manager, Mr. Brian Gordon, was managing the company which held title to the Subject Property.

22.    Upon information and belief, neither Mr. Gordon, nor Duke Park contested the foreclosure sale.

23.    Demand has been made to Duke Park to release the lis pendens to no avail.

<u>FIRST CAUSE OF ACTION</u>

(Declaratory Judgment/ Quiet Title)

24.    Intervenor repeats, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

25.    Pursuant to NRS 30.010 and NRS 40.010, this Court has the power and authority to declare Intervenor's rights and interest in the Subject Property and resolve Plaintiff and Defendants adverse claims in and to the Property.

26.    Pursuant to NRS 30.010, this Court has the power and authority to declare the rights and interests of the parties with regard to the MPSN Trustee's Deed Upon Sale.

27.    MPSN has made demands for Plaintiff to expunge the lis pendens, but he has refused, and now Intervenor must proceed with a quiet title action, as Defendants have slandered title to the Property, hindering MPSN's ability to hold clear title.

28.    Therefore, a justifiable controversy exists between Defendants and Intervenor pursuant to the Uniform Declaratory Judgment Act, NRS 30.010, *et seq.*, and NRS 40.010. Such a controversy exists where a claim of right is asserted against one who has an interest in contesting the claim of right.

29.    Intervenor has an interest in prosecuting this claim. Its interest is adverse to Defendants that disputes the validity of the Swindle Deed of Trust's interest in the Property. The issue is ripe for determination.

30.    Intervenor has been required to retain legal counsel and incur legal fees and costs

5

in connection with the prosecution of this action and is, therefore, entitled to recover reasonable attorneys' fees and costs from Defendant-in-Intervention, as special damages pursuant to *Sandy Valley Associates v. Sky Ranch Estates Owners Association*, 117 Nev. 948, 35 P.3d 964 (2001).

<u>PRAYER</u>

**WHEREFORE**, Intervenor prays that the Court enter an order:

1.    For declaratory judgment that the lis pendens is improper and Intervenor is entitled to clear title on the Property;

2.    For costs and reasonable attorneys' fees;

3.    For such other and further relief as the Court may deem just and appropriate.

DATED this 6th day of August, 2025.

SYLVESTER & POLEDNAK, LTD.

By:    */s/ Allyson R. Johnson*
    Allyson R. Johnson, Esq.
    1731 Village Center Circle
    Las Vegas, Nevada 89134
    *Attorneys for Intervenor MPSN
    Holdings No. 1, LP*

# EXHIBIT
# 1

# EXHIBIT
# 1

Inst #: 20240614-0001350
Fees: $42.00
RPTT: $12245.10  Ex #:
06/14/2024 01:51:15 PM
Receipt #: 5609583
Requestor:
Orange Coast Title Builde
Recorded By: OSA  Pgs: 4
**Debbie Conway**
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

**ORANGE COAST TITLE CO.**

140-8261-ACC

APN:  162-23-207-001

R.P.T.T.:  $12,245.10

RETURN/MAIL TAX STATEMENTS TO:
MPSN Holdings No. 1, LP, a California limited
partnership  #8652
2234 E Colorado Blvd
Pasadena, CA 91107

This document filed for record
by Orange Coast Title Company
as an accommodation only.
It has not been examined as to its
execution or as to its effect
upon title.

## TRUSTEE'S DEED UPON SALE

FILE NO. 24-01-004-FCL

THIS INDENTURE, made June 6, 2024 between NEVADA TRUST DEED SERVICES, as Trustee as hereinafter stated, herein called Trustee under the Deed of Trust, Assignment of Rents and Leases, Security Agreement, and Fixture Filing (the "Deed of Trust") (as defined below), and

