Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel:    702.949.8200
Fax:    702.949.8398

*Attorneys for Secured Creditor The Swindle Family Trust dated October 20, 1999*



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| In re:<br><br>DUKE PARK,<br><br>                    Debtor. | Case No. 25-12285-ABL<br><br>Chapter 7<br><br>**RESERVATION OF RIGHTS AND OBJECTION TO MOTION TO CLARIFY JURISDICTION REGARDING LLC-OWNED PROPERTY LIS PENDENS**<br><br>Hearing Date:    October 8, 2025<br>Hearing Time:    9:30 a.m.<br><br>Judge: Hon. August B. Landis |
|---|---|

Creditor The Swindle Family Trust dated October 20, 1999 ("the Swindle Trust"), by and through its counsel, Ogonna M. Brown of the law firm of Womble Bond Dickinson (US) LLP, hereby files its Reservation of Rights and Objection ("Objection") to Debtor's Motion to Clarify Jurisdiction Regarding LLC-Owned Lis Pendens ("Motion") (ECF No. 48).[1]

This Objection is based upon the Memorandum of Points Authorities set forth below, and the papers and pleadings on file herein, and any argument this Court may entertain regarding the Debtor's Motion.

---

[1] All references to "ECF No." are to the number assigned to the documents filed in Case No. BK-25-12285-ALB as it relates to Debtors' bankruptcy case as they appear on the docket maintained by the clerk of court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "LR" are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada. All references to the "FRBP" are to the Federal Rules of Bankruptcy Procedure.

4936-0561-0602.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     LEGAL ARGUMENT**

According to 28 U.S.C. 1334(b), bankruptcy courts have jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); D. Nev. R. 1001; *see also In re Crystal Cascades Civ., LLC*, 398 B.R. 23, 27 (Bankr. D. Nev. 2008), *aff'd,* 415 B.R. 403 (B.A.P. 9th Cir. 2009). The statute specifically provides his jurisdiction is original but not exclusive. 28 U.S.C. § 1334(b); *see also In re Smith*, 389 B.R. 902, 909 (Bankr. D. Nev. 2008).

The bankruptcy court only has exclusive jurisdiction to determine the dischargeability of a debt. *See In re Bernardelli*, 13 B.R. 656, 656 (Bankr. D. Nev. 1981) (noting that the applicability of community property towards a debt created by a spouse's tort is a question for a Nevada state court). As long as no judgment as a personal liability of the Debtor is sought, a state court action can be brought after discharge. *In re Grihalva*, No. 11-26893, 2013 WL 5311227, at *6 (Bankr. D. Nev. Sept. 3, 2013) ("the court will further order that Nationstar take appropriate steps to amend the State Complaint or otherwise dismiss the State Action, so that no further judgment as a personal liability of the Debtor is sought").

For example, a creditor may exercise its in rem rights by foreclosing on the liens of a debtor and initiating post-foreclosure eviction proceedings. *In re Marino*, 577 B.R. 772, 783 (B.A.P. 9th Cir. 2017), aff'd in part, appeal dismissed in part, 949 F.3d 483 (9th Cir. 2020) (internal quotations omitted) (stating that secured creditors can foreclose their liens after discharge is entered); *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (noting that a creditor may exercise in rem rights against property); 4 Collier on Bankruptcy ¶ 524.02(16th ed. 2018); *In re Ottoman*, 621 B.R. 768, 797 (Bankr. E.D. Mich. 2020) (holding that the creditor's eviction action based on an equitable mortgage did not violate the discharge order); *In re Muhammad*, No. 14-41311 CN, 2015 WL 13742904, at *2 (Bankr. N.D. Cal. Mar. 9, 2015) (noting that "an unlawful detainer judgment for possession is not an attempt to collect a debt"). This is affirmed by the Order of Discharge entered in this action, which states that "a creditor with a lien may enforce a claim against the debtors' property subject to that lien." Order of Discharge, p. 1 (ECF. No. 41).

Further, the debtor alleges in his Motion that it was a violation of the discharge order to be served with a summons for the state court action regarding the property located at 4409 Spencer St., Las Vegas, Nevada. Motion, p. 5. This argument fails, as a discharge order "bars only efforts to collect debts as a personal liability of the debtor." *In re Marino*, 577 B.R. 772, 783 (B.A.P. 9th Cir. 2017), *aff'd in part, appeal dismissed in part*, 949 F.3d 483 (9th Cir. 2020). The discharge "prohibits creditors from communicating with discharged debtors in an effort to extract payment." *Id.* at 784. The Swindle Trust reserves all rights, objecting to the Debtor's assertion that this Court has exclusive jurisdiction over state court actions by Creditors and objecting to his assertion that Creditors may not under any circumstances communicate with Debtor.

### III.  CONCLUSION

The Swindle Trust respectfully requests that this Court enter an order denying Debtor's Motion to Clarify Jurisdiction, or, in the alternative, enter an order clarifying that Nevada state courts have jurisdiction over actions brought by creditors, such as unlawful detainer actions, provided that the creditor is not seeking any monetary recovery from the Debtor.

DATED this 24th day of September, 2025.

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Ogonna Brown*
Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel.: 702.949.8200
*Attorneys for Secured Creditor The Swindle Family Trust dated October 20, 1999*

4908-2212-7708, v. 1

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Womble Bond Dickinson (US) LLP, and that on the 24th day of September, 2025, I caused to be served a true and correct copy of **RESERVATION OF RIGHTS AND OBJECTION TO MOTION TO CLARIFY JURISDICTION REGARDING LLC-OWNED PROPERTY LIS PENDENS** in the following manner:

☒ (ELECTRONIC SERVICE)  Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL)  By depositing a copy of the above-referenced document for mailing in the United States Mail on May 8, 2025, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the Court's attached creditor's matrix with additions and edits, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER)  By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE)  That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/ Renee L. Creswell
An employee of Womble Bond Dickinson (US) LLP

4908-2212-7708, v. 1