Duke Park, Debtor – Pro Se
1392 Via Merano St.
Henderson, NV 89052
408-318-3700
dukepark@me.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
DUKE PARK,
Debtor.

Case No.: 25-12285-abl
Chapter 7

**REPLY TO SWINDLE TRUST'S OBJECTION (DOC. 86) TO DEBTOR'S MOTION TO**

**CLARIFY JURISDICTION (DOC. 48) AND IN SUPPORT OF DEBTOR'S MOTION TO**

**ENFORCE DISCHARGE INJUNCTION (DOC. 45)**

Hearing Date: September 29, 2025

Hearing Time: 9:30 a.m.

Judge: Hon. August B. Landis

I. INTRODUCTION

Debtor Duke Park ("Debtor") respectfully submits this Reply to the Objection filed by The
Swindle Family Trust ("Swindle," Doc. 86).

This matter turns on two critical issues:

1. **Jurisdiction of this Court** – The lis pendens has been maintained continuously since the
   outset of the state civil litigation, premised on LLC ownership and funds used for down
   payments on properties now held by Swindle as collateral. Building upon that foundation,
   the Ahn parties filed a nondischargeability adversary complaint (Doc. 40), and Swindle
   itself opposed efforts to expunge the lis pendens in the Eighth Judicial District Court. On

July 14, 2025, that court denied Swindle's motion to expunge lis pendens. (See Exhibit A). These interwoven issues require centralized resolution by this Court.

2. **Improper personal enforcement after discharge** – Swindle mischaracterizes its actions as mere in rem lien enforcement. In reality, Swindle engaged in direct post-discharge communications, personal service of writs, and eviction-related pressure against the Debtor. Such actions constitute personal enforcement, prohibited by 11 U.S.C. §524(a)(2).

Debtor incorporates by reference his prior Supplemental Opposition (Doc. 68) and the Adversary Complaint (Doc. 40), without reattaching them in full.

II. ARGUMENT

A. Bankruptcy Court Jurisdiction Is Essential

- LLC-based funds were used as down payments on properties now encumbered by Swindle's liens.

- Lis pendens has remained in place from the inception of the state litigation and was expressly upheld when the Eighth Judicial District Court denied Swindle's motion to expunge on July 14, 2025 (Exhibit A).

- The Ahn parties used this lis pendens foundation to file a nondischargeability adversary complaint (Doc. 40).

These facts confirm that the disputes over LLC ownership, lis pendens, and nondischargeability are inseparably tied to this bankruptcy case and must be resolved by this Court to ensure consistency and to avoid conflicting rulings.

B. Swindle's Conduct Constitutes Personal Enforcement in Violation of Discharge

Swindle relies on cases permitting neutral in rem lien enforcement post-discharge. Those authorities do not apply here.

In this case, Swindle went further:

- Personally serving eviction writs on the Debtor,

- Sending direct email communications to the Debtor, and

- Pressuring the Debtor to vacate his residence at 1392 Via Merano.

These actions targeted the Debtor personally and constitute prohibited personal enforcement under §524(a)(2).

III. CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court:

1. **Overrule Swindle's Objection (Doc. 86);**

2. **Grant Debtor's Motion to Clarify Jurisdiction (Doc. 48),** confirming that disputes concerning LLC-owned property and lis pendens are within this Court's jurisdiction;

3. **Grant Debtor's Motion to Enforce Discharge Injunction (Doc. 45),** finding that Swindle's post-discharge personal enforcement actions violated §524(a)(2); and

4. Award such other relief as the Court deems just and proper.

**DATED:** September 24, 2025

Respectfully submitted,

Duke Park, Debtor Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2025, I served a true and correct copy of the foregoing

**Reply to Swindle Trust's Objection (Doc. 86) to Debtor's Motion to Clarify Jurisdiction (Doc. 48) and in Support of Debtor's Motion to Enforce Discharge Injunction (Doc. 45)** in the following manner:

1. **Electronic Service** – By filing with the Court's CM/ECF system, which will send notice to all registered users.

2. **United States Mail** – By depositing copies in the U.S. Mail, first-class postage prepaid, addressed to all parties listed on the Court's creditor mailing matrix.

Duke Park, Debtor Pro Se

EXHIBIT LIST

- **Exhibit A** – First page of *Notice of Entry of Order Denying the Swindle Trust's Motion to Expunge Lis Pendens* (Eighth Judicial District Court, July 14, 2025)

*(Debtor incorporates by reference Doc. 40 and Doc. 68, without reattaching them in full.)*

## EXHIBIT LIST

- **Exhibit A** – First page of *Notice of Entry of Order Denying the Swindle Trust's Motion to Expunge Lis Pendens* (Eighth Judicial District Court, July 14, 2025)

Electronically Filed
07/14/2025 3:28 PM

CLERK OF THE COURT

**ODM**
KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
AKKE LEVIN, ESQ.
Nevada Bar No.  09102
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:    (702) 792-3773
Facsimile:     (702) 792-9002
Email:          hendricksk@gtlaw.com
                    akke.levin@gtlaw.com

*Counsel for Defendants/Counterclaimants/*
*Third-Party Plaintiffs, LEE SOO AHN;*
*BOK HYUN EUM; and CHELSEA EOM*

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DUKE PARK, an individual, | CASE NO. A-24-889923-C |
| Plaintiff, | DEPARTMENT XV |
| v. | |
| LEE SOO AHN, an individual; BOK HYUN EUM, an individual; CHELSEA EOM, an individual; HONG JUN EOM, an individual; SOYEON EUM aka SO YON EUM, an individual., JOHN DOES 1 through 5 and ROES I though X, inclusive, | **ORDER DENYING THE SWINDLE TRUST'S MOTION TO EXPUNGE LIS PENDENS** |
| Defendants. | |
| and | |
| EBH MANAGEMENT CO., LLC; SEA FOX MANAGEMENT, LLC; and ALS PROPERTY HOLDINGS, LLC, | |
| Nominal Parties. | |
| LEE SOO AHN, an individual; BOK HYUN EUM, an individual; CHELSEA EOM an individual, | |
| Counter-Claimants/ Third-Party Plaintiffs, | |
| v. | |

Page 1 of 8

ACTIVE 712877234v1