KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
AKKE LEVIN, ESQ.
Nevada Bar No. 09102
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email:      hendricksk@gtlaw.com
             akke.levin@gtlaw.com

*Counsel for Plaintiffs Lee Soo Ahn, Bok Hyun Eum, ALS Property Holdings, LLC, EBH Management Co., LLC, and Sea Fox Management, LLC*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**DUKE PARK**,<br><br>Debtor(s). | CASE NO. 25-12285-abl<br>CHAPTER 7 |
| Lee Soo Ahn, Bok Hyun Eum, ALS Property Holdings, LLC; EBH Management Co., LLC, Sea Fox Management, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Duke Park,<br><br>Defendant. | Adversary No. 25-01162-abl<br><br>**PLAINTIFFS' OPPOSITION TO DUKE PARK'S MOTION FOR INJUNCTIVE RELIEF TO PRESERVE PROPERTY PENDING RESOLUTION OF ADVERSARY PROCEEDING**<br><br>HEARING DATE:  MAY 26, 2026<br>HEARING TIME:  10:00 A.M. |

/ / /

/ / /

/ / /

/ / /

/ / /

1

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada  89135
Telephone: (702) 792-3773    Facsimile:  (702) 792-9002

Plaintiffs Lee Soo Ahn, Bok Hyun Eum, ALS Property Holdings, LLC, EBH Management Co., LLC, and Sea Fox Management, LLC ("Plaintiffs") hereby file their opposition to defendant Duke Park's Motion for Injunctive Relief to Preserve Property Pending Resolution of Adversary Proceeding ("Motion"), ECF 105. Plaintiffs' Opposition is based on the papers and pleadings on file, the exhibits attached hereto, the following points and authorities, and such argument as the Court may allow.

## I.      ARGUMENT

Park's Motion seeks an order preserving the status quo and temporarily enjoining the sale of 782 Glistening Light Ct., Henderson NV 891052 ("Glistening Light"). *See* Bankruptcy Case ECF No. 105 at 1. The Court should deny Park's Motion for multiple reasons.

First, Park is wrong when contending that the adversary proceeding involves disputes over the ownership of plaintiffs ALS Property Holdings, LLC ("ALS"), EBH Management Co., LLC ("EBH") or their assets. Plaintiffs' complaint involves the question of whether Duke Park's debts are dischargeable if Park is liable for fraud, embezzlement, and elder abuse. *See* Adversary Case ECF No. 1.

Second, the dispute over the ownership of ALS and EBH and Sea Fox Management, LLC ("Sea Fox") (collectively, the "Entities") was already decided *against* Park in state court a month *before* he filed bankruptcy. *See* Adversary Case ECF No. 1-2 (Findings of Fact and Conclusions of Law dated March 13, 2025). The District Court found after a seven-day evidentiary hearing that plaintiffs Lee Soo Ahn and Bok Hyun Eum are the rightful owners of all three Entities. *Id*. at 27:19- 23. Plaintiff ALS is the owner of Glistening Light. *Id*. at 4, ¶ 11; *see also* **Exhibit A** hereto (detailing current ownership of Glistening Light).

Third, Park is barred from bringing any ownership claims in this or any other proceeding based on judicial estoppel. Even though Park's lawsuit against Plaintiffs was pending in state court when he filed bankruptcy in April 2025, Park did not list any interest in Glistening Light, nor did he list his claims against Plaintiffs or any claims to ownership in the Entities as assets anywhere on his bankruptcy schedules. *See* Bankruptcy Case, *e.g.*, ECF No. 19 at 1-2, 8 (Initial Schedules), ECF No. 23 (Amended Schedules); ECF No. 37 at 1-2, 8 (Final Amended Schedules), at 8 § 33

2

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773      Facsimile: (702) 792-9002

(answering "no" in response to the question as to whether he had "filed a lawsuit or made a demand for payment"). Debtors must disclose pending (and potential) claims on their bankruptcy schedules because claims are assets of the bankruptcy estate. *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001). "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not . . . mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F. 3d 778, 783 (9th Cir. 2001) (citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992).