MPSN Holdings No. 1, LP, a California limited partnership, herein called Grantee

### WITNESSETH:

WHEREAS, ALS Property Holdings LLC, a Nevada limited liability company, as to an undivided 55% interest and EBH Management Co. LLC, a Nevada limited liability company, as to an undivided 45% interest as tenants in common, by Deed of Trust recorded on October 12, 2023, as Instrument No. 20231012-0001099, in the Office of the County Recorder of CLARK County, State of Nevada as modified or amended, if applicable (the "Deed of Trust"), did grant and convey to said Trustee, upon the trusts therein expressed, the property hereinafter described, among other uses and purposes to secure the payment of that certain obligation and interest according to the terms thereof, and other sums of money advanced, with interest thereon, to which reference is hereby made; and,

WHEREAS, pursuant to that certain Substitution of Trustee recorded February 14, 2024 as Instrument No. 20240214-0000127,  of Official Records, Beneficiary did substitute in place and stead of Original or Successor Trustee, NEVADA TRUST DEED SERVICES,

WHEREAS, breach and default was made under the terms of said Deed of Trust in the particulars set forth in the Notice of Breach and Election to Sell Under Deed of Trust hereinafter referred to, to which reference is hereby made; and,

WHEREAS, the Beneficiary or holder of said obligation did execute and deliver to the Trustee written Declaration of Default and Demand for Sale and thereafter there was filed for record on February 14, 2024 in the Office of the County Recorder of Clark County, Nevada, a Notice of Breach and Election to Sell Under Deed of Trust to cause the Trustee to sell said property to satisfy the obligations secured by said Deed of Trust, which said Notice was recorded as Instrument No. 20240214-0000128, in the Office of the County Recorder of CLARK County, Nevada; and,

WHEREAS, Trustee, in consequence of said election, declaration of default, and demand for sale, and in compliance with said Deed of Trust and with the statutes in such cases made and provided, made and

published three (3) times, once each week for three (3) consecutive weeks, before the date of sale therein fixed in a newspaper of general circulation in the county and state in which the premises to be sold are situated, Notice of Sale as required by law, containing a correct description of the property to be sold and stating that the Trustee would under the provisions of said Deed of Trust sell the property therein and herein described at public auction to the highest bidder for cash in lawful money of the United States on June 6, 2024, at the hour of 09:30 AM of said day, at the front entrance to Nevada Legal News, 930 S, Fourth Street, Las Vegas, NV 89101, County of Clark, State of Nevada; and,

WHEREAS, a similar copy of said Notice of Sale was posted in a public place in the county where the property is situated twenty (20) days successively before the date of sale therein fixed; and,

WHEREAS, compliance having been made with all of the statutory provisions of the State of Nevada and with all of the provisions of said Deed of Trust as to the acts to be performed and notices to be given, and in particular, full compliance having been made with all requirements of law regarding the service of notices required by statutes, and with the Servicemembers Civil Relief Act (108 P.L. 189; 117 Stat. 2835; 2003 Enacted H.R. 100), said Trustee, at such time and place did then and there at public auction sell the property hereinafter described to said Grantee for the sum of TWO MILLION FOUR HUNDRED ONE THOUSAND ($2,401,000.00) dollars, in partial satisfaction of the indebtedness secured by said Deed of Trust, said Grantee being the highest and best bidder therefore.  There may be a deficiency of the proceeds of the sale and a balance remaining due to the Beneficiary of said Deed of Trust, and said Beneficiary reserves all rights with respect to such deficiency and remaining balance, including, without limitation, all rights under NRS 40.451 thru 40.459.

NOW, THEREFORE, Trustee, in consideration of the premises recited and the sum herein mentioned bid and paid by the Grantee, the receipt of which is hereby acknowledged, and by virtue of these premises, does GRANT AND CONVEY, but without warranty or covenants, express or implied, unto said Grantee all right, title and interest under said Deed of Trust in that certain property situated in the County of Clark, State of Nevada, described as follows:

THE NORTH HALF (N ½) OF THE EAST HALF (E ½) OF GOVERNMENT LOT FIFTY-THREE (53) IN SECTION 23, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.M;

EXCEPTING THEREFROM THE NORTH THIRTY (30.00) FEET, THE EAST FORTHY (40.00) FEET AND THAT CERTAIN SPANDREL AREA LOCATED IN THE NORTHEAST CORNER THEREOF AS CONVEYED TO CLARK COUNTY BY DEED RECORDED OCTOBER 3, 1989 IN BOOK 891003 AS DOCUMENT NO. 00769, OFFICIAL RECORDS.