Fourth, Park is barred from relitigating claims and ownership issues that the state court finally decided against him based on claim and issue preclusion principles. On January 14, 2026, the state court granted summary judgment in favor of Plaintiffs on all claims that Park had brought against them. *See* January 14, 2026, Order Granting Summary Judgment, **Exhibit B** hereto. The state court concluded that Park was judicially estopped from bringing his claims. *Id*. at 5, ¶ 16 (quoting *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) and *Ah Quin v. County of Kauai Department of Transportation*, 733 F.3d 267, 271 (9th Cir. 2013)); *id*. at 6 ¶ 17 (addressing Park's failure to list his claims as assets and concluding he is estopped from asserting them now); *see also id*. at 6, ¶¶ 18-19. The state court also concluded, in relevant part, that Park lacked evidence to support his claim for declaratory relief that he owned the Entities, because he offered only phony documents. *Id*. at 6, ¶ 20. That summary judgment order is final. Therefore, Park cannot relitigate any claims or issues (such as ownership issues) that were already decided in state court. *See Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161 (2008) (holding that under the doctrine of claim preclusion "a final judgment forecloses successive litigation of the very same claim" and that "issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment . . .") (internal quotation marks and citations omitted).

In sum, Park has no legal basis to enjoin the sale of Glistening Light and his motion should be summarily denied Additionally, Park should be cautioned that his pro se status does not give him carte blanche to file motions making dubious and knowingly baseless claims to rights in real property, which he filed previously without success. *See* ECF Nos. 44,

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773    Facsimile: (702) 792-9002

45, 48, 60, 84, 89. d. DATED this 11th day of May, 2026.

GREENBERG TRAURIG, LLP

By: _/s/ Kara B. Hendricks_

KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
AKKE LEVIN, ESQ.
Nevada Bar No. 09102

*Counsel for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I am a resident of the state of Nevada, over the age of eighteen years, and not a party to the within action.  My business address is 10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135.  On **May 12, 2026**, I served the foregoing document via electronic mail and U.S. Mail:

DUKE PARK
304 S. Jones Boulevard, #198
Las Vegas, Nevada 89107
dukepark@me.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed **on May 12, 2026**, at Las Vegas, Nevada.

_____
*/s/ Evelyn Escobar-Gaddi*
An employee of Greenberg Traurig, LLP

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773    Facsimile: (702) 792-9002

| INDEX OF EXHIBITS | |
|---|---|
| **EXHIBIT** | **DESCRIPTION** |
| A | Glistening Light Ownership Details |
| B | January 14, 2026, Order Granting Summary Judgment |

# EXHIBIT A

# EXHIBIT A

### GLISTENING LIGHT OWNERSHIP DETAILS

## Briana Johnson, Assessor

| Assessor Map | Aerial View | Building Sketch | Ownership History | Neighborhood Sales | New Search |

### GENERAL INFORMATION

**PARCEL NO.**
178-29-414-074

**OWNER** AND **MAILING ADDRESS**
A L S PROPERTY HOLDINGS L L C
782 GLISTENING LIGHT CT
HENDERSON
NV 89052

**LOCATION ADDRESS**
782 GLISTENING LIGHT CT

**CITY/UNINCORPORATED TOWN**
HENDERSON

**ASSESSOR DESCRIPTION**
THE CANYONS PARCEL B PHASE 1
PLAT BOOK 150 PAGE 99
LOT 88

**RECORDED DOCUMENT NO.**
* 20180418:01827

**RECORDED DATE**
APR 18 2018

**VESTING**
NS

**COMMENTS**

*Note: Only documents from September 15, 1999 through present are available for viewing.

### ASSESSMENT INFORMATION AND VALUE EXCLUDED FROM PARTIAL ABATEMENT

**TAX DISTRICT**
505

**APPRAISAL YEAR**
2025

**FISCAL YEAR**
2026-27

**SUPPLEMENTAL IMPROVEMENT VALUE**
0

**INCREMENTAL LAND**
0

**INCREMENTAL IMPROVEMENTS**
0

### REAL PROPERTY ASSESSED VALUE

**FISCAL YEAR**
2025-26
2026-27

**LAND**
117250
101150

**IMPROVEMENTS**
259117

257617

| PERSONAL PROPERTY |
|---|
| 0 |
| 0 |

| EXEMPT |
|---|
| 0 |
| 0 |

| GROSS ASSESSED (SUBTOTAL) |
|---|
| 376,367 |
| 358,767 |

| TAXABLE LAND + IMP (SUBTOTAL) |
|---|
| 1,075,334 |
| 1,025,049 |

| COMMON ELEMENT ALLOCATION ASSESSED |
|---|
| 0 |
| 0 |

| TOTAL ASSESSED VALUE |
|---|
| 376,367 |
| 358,767 |

| TOTAL TAXABLE VALUE |
|---|
| 1,075,334 |
| 1,025,049 |

Click here for Treasurer Information regarding real property taxes.