Together with any and all improvements, personal property and fixtures located thereon or otherwise described in the Deed of Trust and in any other instruments in favor of the Beneficiary, and all singular tenements, hereditaments and appurtenances thereunto belonging or appertaining; rents, issues and profits thereof.

IN WITNESS WHEREOF said Nevada Trust Deed Services, as duly appointed Trustee, has this day, caused its corporate name to be affixed hereto and this instrument to be executed by its Manager.

Nevada Trust Deed Services

By: _____
Michael F. Bohn, Manager

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before me on ___6|6|24___ by Michael F. Bohn, Manager of Nevada Trust Deed Services, whose name is subscribed to the above instrument and acknowledged that he executed it.

Signature _____
(Notary Public)

MAGDALENA LOPEZ
Notary Public, State of Nevada
Appointment No. 00-60120-1
My Appt. Expires Mar 9, 2027

State of Nevada
Declaration of Value Form

1.  Assessor Parcel Number(s)
    a) 162-23-207-001
    b) _____
    c) _____
    d) _____

2.  Type of Property:
    a. ☐ Vacant Land      b.  ☐ Sgl. Fam. Residence
    c. ☐ Condo/Twnhse     d.  ☐ 2-4 Plex
    e. ☒ Apt. Bldg.       f.  ☐ Comm'l/Ind'l
    g. ☐ Agricultural     h.  ☐ Mobile Home
       ☐ Other: _____

| FOR RECORDER'S OPTIONAL USE ONLY |
| --- |
| Book: _____ Page: _____ |
| Date of Recording: _____ |
| Notes: |

3.  a.  Total Value/Sale Price of Property:                $2,401,000.00
    b.  Deed In Lieu of Foreclosure Only (value of property)   $0.00
    c.  Transfer Tax Value:                                 $2,401,000.00
    d.  Real Property Transfer Tax Due:                        $12,245.10

4.  If Exemption Claimed:
    a.  Transfer Tax Exemption, per NRS 375.090, Section:
    b.  Explain Reason for Exemption:

5.  Partial Interest:  Percentage Being Transferred:  100.00%

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the parties agree the disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.  Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____  Capacity:  TRUSTEE SALE OFFICER
Signature _____  Capacity:  THIRD PARTY BIDDER

| SELLER (GRANTOR) INFORMATION (REQUIRED) | BUYER (GRANTEE) INFORMATION (REQUIRED) |
| --- | --- |
| | MPSN Holdings No. 1, LP, a California |
| Print Name: Nevada Trust Deed Services | Print Name: limited partnership |
| Address: 10161 Park Run Drive, Suite 150 | Address: 2234 E Colorado Blvd |
| City: Las Vegas | City: Pasadena |
| State: NV     Zip: 89145 | State: CA     Zip: 91107 |

COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)
Print Name: ORANGE COAST TITLE CO.      File #: 140-8261-ACL
Address: 2151 E. Convention Cntr #230
City: Ontario      State: CA      Zip: 91764

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

Electronically Filed
9/2/2025 9:24 AM
Steven D. Grierson
CLERK OF THE COURT

**MOT**
SYLVESTER & POLEDNAK, LTD.
ALLYSON R. JOHNSON, ESQ.
Nevada Bar No. 8286
1731 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 952-5200
Facsimile: (702) 952-5205

Email: Allyson@SylvesterPolednak.com

*Attorneys for MPSN Holdings No. 1, LP*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DUKE PARK, an individual, | Case No. A-24-889923-B |
| | Dept. No. 15 |
| Plaintiff, | |
| v. | |
| | **MOTION TO EXPUNGE LIS PENDENS** |
| LEE SOO AHN, an individual; BOK HYUN EUM, an individual; CHELSEA EOM, an individual; HONG JUN EON, an individual; SOYEON EUM aka SO YON EUM, an individual; JOHN DOES 1 through 5 and ROES I through X, inclusive, | **[HEARING REQUESTED]** |
| Defendants, | |
| and | |
| EBH MANAGEMENT CO., LLC, SEA FOX MANAGEMENT, LLC; and ALS PROPERTY HOLDINGS, LLC, | |
| Nominal Parties. | |

LEE SOO AHN, an individual; BOK HYUN
EUM, an individual; CHELSEA EOOM, an
individual;

Counter-claimants/ Third-
Party Plaintiffs,

v.