Click here for Flood Control Information.

| ESTIMATED LOT SIZE AND APPRAISAL INFORMATION |
|---|
| ESTIMATED SIZE |
| 0.12 ACRES |
| ORIGINAL CONST. YEAR |
| 2018 |
| LAST SALE PRICE |
| MONTH/YEAR |
| SALE TYPE |
| 660015 |
| 4/2018 |
| R - RECORDED VALUE |
| LAND USE |
| 20.110 - SINGLE FAMILY RESIDENTIAL |
| DWELLING UNITS |
| 1 |

| PRIMARY RESIDENTIAL STRUCTURE |
|---|
| 1ST FLOOR SQ. FT. |
| 1893 |
| CASITA SQ. FT. |
| ADDN/CONV |
| 2ND FLOOR SQ. FT. |
| 1787 |
| CARPORT SQ. FT. |
| POOL |
| NO |
| 3RD FLOOR SQ. FT. |
| STYLE |
| TWO STORY |
| SPA |
| NO |

UNFINISHED BASEMENT SQ. FT.

0

BEDROOMS

5

TYPE OF CONSTRUCTION

FRAME-STUCCO

FINISHED BASEMENT SQ. FT.

0

BATHROOMS

4 FULL /1 HALF

ROOF TYPE

CONCRETE TILE

BASEMENT GARAGE SQ. FT.

0

FIREPLACE

0

TOTAL GARAGE SQ. FT.

613

---

ASSESSOR MAP VIEWING GUIDELINES

MAP

178294

In order to view the Assessor map you must have Adobe Reader installed on your computer system.

If you do not have the Reader it can be downloaded from the Adobe site by clicking the following button. Once you have downloaded and installed the Reader from the Adobe site, it is not necessary to perform the download a second time to access the maps.



Note: This record is for assessment use only. No liability is assumed as to the accuracy of the data delineated hereon.

# EXHIBIT B

# EXHIBIT B

JANUARY 14, 2026 ORDER GRANTING SUMMARY JUDGMENT

Electronically Filed
1/15/2026 1:09 PM
Steven D. Grierson
CLERK OF THE COURT

**NEOJ**
KARA B. HENDRICKS
Nevada Bar No. 07743
AKKE LEVIN
Nevada Bar No. 09102
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:      (702) 792-3773
Facsimile:      (702) 792-9002
Email:          hendricksk@gtlaw.com
                akke.levin@gtlaw.com
*Counsel for Defendants/Counterclaimants/*
*Third-Party Plaintiffs, LEE SOO AHN, BOK HYUN EUM*
*and CHELSEA EOM*

## IN THE EIGHTH JUDICIAL DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| DUKE PARK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LEE SOO AHN, an individual; BOK HYUN EUM, an individual; CHELSEA EOM, an individual; HONG JUN EOM, an individual; SOYEON EUM aka SO YON EUM, an individual. JOHN DOES 1 through 5 and ROES I though X, inclusive,<br><br>Defendants.<br><br>and<br><br>EBH MANAGEMENT CO., LLC; SEA FOX MANAGEMENT, LLC; and ALS PROPERTY HOLDINGS, LLC,<br><br>Nominal Parties. | CASE NO. A-24-889923-B<br>DEPARTMENT 15<br><br><br>**NOTICE OF ENTRY**<br>[ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL DUKE PARK'S CLAIMS]<br><br><br>HEARING DATE:  DECEMBER 16, 2025 |
| LEE SOO AHN, an individual; BOK HYUN EUM, an individual; CHELSEA EOM an individual,<br><br>Counter-Claimants,<br><br>v.<br><br>DUKE PARK, and individual,<br><br>Counter-Defendant.<br><br>and | |

Page 1 of 4

ACTIVE 718077045v1

ALS PROPERTY HOLDINGS, LLC a Nevada limited liability company, EBH MANAGEMENT CO., LLC a Nevada limited liability company, and SEA FOX MANAGEMENT, LLC a Nevada limited liability company.