DUKE PARK, an individual,

Counter-defendant,

and

ALS PROPERTY HOLDINGS, LLC, a
Nevada limited liability company; EBH
MANAGEMENT CO., LLC, a Nevada
limited liability company; and SEA FOX
MANAGEMENT, LLC, a Nevada limited
liability company,

Nominal Parties,

and

VEGASZONE CONSTRUCTION INC., a
Nevada Domestic Corporation, and KATHY
YI, an individual,

Third-Party Defendants.

MPSN HOLDINGS NO. 1, LP, a California
limited partnership,

Plaintiff in Intervention,

v.

DUKE PARK, an individual,

Defendant in Intervention.

COMES NOW, Plaintiff in Intervention, MPSN HOLDINGS NO. 1, LP, a California
limited partnership ("MPSN"), by and through its attorney of record, Allyson R. Johnson, Esq.,
of the law firm of Sylvester & Polednak, Ltd., who hereby moves this Honorable Court for order
expunging the lis pendens recorded by the Plaintiff on March 28, 2024 (the "Motion").

This Motion is made and based on the Declaration of Fredy Trujillo attached hereto as *Exhibit "1,"* the Memorandum of Points and Authorities below, the pleadings and papers on file herein, and any oral argument the Court may entertain on this matter.

DATED this 2nd day of September, 2025.

**SYLVESTER & POLEDNAK, LTD.**

By: ___*/s/Allyson R. Johnson*___
   Allyson R. Johnson, Esq.
   1731 Village Center Circle
   Las Vegas, Nevada 89134
   *Attorneys for MPSN Holdings No. 1, LP*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The instant Motion concerns a lis pendens encumbering real property located at 4409 Spencer Street, Las Vegas, NV 89119 (the "Subject Property"). The Movant purchased the Subject Property at a properly noticed foreclosure sale while an interim manager was appointed over the Subject Property. Neither the interim manager, nor the Plaintiff who recorded the lis pendens made any attempt to dispute the foreclosure or to make any claim that at this point in time the action ... affects title or possession of the real property described in the notice" (NRS 14.015(2)(a)), and (2) "he would be injured by any transfer of an interest in the property before the action is concluded" (NRS 14.015(2)(d)). The Subject Property has been transferred in an arms-length transaction to the Movant and the only party injured by the lis pendens continuing to encumber title is the Movant.

### II.    FACTUAL BACKGROUND

1.      A Lis Pendens was recorded against the Subject Property by Duke Park on March 28, 2024.

2.      On June 6, 2024, Movant purchased the Subject Property at a foreclosure sale in the amount of $2,401,000.00. See; Trustee's Deed Upon Sale, attached hereto as *Exhibit "2."*

3.      The purchase by Movant was in partial satisfaction of the indebtedness secured by a Deed of Trust executed by ALS Property Holdings, LLC as to an undivided 55% interest and EBH Management Co. LLC as to an undivided 45% interest as tenants in common. *Id.*

4.      Upon information and belief, on April 22, 2025, Duke Park filed bankruptcy and was discharged on July 25, 2025.

5.      The crux of this matter centers on the ownership of various companies and not specific ownership of 4409 Spencer Street, Las Vegas, NV 89119.

6.      Duke Park cannot, and has not, claimed an ownership interest in the Subject Property but rather claims an ownership interest in entities that do not currently hold title to the Subject Property.

7.      At the time of the foreclosure sale, upon information and belief, an interim

manager, Mr. Brian Gordon, was managing the company which held title to the Subject Property.