                Nominal Parties,

      and

VEGASZONE CONSTRUCTION INC., a Nevada Domestic Corporation, and KATHY YI, an individual,

                Third-Party Defendants.

MPSN HOLDINGS NO. 1, LP, a California limited partnership,

                Plaintiff In Intervention,

v.

DUKE PARK, an individual,

                Defendant in Intervention.

THE SWINDLE FAMILY TRUST dated October 20, 1999,

                Plaintiff/Counter-Defendant-in-Intervention,

v.

LEE SOO AHN, BOK HYUN EUM, and CHELSEA EOM,

                Defendants-in-Intervention.

LEE SOO AHN, BOK HYUN EUM, and ALS PROPERTY HOLDINGS, LLC

                Counterclaimants-in-Intervention,

v.

LSLS, LLC, and THE SWINDLE FAMILY TRUST dated October 20, 1999,

                Counterdefendants-in-Intervention.

ACTIVE 718077045v1

PLEASE TAKE NOTICE that the **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL DUKE PARK'S CLAIMS** was entered on the **14th day of January, 2026**.  A copy of the Order is attached hereto as **Exhibit A**.

DATED this 15th day of January, 2026.

GREENBERG TRAURIG, LLP

By:  */s/ Kara B. Hendricks*
_____
KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
AKKE LEVIN
Nevada Bar No. 09102
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
Email:        hendricksk@gtlaw.com
                  akke.levin@gtlaw.com

*Counsel for Defendants/Counterclaimants/*
*Third-Party Plaintiffs*

ACTIVE 718077045v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on the **15th day of January, 2026**, a true and correct copy of the foregoing **NOTICE OF ENTRY (ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL DUKE PARK'S CLAIMS)** was served electronically using the Odyssey eFileNV Electronic Filing system and serving all parties with an email address on record, pursuant to Administrative Order 14- 2 and Rule 9 of the N.E.F.C.R.

The date and time of the electronic proof of service is in place of the date and place of deposit in the mail.

_____
*/s/ Andrea Flintz*
An Employee of GREENBERG TRAURIG, LLP

ACTIVE 718077045v1

# EXHIBIT "A"

EXHIBIT "A"

ELECTRONICALLY SERVED
1/14/2026 10:05 AM

Case 25-12285-abl    Doc 108    Entered 05/12/26 15:14:03    Page 17 of 26

Electronically Filed
01/14/2026 10:04 AM

CLERK OF THE COURT

**OGM**
KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
AKKE LEVIN
Nevada Bar No. 09102
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:   (702) 792-3773
Facsimile:    (702) 792-9002
Email:          hendricksk@gtlaw.com
                    akke.levin@gtlaw.com
*Counsel for Defendants/Counterclaimants/*
*Third-Party Plaintiffs Third-Party Plaintiffs*

JARROD L. RICKARD, ESQ.
Nevada Bar No. 10203
KATIE L. CANNATA, ESQ.
Nevada Bar No. 14848
**SEMENZA RICKARD LAW**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada  89145
Telephone: (702) 835-6803
Facsimile:  (702) 920-8669
Email:  jlr@semenzarickard.com
klc@semenzarickard.com
*Attorneys for Defendants Hong Jun Eum and*
*Soyeon Eum*

CHRISTOPHER JUMIN LEE, ESQ.*
*Admitted Pro Hac Vice
**BIRD, MARELLA, RHOW, LINCENBERG,**
**DROOKS & NESSIM, LLP**
1875 Century Park East, 23rd Floor
Los Angeles, California  90067-2561
Telephone:  (310) 201-2100
Facsimile:   (310) 201-2110
Email:  clee@birdmarella.com
*Attorneys for Defendants Hong Jun Eum and*
*Soyeon Eum*

## IN THE EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

DUKE PARK, an individual,

               Plaintiff,

      v.

LEE SOO AHN, an individual; BOK HYUN EUM, an individual; CHELSEA EOM, an individual; HONG JUN EOM, an individual; SOYEON EUM aka SO YON EUM, an individual; JOHN DOES 1 through 5 and ROES I though X, inclusive,

               Defendants.