8.　　Upon information and belief, neither Mr. Gordon, nor Duke Park contested the foreclosure sale.

10.　　Demand has been made to Duke Park to release the lis pendens to no avail

## III.　LEGAL ARGUMENT

NRS 14.010 allows a plaintiff "in an action…affecting the title or possession of real property" to record a notice of lis pendens against said property to provide constructive notice to "a purchaser or encumbrancer of the property" that a legal action affecting the title or possession thereto has been filed. NRS 14.010(1), (3).

"[T]he right to record a lis pendens is an extraordinary privilege." Coury v. Tran, 111 Nev. 652, 655, 895 P.2d 650, 652 (1995). The use of a lis pendens "is restricted to avoid abuse." Levinson v. District Court, 109 Nev. 747, 750-51, 857 P.2d 18, 20 (1993), overruled on other grounds by Tahican, LLC v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark, 139 Nev. Adv. Op. 2, 523 P.3d 550, 555 (2023), as amended (Feb. 9, 2023). "Lis pendens are not appropriate instruments for use in promoting recoveries in actions for personal or money judgments." Id. Instead, lis pendens are to be employed only to "prevent the transfer or loss of real property which is the subject of dispute." Id.

Under NRS 14.015(1), the party whose property is affected by the filing of a lis pendens may "request that the court hold a hearing on the notice, and such a hearing must be set as soon as is practicable." At such a hearing, the party filing a lis pendens must show, inter alia, that (1) "the action … affects title or possession of the real property described in the notice" (NRS 14.015(2)(a)), and (2) "he would be injured by any transfer of an interest in the property before the action is concluded" (NRS 14.015(2)(d)).

"NRS 14.015 provides for an expedited process to expunge an improperly recorded lis pendens and places the burden on the party who recorded the lis pendens to show that the lis pendens is proper and should not be expunged." Tahican, LLC v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark, 139 Nev. Adv. Op. 2, 523 P.3d 550, 555 (2023), as amended (Feb. 9, 2023). "The statute requires the recording party to demonstrate not only that the action affects the title or

possession of the property, NRS 14.015(2), but also that the action has merit and that, if the recording party prevails, the party will be entitled to relief affecting the title or possession of the real property." Id., citing NRS 14.015(3). "If the recording party fails to establish any of the requirements in NRS 14.015, the court must expunge the lis pendens." Id., citing NRS 14.015(5).

Here, Plaintiff has not and cannot meet the burden under NRS 14.010 to establish that the lis pendens against the Subject Property should be expunged.

IV.    CONCLUSION

In light of the foregoing, Movant requests its Motion to Expunge Lis Pendens be granted in its entirety.

DATED this 2nd day of September, 2025.

SYLVESTER & POLEDNAK, LTD.

By:    /s/Allyson R. Johnson
       Allyson R. Johnson, Esq.
       1731 Village Center Circle
       Las Vegas, Nevada 89134
       *Attorneys for MPSN Holdings No. 1, LP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of SYLVESTER & POLEDNAK, LTD. and that on the 2nd day of September, 2025, I caused to be served a copy of the above-entitled document on the party set forth below via the Court e-filing system where an email address is provided and/or by depositing the same in the United States Mail, first class, postage prepaid, addressed to those not electronically mailed as follows:

*/s/ Kelly L. Easton*
An Employee of Sylvester & Polednak, Ltd.

# EXHIBIT
# 1

# EXHIBIT
# 1

**DECL**
SYLVESTER & POLEDNAK, LTD.
ALLYSON R. JOHNSON, ESQ.
Nevada Bar No. 8286
1731 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 952-5200
Facsimile: (702) 952-5205
Email: Allyson@SylvesterPolednak.com