CASE NO. A-24-889923-B
DEPARTMENT 15

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY**
**JUDGMENT ON ALL DUKE PARK'S**
**CLAIMS**

1

ACTIVE 717476711v1

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada  89135
Telephone: (702) 792-3773     Facsimile:  (702) 792-9002

LEE SOO AHN, an individual; BOK HYUN EUM, an individual; CHELSEA EOM an individual,

Counter-Claimants/
Third-Party Plaintiffs,

v.

DUKE PARK, and individual,

Counter-Defendant,

and

ALS PROPERTY HOLDINGS, LLC a Nevada limited liability company, EBH MANAGEMENT CO., LLC a Nevada limited liability company, and SEA FOX MANAGEMENT, LLC a Nevada limited liability company.

Nominal Parties.

and

VEGASZONE CONSTRUCTION INC., a Nevada Domestic Corporation, and KATHY YI, an individual,

Third-Party Defendants.

This matter came before the Court on December 16, 2025, on the Motion for Summary Judgment on all Duke Park's claims ("Motion for Summary Judgment") submitted jointly by defendants/counterclaimants Lee Soo Ahn, Bok Hyun Eum, and Chelsea Eom, and defendants Hong Jun Eom, and Soyeon Eum (collectively "Defendants"). Akke Levin appeared for Lee Soo Ahn, Bok Hyun Eum, and Chelsea Eom. Christopher Lee appeared for defendants Hong Jun Eom and Soyeon Eum. Duke Park appeared *pro se*. The Court, having reviewed the Motion for Summary Judgment, having heard argument on the Motion, makes the following findings of facts and conclusions of law.

## I.    UNDISPUTED FACTS

1.    On March 27, 2024, Duke Park ("Plaintiff") filed a Verified Complaint against Lee Soo Ahn, Bok Hyun Eum, and Chelsea Eom (collectively "Ahn Family Defendants") alleging that, in May and June 2023, he purchased 100% of the membership interests in ALS Property Holdings, LLC, EBH Management Co., LLC, and Sea Fox Management, LLC (the "Entities") from Ms. Ahn and Mr. Eum.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773    Facsimile: (702) 792-9002

2

2.  On April 1, 2024, the Ahn Family Defendants filed their answer and counterclaims against Park, alleging, in relevant part, that (a) Park had drafted meeting minutes that fraudulently stated that Ms. Ahn and Mr. Eum had agreed to sell their membership interests in the Entities to him; (b) that Ms. Ahn and Mr. Eum were not in the United States when the alleged meetings were held and had not signed the meeting minutes; and (c) that Park had not paid any money or compensation for the alleged purchase of the Entities.  The Ahn Family Defendants filed an amended answer and counterclaim on May 3, 2024.

3.  On September 25, 2024, Park filed a first amended complaint ("FAC"), adding Hong Jun Eom and Soyeon Eum, the adult children of Ms. Ahn and Mr. Eum, as defendants.  Park's FAC contained nine causes of action: (1) "Declaratory Relief Regarding Plaintiff's Interest in the [] Entities"; (2) Civil Conspiracy; (3) Common Law Fraud; (4) Fraudulent Inducement; (5) Unjust Enrichment; (6) Intentional Interference with Contractual Relations; (7) Quiet Title; (8) Declaratory Relief Regarding Plaintiff's Interest in the Arby Property; and (9) Slander of Title.

4.  Between August 12 and 14, 2024, and between January 13 and 16, 2025, the Court held an evidentiary hearing on the parties' competing motions for preliminary injunction to determine the ownership of the Entities and to determine whether Kathy Yi should be held in contempt of the Court's April 18, 2024, Order.

5.  On March 10, 2025, the Court entered Findings of Fact and Conclusions of Law on Injunctive Relief Motions ("FFCL").  *See* FFCL, on file, at 32.  The Court incorporates these FFCL as if fully set forth herein.

6.  In relevant part, this Court found that Park appeared to be a "con man" who "lacked any credibility and made various misrepresentations during his testimony."  FFCL, on file, at 2.  The Court further found that Park had drafted fraudulent meeting minutes, gift letters, and corporate documents, and that Ms. Ahn and Mr. Eum never transferred any interest in the Entities to Park or made promises to do so.  *Id*. ¶¶ 39–42, 48–50, 59-78, 127, 149–150, 157.  The Court further found that Park had looted the Entities' bank accounts, hid funds in new bank accounts that he alone controlled, took out loans on behalf of the Entities, and let each loan go into default and the properties in foreclosure.  *Id*. ¶¶ 90, 154, 156-57.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773    Facsimile: (702) 792-9002

ACTIVE 717476711v1

7.      After the Court entered its FFCL, Park produced no evidence to counter the Court's Findings of Fact, took no depositions, and disclosed no experts.