*Attorneys for Proposed Movant MPSN Holdings No. 1, LP*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DUKE PARK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LEE SOO AHN, an individual; BOK HYUN EUM, an individual; CHELSEA EOM, an individual; HONG JUN EON, an individual; SOYEON EUM aka SO YON EUM, an individual; JOHN DOES 1 through 5 and ROES I through X, inclusive,<br><br>Defendants,<br><br>and<br><br>EBH MANAGEMENT CO., LLC, SEA FOX MANAGEMENT, LLC; and ALS PROPERTY HOLDINGS, LLC,<br><br>Nominal Parties. | Case No. A-24-889923-B<br>Dept. No. 15<br><br>**DECLARATION OF FREDY TRUJILLO IN SUPPORT OF MOTION TO EXPUNGE LIS PENDENS ON ORDER SHORTENING TIME**<br><br>**HEARING ON SHORTENED TIME REQUESTED** |

1

LEE SOO AHN, an individual; BOK HYUN
EUM, an individual; CHELSEA EOOM, an
individual;

                Counter-claimants/ Third-Party
                Plaintiffs,

v.

DUKE PARK, an individual,

                Counter-defendant,

and

ALS PROPERTY HOLDINGS, LLC, a
Nevada limited liability company; EBH
MANAGEMENT CO., LLC, a Nevada limited
liability company; and SEA FOX
MANAGEMENT, LLC, a Nevada limited
liability company,

                Nominal Parties,

and

VEGASZONE CONSTRUCTION INC., a
Nevada Domestic Corporation, and KATHY
YI, an individual,

                Third-Party Defendants.

      I, FREDY TRUJILLO, declare under penalty of perjury as follows:

      1.     I am the Authorized Owner of Movant in the above-referenced matter.

      2.     I have personal knowledge of the facts stated in this declaration, or if so stated,
believe them to be true to the best of my knowledge, information, and belief, and I am competent
to testify as to the facts stated herein.

2

3.     This Declaration is submitted in support of the foregoing Motion to Expunge Lis Pendens (the "Motion").

4.     Movant is attempting to refinance the Subject Property and the lis pendens is a cloud on the title which is affecting the refinance and Movant's ability to get title insurance.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27 day of August, 2025.

/s/ _____
Authorized Representative,
MPSN Holdings No. 1, LP

3

# EXHIBIT
# 2

# EXHIBIT
# 2

Inst #: 20240614-0001350
Fees: $42.00
RPTT: $12245.10  Ex #:
06/14/2024 01:51:15 PM
Receipt #: 5609583
Requestor:
Orange Coast Title Builde
Recorded By: OSA   Pgs: 4
Debbie Conway
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

ORANGE COAST TITLE CO.

*140-8861-ACC*

APN:  162-23-207-001

R.P.T.T.:  $12,245.10

RETURN/MAIL TAX STATEMENTS TO:
MPSN Holdings No. 1, LP, a California limited
partnership    #9652
2234 E Colorado Blvd
Pasadena, CA 91107

*This document filed for record
by Orange Coast Title Company,
as an accommodation only.
It has not been examined as to its
execution or as to its effect
upon title.*

## TRUSTEE'S DEED UPON SALE

FILE NO. 24-01-004-FCL

THIS INDENTURE, made June 6, 2024 between NEVADA TRUST DEED SERVICES, as Trustee as
hereinafter stated, herein called Trustee under the Deed of Trust, Assignment of Rents and Leases,
Security Agreement, and Fixture Filing (the "Deed of Trust") (as defined below), and

MPSN Holdings No. 1, LP, a California limited partnership, herein called Grantee

### WITNESSETH:

WHEREAS, ALS Property Holdings LLC, a Nevada limited liability company, as to an undivided 55%
interest and EBH Management Co. LLC, a Nevada limited liability company, as to an undivided 45%
interest as tenants in common, by Deed of Trust recorded on October 12, 2023, as Instrument No.
20231012-0001099, in the Office of the County Recorder of CLARK County, State of Nevada as modified
or amended, if applicable (the "Deed of Trust"), did grant and convey to said Trustee, upon the trusts
therein expressed, the property hereinafter described, among other uses and purposes to secure the
payment of that certain obligation and interest according to the terms thereof, and other sums of money
advanced, with interest thereon, to which reference is hereby made; and,

WHEREAS, pursuant to that certain Substitution of Trustee recorded February 14, 2024 as Instrument No.
20240214-0000127,  of Official Records, Beneficiary did substitute in place and stead of Original or
Successor Trustee, NEVADA TRUST DEED SERVICES,