8.      On April 22, 2025, Park filed for bankruptcy under Chapter 7 of the Bankruptcy Code. *See* Motion for Summary Judgment ("MSJ"), on file, Ex. A.  In the bankruptcy, Park was represented by the same attorney who represented him in this case, Matthew Knepper.  On May 21, 2025, Park filed a Schedule of Assets and Liabilities ("Schedule"), which he amended several times.  *See id.,* Exhibits B, C, and D.  His last amended Schedule was filed on July 16, 2025.  *See id.* Ex. D.[1]

9.      Neither Park's initial Schedule nor his amended Schedules listed his claims against Defendants as assets.  In all Schedules, Park marked "No" when asked to list claims against third parties and whether he had "filed a lawsuit or made a demand for payment."  *See* MSJ, Ex. B, Ex. C, and Ex. D at 8, § 33.  Park listed the 6255 West Arby # 370 Las Vegas NV 89118 ("Arby") as one of the properties he lost in foreclosure on November 6, 2024.  Ex. D at 28.

10.      On June 17, 2025, the Bankruptcy Trustee filed a report that there was no property available for distribution from the bankruptcy estate over and above that exempted by law.  MSJ, **Ex. E**.  On July 18, 2025, Defendants filed an Adversary Complaint to Determine the Nondischargeability of Park's Debts.  *Id.*, **Ex. F**.  On July 22, 2025, the bankruptcy court entered an Order of Discharge, which gave Park a qualified discharge of his debts.  *Id.* Ex. G.  The Order provided that "Some debts are not discharged" and included as an example "debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case[.]"  *Id.*, **Ex. G** at 2.

## II.      CONCLUSIONS OF LAW

11.      Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Nev. R. Civ. P. 56(a).  If the plaintiff bears the ultimate burden of proof on an issue at trial, a defendant moving for summary judgment can meet its initial burden to show the absence of genuine issues of material fact in two ways:  (1) by

---

[1] The Court may take judicial notice of court filings where, as here, the party opposing the summary judgment does not dispute the authenticity of the documents.  *See, e.g., Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998); *Ferris v. Wynn Resorts Ltd.*, 462 F. Supp. 3d 1101, 1117-18 (D. Nev. 2020).

ACTIVE 717476711v1

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773      Facsimile: (702) 792-9002

presenting "evidence that negates an essential element of the nonmoving party's claim"; or (2) by showing that the plaintiff lacks evidence to support its case. *Cuzze v. University & Community College System*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007).

12.     Defendants moved for summary judgment on all Park's claims.

13.     As further discussed below, the Court finds that summary judgment is warranted on all Park's claims in favor of Defendants and against Park because:  (1) Park's claims are barred by judicial estoppel; (2) Park lacks evidence to support his claims; (3) the available evidence negates one or more essential elements of his claims; (4) several of his claims are moot; and (5) the Court construes Park's failure to file a written opposition as an admission that the Motion for Summary Judgment is meritorious and a consent to granting the same.

**A.      All Park's Claims arc Barrcd by Judicial Estoppcl.**

14.     Judicial estoppel applies "when a party's inconsistent position arises from intentional wrongdoing or an attempt to obtain an unfair advantage." *Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 288, 163 P.3d 462, 469 (2007) (internal quotation marks omitted).  "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not . . . mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F. 3d 778, 783 (9th Cir. 2001) (citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992).

15.     Debtors must disclose pending (and potential) claims on their bankruptcy schedules because claims are assets of the bankruptcy estate. *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001).

16.     A plaintiff/debtor's failure to give notice to the bankruptcy court of a claim estops the plaintiff/debtor "and justifies the grant of summary judgment to the defendants." *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992).  "The reason is that the plaintiff-debtor represented in the bankruptcy case that no claim existed, so he or she is estopped from representing in the lawsuit that a claim does exist." *Ah Quin v. County of Kauai Department of Transportation*, 733 F.3d 267, 271 (9th Cir. 2013).

/ / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773    Facsimile: (702) 792-9002

5

17.    Park filed for bankruptcy in April 2025 when this lawsuit was pending.  He was thus well aware of his pending claims against Defendants and so was his bankruptcy counsel, Matthew Knepper, who also represented Park in this lawsuit.  Park failed to disclose his claims against Defendants on his initial or any of his amended bankruptcy schedules as an asset.  *See* MSJ, Exs. B, C, and D at 8, § 33.  Thereafter, the Bankruptcy Trustee filed a report that there was no property available for distribution to the creditors, *id*. Ex. E, and the bankruptcy court entered an Order of Discharge.  Ex. G.  Therefore, Park is estopped from pursuing in this Court the claims he failed to disclose to the Bankruptcy Court.  This alone warrants summary judgment against Park and in favor of Defendants on all Park's claims.

18.    Summary judgment is also warranted based on traditional estoppel principles.  The five elements of judicial estoppel are:  "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (*i.e.*, the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake."  *Delgado v. Am. Family Ins. Grp.*, 125 Nev. 564, 570, 217 P.3d 563, 567 (2009) (quoting cases) (internal quotation marks omitted).

19.    All five elements are met.  Park took totally inconsistent positions in judicial proceedings:  In this Court, Park asserted nine claims against Defendants, yet in the bankruptcy court, he represented he had filed no claims or lawsuits.  Park was successful in taking the position in bankruptcy court because he obtained a Discharge Order.  Park's position in bankruptcy was not taken because of ignorance, fraud, or mistake.  Park knew of his claims and this lawsuit, which was pending when he filed bankruptcy and stayed because of it.

**B.    Park Lacks Evidence to Support His First Five Claims**.

20.    Park's First, Second, Third, Fourth, and Fifth claims are all based on his alleged ownership of the Entities.  As to the first claim for declaratory relief, Park is not entitled to a declaration that he owns the Entities, because he offered no evidence—only phony documents—for an alleged transfer, and offered no evidence of consideration.  Since the Court issued its FFCL, Park has produced no other evidence that could change the Court's ruling.

6

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773    Facsimile:  (702) 792-9002

21.     His second claim alleges that Defendants conspired to file false documents with the Nevada Secretary of State.  But as the owners of the Entities, the Ahn Family Defendants had the right to file amended corporate documents to reflect their ownership.

22.     Park's third claim for fraud and his fourth claim for fraudulent inducement fail, because Park offered no evidence that Defendants made any alleged "misrepresentations" to induce Park to buy the Entities.  On the contrary, the evidence showed that Park only met once with Lee Soo Ahn and Bok Hyun Eum in 2023 at the Henderson Lifetime Gym and no sale of the Entities was discussed.  FFCL, on file, ¶¶ 26-29, 99.

23.     Park's fifth claim for unjust enrichment also lacks evidence.  The Ahn Family Defendants are not "unjustly enriched" if they "are allowed to . . . own the Business Entities. . ." because they owned the Entities all along.  FFCL, *e.g.*, ¶¶ 78, 80.

C.     **The Evidence Negates Park's Sixth Claim.**

24.     Park's sixth claim is for intentional interference of contractual relations.  FAC at 13. Park claims he had a buyer for the Sea Fox Apartment that he, "as sole member" of ALS and EBH, had contracted to sell.  *Id*.  Park alleges that Defendants interfered with the sale and that he and the Entities were damaged.  But Park only produced three unauthenticated, non-binding, conditional letters of intent.  MSJ, Exhibits H, I, and J.  Even assuming these documents represented sale contracts—they do not—any alleged damage from the alleged interference would be to EBH and ALS, not Park personally.

D.     **Park's Seventh, Eighth, and Ninth Claims Relate to Arby and Are Moot.**

25.     With his seventh claim, Park seeks to quiet title on 6255 West Arby Avenue # 370, Las Vegas, NV 89118 ("Arby"); with his eighth claim, Park seeks a declaration that he owns Arby; and his ninth claim (mislabeled "Eighth") alleges slander of title with respect to Arby based on the lis pendens Defendants filed against Arby.  FAC at 14-15.  However, even assuming Park was the rightful owner of Arby, he let the mortgage loan go into default in 2024, the lis pendens on Arby was set aside to facilitate a sale, and Arby has since been sold in foreclosure.  *See* FFCL at 14, ¶ 90; MSJ, Exs. B, C, and D at 28 (listing Arby as "Property was foreclosed").  This moots these three claims.