WHEREAS, breach and default was made under the terms of said Deed of Trust in the particulars set
forth in the Notice of Breach and Election to Sell Under Deed of Trust hereinafter referred to, to which
reference is hereby made; and,

WHEREAS, the Beneficiary or holder of said obligation did execute and deliver to the Trustee written
Declaration of Default and Demand for Sale and thereafter there was filed for record on February 14, 2024
in the Office of the County Recorder of Clark County, Nevada, a Notice of Breach and Election to Sell
Under Deed of Trust to cause the Trustee to sell said property to satisfy the obligations secured by said
Deed of Trust, which said Notice was recorded as Instrument No. 20240214-0000128, in the Office of the
County Recorder of CLARK County, Nevada; and,

WHEREAS, Trustee, in consequence of said election, declaration of default, and demand for sale, and in
compliance with said Deed of Trust and with the statutes in such cases made and provided, made and

published three (3) times, once each week for three (3) consecutive weeks, before the date of sale therein fixed in a newspaper of general circulation in the county and state in which the premises to be sold are situated, Notice of Sale as required by law, containing a correct description of the property to be sold and stating that the Trustee would under the provisions of said Deed of Trust sell the property therein and herein described at public auction to the highest bidder for cash in lawful money of the United States on June 6, 2024, at the hour of 09:30 AM of said day, at the front entrance to Nevada Legal News, 930 S. Fourth Street, Las Vegas, NV 89101, County of Clark, State of Nevada; and,

WHEREAS, a similar copy of said Notice of Sale was posted in a public place in the county where the property is situated twenty (20) days successively before the date of sale therein fixed; and,

WHEREAS, compliance having been made with all of the statutory provisions of the State of Nevada and with all of the provisions of said Deed of Trust as to the acts to be performed and notices to be given, and in particular, full compliance having been made with all requirements of law regarding the service of notices required by statutes, and with the Servicemembers Civil Relief Act (108 P.L. 189; 117 Stat. 2835; 2003 Enacted H.R. 100), said Trustee, at such time and place did then and there at public auction sell the property hereinafter described to said Grantee for the sum of TWO MILLION FOUR HUNDRED ONE THOUSAND ($2,401,000.00) dollars, in partial satisfaction of the indebtedness secured by said Deed of Trust, said Grantee being the highest and best bidder therefore. There may be a deficiency of the proceeds of the sale and a balance remaining due to the Beneficiary of said Deed of Trust, and said Beneficiary reserves all rights with respect to such deficiency and remaining balance, including, without limitation, all rights under NRS 40.451 thru 40.459.

NOW, THEREFORE, Trustee, in consideration of the premises recited and the sum herein mentioned bid and paid by the Grantee, the receipt of which is hereby acknowledged, and by virtue of these premises, does GRANT AND CONVEY, but without warranty or covenants, express or implied, unto said Grantee all right, title and interest under said Deed of Trust in that certain property situated in the County of Clark, State of Nevada, described as follows:

THE NORTH HALF (N ½) OF THE EAST HALF (E ½) OF GOVERNMENT LOT FIFTY-THREE (53) IN SECTION 23, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.M.

EXCEPTING THEREFROM THE NORTH THIRTY (30.00) FEET, THE EAST FORTHY (40.00) FEET AND THAT CERTAIN SPANDREL AREA LOCATED IN THE NORTHEAST CORNER THEREOF AS CONVEYED TO CLARK COUNTY BY DEED RECORDED OCTOBER 3, 1989 IN BOOK 891003 AS DOCUMENT NO. 00769, OFFICIAL RECORDS.

Together with any and all improvements, personal property and fixtures located thereon or otherwise described in the Deed of Trust and in any other instruments in favor of the Beneficiary, and all singular tenements, hereditaments and appurtenances thereunto belonging or appertaining, rents, issues and profits thereof.

IN WITNESS WHEREOF said Nevada Trust Deed Services, as duly appointed Trustee, has this day, caused its corporate name to be affixed hereto and this instrument to be executed by its Manager.