///

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773    Facsimile: (702) 792-9002

ACTIVE 717476711v1

**E.** **Park Failed to Oppose the Motion, and Thus Admits Its Merit**

26. Under EDCR 2.20, "[f]ailure of the opposing party to serve and file written opposition may be construed as an admission that the motion . . . is meritorious and a consent to granting the same." EDCR 2.20(e).

27. Park was duly served with the Motion, which was confirmed by his appearance at the hearing. However, Park failed to file an opposition to the Motion for Summary Judgment. The Court construes this failure as Park's admission that the Motion is meritorious and a consent to granting it.

WHEREFORE, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is GRANTED in favor of Defendants and against Plaintiff on all Plaintiff's claims.

WHEREFORE, IT IS FURTHER ORDERED that all Plaintiff's claims are DISMISSED with prejudice.

IT IS SO ORDERED

Dated this 14th day of January, 2026

732 F65 D12A 2241
Joe Hardy
District Court Judge

Submitted by:

**SEMENZA RICKARD LAW**

*/s/ Jarrod L. Rickard*
JARROD L. RICKARD, ESQ.
Nevada Bar No. 10203
KATIE L. CANNATA, ESQ.
Nevada Bar No. 14848
*Counsel for Defendants Hong Jun Eum and Soyeon Eum*

**BIRD, MARELLA, RHOW, LINCENBERG DROOKS & NESSIM, LLP**

*/s/ Christopher J. Lee*
CHRISTOPHER J. LEE, ESQ.*
*Admitted Pro Hac Vice*
*Co-Counsel for Defendants Hong Jun Eum and Soyeon Eum*

**GREENBERG TRAURIG, LLP**

*/s/ Akke Levin*
KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
AKKE LEVIN
Nevada Bar No. 09102
*Counsel for Defendants/Counterclaimants/ Third-Party Plaintiffs*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773    Facsimile: (702) 792-9002

8

ACTIVE 717476711v1

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Duke Park, Plaintiff(s) | CASE NO: A-24-889923-B |
| vs. | DEPT. NO.  Department 15 |
| Lee Ahn, Defendant(s) | |

**AUTOMATED CERTIFICATE OF SERVICE**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order Granting Motion was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 1/14/2026

| | |
|---|---|
| Kelly Easton | kellye@sylvesterpolednak.com |
| Jarrod Rickard | jlr@semenzarickard.com |
| Olivia Kelly | oak@semenzarickard.com |
| Kara Hendricks | hendricksk@gtlaw.com |
| LVGT docketing | lvlitdock@gtlaw.com |
| Annette Jaramillo | Annette.Jaramillo@wbd-us.com |
| Angie Barreras | alb@semenzarickard.com |
| Andrea Flintz | flintza@gtlaw.com |
| Ogonna Brown | ogonna.brown@wbd-us.com |
| Katie Cannata | klc@semenzarickard.com |
| Evelyn Gaddi | escobargaddie@gtlaw.com |

Jason Lather                           attyjasonlather@gmail.com

Allyson Johnson, Esq.                  Allyson@SylvesterPolednak.com

Kim Lopez                              kim.lopez@wbd-us.com

Akke Levin                             akke.levin@gtlaw.com

Trent Earl                             Trent.Earl@wbd-us.com

Christopher Lee                        clee@birdmarella.com

Jessica Kinsey                         jkinsey@birdmarella.com

Kathy Yi                               kathyyilv@yahoo.com

Kathy Yi                               kathyyilv@yahoo.com

Matthew Knepper, Esq.                  mknepper@nvbankruptcyattorneys.com

Lucille Chiusano                       lu@nvbankruptcyattorneys.com

Christine Fox                          christine.fox@wbd-us.com

Graham Waring                          graham@nvbankruptcyattorneys.com

Hilari Alberto                         hilari.alberto@gtlaw.com

Kimara Garbutt                         Kimara.Garbutt@wbd-us.com

Brenden Gougeon, Esq.                  bgougeon@nvbankruptcyattorneys.com

Brian Gordon, CPA, Principal           bgordon@appliedanalysis.com

Envision Solutions                     mycase@envision.legal

Zaydcc Stcmmons                        Zaydcc.Stcmmons@wbd-us.com

Emma Fowler                            emma.fowler@wbd-us.com