Nevada Trust Deed Services

By: _____

Michael F. Bohn, Manager

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before me on __6 / 6 / '24__ by Michael F. Bohn, Manager of Nevada Trust Deed Services, whose name is subscribed to the above instrument and acknowledged that he executed it.

Signature _____
(Notary Public)

MAGDALENA LOPEZ
Notary Public, State of Nevada
Appointment No. 00-60120-1
My Appt. Expires Mar 9, 2027

**State of Nevada**
**Declaration of Value Form**
1.  Assessor Parcel Number(s)
    a) 162-23-207-001
    b) _____
    c) _____
    d) _____
    _____

2.  Type of Property:
    a. ☐ Vacant Land    b. ☐ Sgl. Fam. Residence
    c. ☐ Condo/Twnhse   d. ☐ 2-4 Plex
    e. ☒ Apt. Bldg.     f. ☐ Comm'l/Ind'l
    g. ☐ Agricultural   h. ☐ Mobile Home
    ☐ Other: _____

| | FOR RECORDER'S OPTIONAL USE ONLY |
|---|---|
| | Book: _____ Page: _____ |
| | Date of Recording: _____ |
| | Notes: |

3.  a.  Total Value/Sale Price of Property:        $2,401,000.00
    b.  Deed in Lieu of Foreclosure Only (value of property)   $0.00
    c.  Transfer Tax Value:        $2,401,000.00
    d.  Real Property Transfer Tax Due:        $12,245.10

4.  **If Exemption Claimed:**
    a.  Transfer Tax Exemption, per NRS 375.090, Section:
    b.  Explain Reason for Exemption:

5.  Partial Interest: Percentage Being Transferred: 100.00%

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.    Furthermore, the parties agree the disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.  **Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.**

Signature: _Michele Dobar_____   Capacity: TRUSTEE SALE OFFICER
Signature: _____   Capacity: THIRD PARTY BIDDER

| SELLER (GRANTOR) INFORMATION | BUYER (GRANTEE) INFORMATION |
|---|---|
| (REQUIRED) | (REQUIRED) |

|  |  |  |  |
|---|---|---|---|
| | | | MPSN Holdings No. 1, LP, a California |
| Print Name: | Nevada Trust Deed Services | Print Name: | limited partnership |
| Address: | 10161 Park Run Drive, Suite 150 | Address: | 2234 E Colorado Blvd |
| City: | Las Vegas | City: | Pasadena |
| State: | NV  Zip: 89145 | State: | CA  Zip: 91107 |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name: ORANGE COAST TITLE CO.   File #: 140-8261-ACC
Address: 2151 E. Convention Cntr #230
City: Ontario   State: CA   Zip: 91764

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

Electronically Filed
9/2/2025 1:10 PM
Steven D. Grierson
CLERK OF THE COURT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
****

| | |
|---|---|
| Duke Park, Plaintiff(s) | Case No.: A-24-889923-B |
| vs. | |
| Lee Ahn, Defendant(s) | Department 15 |

### NOTICE OF HEARING

Please be advised that the Plaintiff's Motion to Expunge Lis Pendens in the above-entitled matter is set for hearing as follows:

**Date:**        October 06, 2025

**Time:**        9:00 AM

**Location:**    RJC Courtroom 11D
                 Regional Justice Center
                 200 Lewis Ave.
                 Las Vegas, NV 89101

**NOTE: Under NEFCR 9(d), if a party is not receiving electronic service through the Eighth Judicial District Court Electronic Filing System, the movant requesting a hearing must serve this notice on the party by traditional means.**

STEVEN D. GRIERSON, CEO/Clerk of the Court

By: /s/ Ondina Amos
    Deputy Clerk of the Court

### CERTIFICATE OF SERVICE

I hereby certify that pursuant to Rule 9(b) of the Nevada Electronic Filing and Conversion Rules a copy of this Notice of Hearing was electronically served to all registered users on this case in the Eighth Judicial District Court Electronic Filing System.

By: /s/ Ondina Amos
    Deputy Clerk of the Court